UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ROBERT BESEDIN, SR.,                                          **DOCKET NO.: CV-18-819**

                Plaintiff,

      -against-


                                                       **COMPLAINT**
COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER STEPHEN
BECKWITH AND POLICE OFFICER JOHN
MANTOVANI in their individual and official capacities,

                Defendants.                              ***JURY TRIAL DEMANDED***
--------------------------------------------------------------X

        Plaintiff, ROBERT BESEDIN, SR., by and through his attorneys, THE LAW OFFICES

OF FREDERICK K. BREWINGTON, as and for his Complaint against the Defendants herein,

states and alleges as follows:

### PRELIMINARY STATEMENT

        1.      This is a civil action seeking monetary relief, a declaratory judgment, compensatory

and punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights, false

arrest, wrongful imprisonment, abuse of process, assault, battery, unreasonable use of force,

excessive force, failure to intervene, denial of access to courts, fabrication of evidence, intentional

infliction of emotional distress, negligence and gross negligence, brought pursuant to 42 U.S.C. §

1983, the 4th, 5th, 6th and 14th Amendments to the United States Constitution and New York State

Law and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

        2.      Plaintiff alleges that Defendant POLICE OFFICERS assaulted, battered, falsely

accused, falsely arrested, falsely imprisoned, and maliciously prosecuted ROBERT BESEDIN,

SR. all in violation of his constitutional and civil rights.

3.      Plaintiff alleges that Defendants NASSAU COUNTY, and Nassau COUNTY POLICE DEPARTMENT were negligent in training, hiring and supervising Defendant officers, thus leading to the unjustified excessive force, assault, false arrest, false imprisonment, malicious prosecution and other violations of ROBERT BESEDIN, SR.  Plaintiff alleges that the arrest was made in an attempt to justify the flagrantly improper and unjustified conduct of Defendant POLICE OFFICERS.

4.      Defendant POLICE OFFICERS without probable cause, justification or any reason except an intent to deprive Plaintiff of his rights, and their knowledge that their conduct has the tacit authorization of NASSAU COUNTY, and Nassau COUNTY POLICE DEPARTMENT, excessively beat, falsely charged, and falsely imprisoned Plaintiff in an effort to cover up their wrongdoing.   Said use of unjustified force upon Plaintiff deprived him of his civil and constitutional rights.

5.      Plaintiff alleges that NASSAU COUNTY, and Nassau COUNTY POLICE DEPARTMENT are liable for the assault, battery, excessive force, false arrest, and false imprisonment, because the NASSAU COUNTY, and Nassau COUNTY POLICE DEPARTMENT has abused, condoned, and permitted a pattern of abuse of process of arrested persons, and has failed to properly investigate such incidents and discipline the officers involved. As a result police officers including these Defendants (collectively and individually) were deliberately indifferent to the need to train Officers of the NASSAU COUNTY, and Nassau COUNTY POLICE DEPARTMENT. Police Officers, including these DEFENDANTS, are encouraged to believe that they could violate the rights of persons, such as the Plaintiff, with impunity, and that the Nassau COUNTY POLICE DEPARTMENT has, and will, continue to act in violation of an individual's rights, constituting through their actions and failures a policy and/or pattern.

2

6.      As a result of the Defendants' actions (or lack thereof), Plaintiff suffered physical pain and suffering, was caused to undergo medical treatment for serious physical injuries that he sustained at the hands of Defendants as a result of their use of excessive force and failure to provide medical attention to Plaintiff.  Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to: substantial legal fees, medical bills, loss of potential employment, serious physical injuries, and other cost/expenses.

## JURISDICTION AND VENUE

7.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1341 (3) & (4) and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

8.      Venue herein is proper under 28 U.S.C. § 1391(b); the cause of action arose in the Eastern District of New York, and upon information and belief, all of the parties reside in or are located in Nassau County.

9.      That prior hereto Plaintiff in conjunction with his State claims filed a Notice of Claim in compliance with General Municipal Law Section 50 et. seq.

10.      That more than 30 days have elapsed and Defendants have failed and refused to pay or adjust same.

## PARTIES

11.      Plaintiff ROBERT BESEDIN, SR. is and was at all times relevant herein is an adult citizen of the United States.

12.     That Defendant the NASSAU COUNTY (hereinafter referred to as "COUNTY") was and is a duly constituted municipal corporation of the State of New York existing and operating under and by the virtue of the laws of the State of New York.

13.     Defendant Nassau COUNTY POLICE DEPARTMENT (hereinafter "POLICE DEPARTMENT") is an agency of NASSAU COUNTY.

14.     That DEFENDANT POLICE OFFICERS STEPHEN BECKWITH AND JOHN MANTOVANI,  (hereinafter referred to as "DEFENDANT  OFFICERS"), were at all times herein mentioned police officers, employed by the COUNTY and POLICE DEPARTMENT under the direction of COUNTY and  POLICE DEPARTMENT, and DEFENDANT OFFICERS were acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the COUNTY and POLICE DEPARTMENT.

15.     Upon information and belief, that all times hereinafter mentioned, and at the time of the commencement of this action, the DEFENDANT OFFICERS were, and are, citizens and residents of the State of New York.

16.     That Defendant COUNTY was and is the employer of members of the POLICE DEPARTMENT.

17.     That DEFENDANT OFFICERS were state actors on February 7, 2017 and continued to be so thereafter.

18.     That on February 7, 2017, DEFENDANT OFFICERS were Nassau COUNTY Police Officers, employed by Defendant COUNTY,  and acted as agents of Defendant COUNTY.

19.     At all times relevant in this Complaint, and upon information and belief, DEFENDANT OFFICERS served as the complaining witnesses against Plaintiff in criminal

4

proceedings and served as the source of information to the District Attorney's Office, supplying allegations and claims against Mr. Besedin which were false.

## FACTUAL BACKGROUND

20.     Plaintiff is an White male and currently 73 years of age. At all times relevant to this Complaint Plaintiff was a resident of Nassau County.

21.     On or about February 7, 2017, at or about 7:10 p.m. in Baldwin, Nassau County, State of New York Plaintiff Besedin was peacefully and lawfully standing on the porch of his home speaking with officers who were not within his reach, when  DEFENDANT OFFICERS came up onto the porch and attacked Plaintiff.

22.     Plaintiff had recently spoken to the officers in his home as they apparently were responding to 911 calls previously made by Plaintiff.  Upon information and belief some or many of 911 calls were made by the Plaintiff's phone of which he was not fully aware that his phone had redialed the 911 number.  Upon exiting the home after speaking to Mr.  Besedin, Plaintiff remained on the porch of his home an the officers descended the approximately four steps to the ground level and continued to speak with Mr.  Besedin.

23.     While lawfully and peacefully talking to the Defendants, and without being disruptive to the public, Mr.  Besedin, Sr. was rushed by the POLICE OFFICER STEPHEN BECKWITH AND  POLICE OFFICER JOHN MANTOVANI who hurriedly climbed the steps and violently seized Plaintiff by his neck and upper body and threw him head first down the set of stairs.

24.     The officers, without cause, used unnecessary and unwarranted force and grabbed Mr.  Besedin, Sr. and in doing so grabbed Mr.  Besedin, Sr. about his body, including his neck and forcibly propelled the then 72 year old man downward with the full force of their bodies.

25.     Then the officers abused Mr.   Besedin, Sr. and  wrongfully and abusively handcuffed him. Although Mr.  Besedin, Sr. complied with the officers' request(s) the officers continued to abuse Mr.  Besedin, Sr.

26.     Plaintiff was  forcefully  and  brutally  slammed  and  thrown  to  the  ground, manhandled, kneed, cut and bruised as he was beaten by the aforementioned DEFENDANT OFFICERS to the point that he suffered scars to his head, back, elbows, wrists and legs.  He was slammed down against the steps causing his back and buttock to violently collide with the edge and angle of the steps.

27.     Based on surveillance video tape,  which captured accounts at the scene of the incident at the time, Mr.   Besedin, Sr. was approached by the above-stated DEFENDANT OFFICERS as stated above and was victimized by the DEFENDANT OFFICERS.

28.     POLICE  OFFICER  STEPHEN  BECKWITH  AND   POLICE  OFFICER  JOHN MANTOVANI wrote and gave false  statements and testimony; provided false police reports, tampered with evidence, fabricated evidence, intimidated Mr.  Besedin, Sr., falsely arrested Mr. Besedin, Sr., falsely accused Mr.  Besedin, Sr. of crimes which he did not commit, falsely prosecuted Mr. Besedin, Sr., subjected Mr.  Besedin, Sr. to a malicious abuse of criminal process, abused process, wrote and submitted false investigation/reports, and/or provided false information in furtherance of an official investigation into the incident.

29.     DEFENDANT OFFICERS then, without cause or justifiable basis, charged Plaintiff with several crimes including Felony Assault in the Second Degree on a Police officer, Resisting Arrest and Harassment in the Second Degree.

30.     Mr. Besedin was falsely charged and DEFENDANTS continued to be falsely, abusively and maliciously prosecute Mr. Besedin for nearly a year until all charges were dismissed on January 29, 2018 after Mr. Besedin refused to allow the Office of the Nassau County District

Attorney any further adjournments.

31.     At all times, DEFENDANT OFFICERS were aware that Plaintiff committed no crimes and that their charges were false.  Mr. Besedin suffered severe and serious injuries as a direct result of the beating, use of unreasonable force and excessive force by DEFENDANT OFFICERS.

32.     At all times, Defendant police officers POLICE OFFICER STEPHEN BECKWITH AND  POLICE OFFICER JOHN MANTOVANI were aware that Mr. Besedin, Sr.  committed no crimes and that their charges were false and manufactured to coverup the brutal and senseless actions of POLICE OFFICER STEPHEN BECKWITH AND POLICE OFFICER JOHN MANTOVANI. Thereafter, Mr. Besedin, Sr. was brought to the police Precinct.   After Mr. Besedin, Sr.  began to complain about the abuse to which he was subjected he was further abused verbally.

33.     Mr. Besedin, Sr. sustained multiple injuries including, but not limited to lacerations and cuts, mental anguish, bleeding, being subjected to the Criminal Justice system,  being jailed, suffering a concussion, hitting his head, being knocked unconscious, lacerations and cuts, injury to his left elbow and arms, injury to his wrists, injury to his shoulders, injury to his back and being manhandled during his unlawful abuse, scarring, loss of blood, physical pain, embarrassment, mental pain and suffering, incarceration, damage to his name and reputation, court fees, legal fees and costs, medical costs/fees, property damage and other monetary damages due to the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER STEPHEN BECKWITH AND POLICE OFFICER JOHN MANTOVANI's violation of his various rights, and other monetary damages due to the NASSAU COUNTY and NASSAU POLICE DEPARTMENT's violation of his various rights.

34.     Then in a course of retaliation and abuse, Mr. Besedin, Sr., was issued a series of

parking tickets and violations for parking his vehicle in the front of his own home as he had done for a long period of time before February 7, 2017. Mr. Besedin, Sr. suffered severe injuries as described above.

35.     Plaintiff was forced to answer false charges and at arraignment was further deprived of his freedom and had bail in the amount of $5,000 cash over $10,000 bond was set against him.  As a result of the false and wrongful charges Mr. Besedin was detained in the Nassau County Correction Center for approximately three days before he could pay his bail and secure his liberty.

36.     Just prior to the time of the filing of this Complaint Plaintiff remained obligated to appear in Court to answer the charges which had been leveled against him by Defendants; including but not limited to DEFENDANT POLICE OFFICER STEPHEN BECKWITH AND POLICE OFFICER JOHN MANTOVANI each of whom have actively engaged in falsely charging and prosecuting the Plaintiff.

37.     DEFENDANT OFFICERS lodged false and malicious charges against Plaintiff, and wrongfully and improperly arrested Plaintiff without probable cause in an attempt to justify and cover up their own wrongful and violative actions. Each of the DEFENDANT OFFICERS have engaged in the preparation of false and misleading reports and documents intended to further the prosecution of Plaintiff, and to cause Mr. Besedin, Sr.  further injury and distress following his abusive and violent treatment and beating.

38.     The Defendant Officers POLICE OFFICER STEPHEN BECKWITH AND POLICE OFFICER JOHN MANTOVANI filed a Felony Complaint and two District Court Informations under oath and falsely alleged that Mr. Besedin slapped the out stretched hand of Defendant Beckwith while Defendant Beckwith was giving Mr. Besedin orders to back away from

8

the Defendant Officers. They also falsely alleged that Mr. Besedin violently flailed his arms, kicked, screamed and pushed Defendant Mantovani down four steps and that Mr. Besedin refused to comply with lawful orders.

39.     Each of the three charging documents (Felony Complaint and two District Court Informations) were dated February 8, 2017 and were sworn documents which contained the statement "***Any false statement made herein is punishable as a class A misdemeanor, pursuant to Section 210.45 fo the penal law***." (Emphasis added)

40.     Rather than admit their wrongful actions and avoid perjury and making false statements, Defendant Officers colluded and conspired to violating Penal Law §120.05(03) (Felony Assault in the Second Degree conduct); §205.30 (Resisting Arrest); and §240.26(01) (Harassment in the Second Degree.)  The commencement of the criminal proceeding was an abuse of the use of legal process and intended to mask the clear violations suffered by Mr. Besedin, Sr. at the hands of the Defendant Officers.

41.     Although Plaintiff was made to suffer serious injuries on February 7, 2017, which required intensive and specialized medical treatment. Mr. Besedin pleaded not guilty to all charges and has maintained his innocence to the charges.

42.     At no time during the attack on Plaintiff by DEFENDANT OFFICERS did Plaintiff resist or provide any form of force or resistance against any of the DEFENDANT POLICE OFFICERS that were attacking him.

43.     On said date, although the Plaintiff had committed no crime or broken any law for which he was charged, exhibited no assaultive behavior, said DEFENDANT OFFICERS engaged in the aforementioned prohibited conduct all in violation of the Plaintiff's constitutionally protected rights.

44.     DEFENDANT OFFICERS conspired and concocted the trumped up allegations of wrongdoing on the part of Plaintiff, wherein they accused Plaintiff of Harassment, Resisting Arrest and Felony Assault.

45.     DEFENDANT OFFICERS detained and arrested the Plaintiff, although no probable cause existed for said arrest. Despite the obvious violations occurring against Mr. Besedin, none of the DEFENDANT OFFICERS intervened to prevent the wrongful beating, abuse and mistreatment of Plaintiff including the filing of false criminal charges against him.

46.     DEFENDANT OFFICERS, with no provocation, handcuffed and brutally beat Plaintiff with their hands, feet, knees and fists as well subjecting him to use of hurling him down steps, slamming him against the ground and steps, causing severe physical and emotional injuries to Plaintiff's person.

47.     Plaintiff, ROBERT BESEDIN, SR., continues to suffer emotionally and physically, often coping with sleeplessness and night terrors, which affects his ability to function as he did before the incident.

48.     Plaintiff, ROBERT BESEDIN, SR., continues to suffer from physical disfigurement, scarring, abnormalities in movement, pain and aching as a result of Defendants', individually and collectively, actions and failures to act.

### AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983
### FALSE ARREST, MALICIOUS PROSECUTION, UNREASONABLE AND
### EXCESSIVE USE OF FORCE

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 48 of this Complaint with the same force and effect as though fully set forth herein.

50.     On or about February 7, 2017, Plaintiff was placed in fear of his life, falsely seized, falsely detained and falsely arrested by DEFENDANTS and subjected to excessive and unreasonable use of force and unlawful search and seizure.

51.     On or about February 7, 2017, Plaintiff was placed in fear of his life, falsely arrested, falsely seized, detained, and held for an unreasonable period of time against his will without justification, explanation or rationale for such detention.

52.     On or about February 7, 2017, while being detained, Plaintiff was subject to excessive and unreasonable use of force, which was demeaning in nature.

53.     On or about February 7, 2017, while being detained, DEFENDANT OFFICERS beat Plaintiff about his body and head, subjected him to loss of consciousness, loss of blood, fear, permanent scarring, loss of function, loss of freedom, loss of use of body parts and other serious injuries, which they knew would be a likely outcome of their action and were indeed the outcomes and injuries that DEFENDANT OFFICERS caused.

54.     On or about February 7, 2017, while being detained, DEFENDANT OFFICERS kicked, punched, and otherwise subjected Plaintiff to excessive and unreasonable use of force which caused loss of consciousness, concussion, post concussion syndrome,  permanent scarring, loss of blood, physical pain, headaches, neurological deficits, prolonged pain, medical treatment, embarrassment, mental pain and suffering, incarceration, damage to name and reputation, court fees, legal fees and costs, medical costs/fees, and other monetary damages. As a result of the DEFENDANT OFFICERS' actions Plaintiff suffered and continues to suffer.

55.     Upon information and belief such seizure, arrest and detention was ordered and was carried out by DEFENDANT COUNTY, DEFENDANT POLICE DEPARTMENT and DEFENDANT OFFICERS.

56.     DEFENDANT OFFICERS from DEFENDANT POLICE DEPARTMENT, were present on February 7, 2017 in or around the vicinity of  2510 Harrison Avenue in Baldwin, Nassau County, State of New York and participated in the unlawful detention, arrest, and beating of Plaintiff.

57.     DEFENDANT OFFICERS from the Nassau COUNTY Police Department failed to take any action to prevent this unlawful behavior by the DEFENDANT OFFICERS.

58.     Upon information and belief, such seizure, arrest, detention, and assault was ordered, condoned and authorized by the COUNTY DEFENDANTS and DEFENDANT OFFICERS, with a callous, deliberate indifference to Plaintiff's known constitutional rights.

59.     Upon information and belief, each DEFENDANT OFFICER took an active role in creating and manufacturing the allegations made against Plaintiff.

60.     As part of the false arrest, detention, and accusations, DEFENDANT OFFICERS caused Plaintiff to be seized, arrested, forced to get medical treatment and held in a dangerous, compromising position for an unreasonable time without, probable cause and caused him to be deprived of his liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

61.     The DEFENDANT OFFICERS individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that they were not in possession of any evidence consistent with and sufficient to establish his guilt and were based solely, or in part, on DEFENDANTS' discriminatory and violative actions due to his race and color.

62.     Each of the DEFENDANTS, acting under color of law, acted separately and in concert and without authorization of law. Each of the DEFENDANTS, separately and in concert with each other, acted willfully, knowingly and purposefully with the specific intent to deprive

Plaintiff of his right to freedom from excessive force, illegal seizure of his person, freedom from illegal detention, and imprisonment.  All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment, as well as the Equal Protection clause of the Fourteenth Amendment and by 42 U.S.C. § 1983.  In addition, Plaintiff was denied access to an attorney at the time of his wrongful and abusive punishment and was subjected to summary punishment without providing any of the rights to which he was entitled including right to counsel.

63.     None of the Defendants took action to prevent the wrongful actions taken against the Plaintiff  causing false criminal proceedings to continue against the Plaintiff, abuse of process and retaliation for trying to exercise her right to speak on a matter of public speech.

64.     Each of the Defendants condoned the wrongful, grossly negligent, reckless, callous, careless and intentional acts taken as set out herein and each had an affirmative responsibility to prevent, expose and reverse said wrongful, grossly negligent, reckless, callous, careless and intentional acts but instead furthered and condoned said wrongful acts.

65.     COUNTY and DEPARTMENT through their actions, violated the due process rights guaranteed to Mr. Besedin under the Fourteenth Amendment of the United States Constitution.

66.     In falsely arresting, falsely imprisoning, abusing, detaining, coercing, threatening, intimidating and falsely charging Plaintiff, and denying Plaintiff his right to be free from unreasonable search and seizure from the DEFENDANTS, and each of them, knew or should have known they were violating laws of the State of New York and those statutory and constitutional rights set forth herein causing harm to Plaintiff.

67.     As a direct and proximate result of the aforesaid acts of the DEFENDANTS, Plaintiff suffered great physical harm, property damage, mental anguish and violations of rights from then until now and he will continue to so suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

68.     Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing his name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

69.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to his family, was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A SECOND COUNT
## 42 U.S.C. §1983 - ABUSE OF PROCESS

70.     The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 69 of this Complaint with the same force and effect as though fully set forth herein.

71.     The Collective Defendants intentionally, recklessly and maliciously filed and/or caused to be filed, a false, inaccurate, and/or misleading criminal complaint against Plaintiff ROBERT BESEDIN, SR. Said criminal complaint was made by the aforementioned Defendants without research and investigation (of any kind) into the veracity and/or truthfulness of said complaint.

14

72.    The false criminal complaint lodged by Defendants against ROBERT BESEDIN, SR. was done with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

73.    Defendants POLICE OFFICER STEPHEN BECKWITH AND  POLICE OFFICER JOHN MANTOVANI did not file said criminal complaint as a result of actual knowledge that a crime was committed, determined through investigation and/or a simple rudimentary search, which was available to Defendants.

74.    Instead, Defendants POLICE OFFICER STEPHEN BECKWITH AND  POLICE OFFICER JOHN MANTOVANI filed said false criminal complaint against Plaintiff ROBERT BESEDIN, SR. with an ulterior purpose/motive to subject Plaintiff as punishment without lawful court order and to collect payment and various forms of restitutions from Plaintiff to which Defendants were not entitled.

75.    Defendants subjected Plaintiff to the criminal justice system without just cause or reason. DEFENDANTS abused the criminal justice system in arresting, charging, prosecuting and conducting a public trial in attempt to satisfy their personal attempt to satisfy their personal goals and their own warped sense of power.

76.    COUNTY and DEPARTMENT's motive for subjecting Plaintiff ROBERT BESEDIN, SR. to false criminal process included but was not limited to a cover-up of their wrong doings, and to level their charges against Plaintiff in an effort to ensure that Plaintiff would be convicted and would not be able to pursue hisr rights in court for her false arrest. Defendants also intended to cripple Plaintiff financially by forcing his into submitting to restitution payments, and courts fees/fines - not because they knew or believed that Plaintiff committed any criminal acts.

15

77.     The Defendants' clear intentions was to use the criminal justice system to cause harm to Plaintiffs without proper motive, excuse or justification of any kind.

78.     Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiffs solely for a purpose that was/is outside the legitimate ends of the legal process.

79.     Defendants COUNTY, POLICE OFFICER STEPHEN BECKWITH, POLICE OFFICER JOHN MANTOVANI and DEPARTMENT , with knowledge of the inaccuracy and/or falsity of said criminal complaints made by Defendants POLICE OFFICER STEPHEN BECKWITH AND   POLICE OFFICER JOHN MANTOVANI, and without any investigation and/or rudimentary query, intentionally, recklessly and maliciously caused to be filed, said false, inaccurate, and/or misleading criminal complaint against Plaintiff ROBERT BESEDIN, SR.

80.     The subsequent false arrest and malicious prosecution of Plaintiff ROBERT BESEDIN, SR. was done by Defendants COUNTY, DEPARTMENT, POLICE OFFICER STEPHEN BECKWITH AND   POLICE OFFICER JOHN MANTOVANI with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

81.     Defendant POLICE OFFICER STEPHEN BECKWITH AND  POLICE OFFICER JOHN MANTOVANI did not initiate the arrest and prosecution of Plaintiff as a result actual knowledge that a crime was committed.

82.     Instead, Defendant Officers searched, seized, harassed, annoyed, falsely arrested, falsely imprisoned, and maliciously prosecuted Plaintiff with an ulterior purpose/motive to collect payments, and fees. Defendants were motivated by the intent to subject Plaintiff to the criminal system in order to force, coerce and justify restitutions, payments and fees from Plaintiff and to shield themselves from liability from the wrongful actions committed against Plaintiff.

83.     Defendants' COUNTY, DEPARTMENT, POLICE OFFICER STEPHEN BECKWITH AND POLICE OFFICER JOHN MANTOVANI, clear intention was to falsely arrest, and falsely prosecute Plaintiff ROBERT BESEDIN, SR. and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

84.     Defendants COUNTY, DEPARTMENT, POLICE OFFICER STEPHEN BECKWITH AND POLICE OFFICER JOHN MANTOVANI's , use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process (i.e. to prevent criminal and professional liability to Defendants and to obtain personal monetary returns).

85.     As a direct consequence of the actions of POLICE OFFICER STEPHEN BECKWITH AND POLICE OFFICER JOHN MANTOVANI , acting in furtherance of their duties as agents of COUNTY and DEPARTMENT, ROBERT BESEDIN, SR. suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, loss of liberty and the infringement of his rights guaranteed to his under the U.S. Constitution.

86.     As a direct consequence of the of the actions of the Collective DEFENDANTS, ROBERT BESEDIN, SR. suffered temporary loss of employment, loss of standing in the community, loss of time, criminal record, loss of freedom, loss of quality of life, arrest record, premature retirement and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

87.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees, and any other relief this Court

may find just and proper.

## AS AND FOR A THIRD COUNT
## 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

88.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 87 of this Complaint with the same force and effect as though fully set forth herein.

89.     Prior to February 7, 2017 and since, the NASSAU COUNTY has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, abuse of authority, beatings, and uses of weapons by police officers of the NASSAU COUNTY POLICE DEPARTMENT. Although such beatings, abuse of authority, illegal use of force, and use of weapons were improper, the officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings, use of force, and uses of weapons were justified and proper. As a result, NASSAU COUNTY police officers within their jurisdiction were caused and encouraged to believe that civilian persons could be beaten or abused under circumstances not requiring the use of excessive force, and that such abuse and beatings would in fact be permitted by the DEFENDANT COUNTY.

90.     In addition to permitting a pattern and practice of improper beatings and abuses in DEFENDANT COUNTY and by DEFENDANT POLICE DEPARTMENT, DEFENDANTS have failed to maintain a proper system of investigation of all incidents of unjustified beatings, abuses of authority, and excessive use of force by police officers.

91.     DEFENDANT COUNTY has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully, beat, abuse authority, use excessive force, and abuse civilians, and DEFENDANT COUNTY has failed to find that civilian

18

complaints made against police officers are founded or valid in anyway. Therefore, DEFENDANT COUNTY is liable under 42 U.S.C. §1983 because the DEFENDANT COUNTY has had actual and/or constructive knowledge of the patterns of abuse and excessive force against citizens by its police officers, employees, and/or agents in violation of the United State Constitution, and because of the DEFENDANT COUNTY'S, and DEFENDANT POLICE DEPARTMENT's un-meaningful policy and custom for reviewing complaints of misconduct, the DEFENDANT OFFICERS relied upon that flawed policy to continue their patterns of their abusive authority, physical abuse, excessive force, and false arrests, all in violation of the Plaintiff's rights.

92.    DEFENDANTS COUNTY and POLICE DEPARTMENT have maintained a system of review of unjustified seizures, beatings, shootings, and excessive use of force by police officers that has failed to identify the improper abuses of authority, brutality by police officers and failed to subject officers who abused, beat and/or brutalized citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of the DEFENDANT COUNTY to tolerate the improper abuses of authority beatings, illegal arrests and other wrongful actions by police officers.

93.    Further, the DEFENDANT COUNTY and DEFENDANT POLICE DEPARTMENT, who maintain either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and retention of Defendant Officers. The DEFENDANT COUNTY and DEFENDANT POLICE DEPARTMENT also refused and failed to prosecute the DEFENDANT OFFICERS, thereby improperly and in violation of the Plaintiff's rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and neglected, failed, and/or delayed in presenting the matter to the District Attorney of the County of Nassau for presentation to the Grand Jury.

94. Upon information and belief, specific systemic flaws in the DEFENDANT COUNTY brutality review process include, but are not limited to, the following:

a. Preparing reports regarding investigations of beatings and abuse incidents as routine point-by-point justifications of police officer actions, regardless of whether such actions are justified;

b. Police officers investigating beatings systemically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c. Police officers investigating beatings fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d. Supervisory police officers at times issue public statements exonerating police officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the investigation of the incident by the police department has been completed;

e. Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

95. The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants COUNTY and POLICE DEPARTMENT caused the DEFENDANT OFFICERS to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

96. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, property damage, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

97.     As a direct and proximate result of the aforesaid acts of the DEFENDANTS, Plaintiff suffered great physical harm, mental anguish and violations of rights from then until now and he will continue to so suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

98.     Plaintiff was forced to incur great expense due to the filing of this complaint for attorney's fees, investigation expenses, and other expenses in clearing his name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

99.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.

## AND AS FOR A FOURTH COUNT
## 42 U.S.C. § 1983 - FAILURE TO INTERVENE

100.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 99 of this Complaint with the same force and effect as though fully set forth herein.

101.    DEFENDANT OFFICERS from Nassau County Police Department knew or should have known that the detainment, false arrest, wrongful imprisonment and excessive beating of ROBERT BESEDIN, SR. violated the Plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §1983.

102.    Each of the said DEFENDANTS had the authority, ability and concurrent duty under 42 U.S.C.§ 1983 to prevent the false arrest, wrongful detainment and excessive beating of

the Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.

103.    DEFENDANT OFFICERS from the DEFENDANT POLICE DEPARTMENT failed to stop these wrongful actions, which constitutes a breach of their duty to do so under 42 U.S.C. § 1983.

104.    DEFENDANT OFFICERS from the DEFENDANT POLICE DEPARTMENT knew or should have known that the fabricated accusations against, and physical beating of ROBERT BESEDIN, SR. were violative of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

105.    Said DEFENDANTS had and continued to have the power to prevent the continued due process violations against ROBERT BESEDIN, SR., yet they failed to prevent or dismiss the pending fabricated charges against the Plaintiff, or to protect the Plaintiff from the unwarranted and potential penalties of said charges.

106.    DEFENDANT COUNTY's exoneration of and refusal to discipline the DEFENDANT OFFICERS for their misconduct against ROBERT BESEDIN, SR. is neglectful of their duty to prevent the further violation of ROBERT BESEDIN, SR.'s right to compensation under 42 U.S.C. §1983 and the State Law claims, with such violation occurring as a result of said officers being improperly allowed to engage in their wrongful acts and essentially being cleared of any wrongdoing, despite substantial physical evidence to the contrary.

107.    As a direct and proximate result of the aforesaid acts of the DEFENDANTS, Plaintiff suffered great physical harm, mental anguish, property damage, and violations of rights from then until now and he will continue to so suffer in the future, having been greatly humiliated

22

and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

108.   Plaintiff was forced to incur great expense due to the filing of this complaint for attorney's fees, investigation expenses, and other expenses in clearing his name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

109.   That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers serious emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to his family, was deprived of his constitutional rights, and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

## AND AS FOR A FIFTH COUNT
## ASSAULT and BATTERY (PENDENT STATE CLAIM)

110.   That Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 109 of this Complaint, with the same force and effect as though fully set forth herein.

111.   During all times mentioned herein, the DEFENDANT OFFICERS engaged in the illegal conduct herein mentioned to the injury of Plaintiff ROBERT BESEDIN, SR. and deprived Plaintiff ROBERT BESEDIN, SR. of the rights, privileges and immunities secured to Plaintiff by the Fourth and Fourteenth Amendment of the Constitution of the United States, the laws of the United States and the laws of the State of New York, as pendant claims.

112.   That on said date DEFENDANT OFFICERS accosted Plaintiff, and brutally assaulted him without any justification, provocation or assaultive gestures on Plaintiff's part and despite the fact that the Plaintiff ROBERT BESEDIN, SR. had committed no crime or broken any

law, which he was charged with, DEFENDANT OFFICERS detained and arrested Plaintiff with no probable cause.

113.    The DEFENDANT OFFICERS visited unwanted, offensive and harmful physical contact upon the Plaintiff, with the intention of causing harm to Plaintiff.

114.    DEFENDANT OFFICERS, did cause physical injuries and harm to Plaintiff by punching and hitting him, kicking him, knocking him to the ground, and otherwise assaulting him with their hands.

115.    The Plaintiff did not in any way provoke or instigate such attacks, and did not create any threat of harm to the DEFENDANT OFFICERS.

116.    Although DEFENDANT OFFICERS acted contrary to the law, they continued their shocking and unjustified conduct by conspiring and contriving with each other on said criminal charges against Plaintiff and they placed Plaintiff in custody.

117.    Upon information and belief, said physical abuse and punishment were ordered by, carried out by, and condoned by DEFENDANT COUNTY its agents and employees, who were acting within the course or scope of their employment.

118.    That as a result of said beatings, slamming, kneeing, kicking, punches and other actions against Mr. Besedin   , the Plaintiff ROBERT BESEDIN, SR. sustained damages and injuries, including but not limited to, personal injuries to his body, property damage, violation of civil rights, loss of income, permanent damage to reputation and standing in the community, loss of comfort, support and companionship, extreme mental and emotional harm and stress, impairment of earning power and other injuries not yet fully ascertained.

119.    That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and exposed him to

24

disgrace, public humiliation and embarrassment, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

## AND AS FOR A SIXTH COUNT
## FALSE IMPRISONMENT (PENDENT STATE CLAIM)

120.    The Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 119 of this Complaint, with the same force and effect as though fully set forth herein.

121.    On or about the 7th day of February, 2017 in the County of Nassau, DEFENDANT OFFICERS maliciously and deliberately, with force and violence, detained and arrested Plaintiff without any probable or reasonable cause and without any warrant or other legal process. DEFENDANT OFFICERS thereupon maliciously with wanton and reckless disregard for his life, beat Plaintiff, and thereafter detained him for an unreasonable length of time against Plaintiff's will and without his consent.

122.    Plaintiff was detained for an unreasonable period of time as a result of said false arrest.

123.    That DEFENDANTS engaged in the above mentioned actions without probable cause in that they did not honestly, reasonably and in good faith believe Plaintiff to be guilty of any crimes.

124.    DEFENDANTS acted maliciously in arresting, detaining, battering, assaulting, and transporting Plaintiff, all against his will in that the DEFENDANTS desired to harm Plaintiff.

125.    As a result of the foregoing, Plaintiff has suffered injury to his good name and reputation and has suffered great mental and bodily distress during his false imprisonment and

afterwards, all to his damage.

126.   That as a result of said beatings, slamming, kneeing, kicking, punches and other actions against Mr. Besedin  , the Plaintiff ROBERT BESEDIN, SR. sustained damages and injuries, including but not limited to, personal injuries to his body, violation of civil rights, loss of income, permanent damage to reputation and standing in the community, loss of comfort, support and companionship, extreme mental and emotional harm and stress, impairment of earning power and other injuries not yet fully ascertained.

127.   That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and exposed him to disgrace, public humiliation and embarrassment, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

<u>AND AS FOR AN SEVENTH COUNT</u>
<u>FALSE ARREST (PENDENT STATE CLAIM)</u>

128.   Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 127 of this Complaint, with the same force and effect as though fully set forth herein.

129.   On or about the 7th day of February 2017 in the DEFENDANT COUNTY OF NASSAU, DEFENDANT OFFICERS intentionally, falsely, unlawfully and wrongfully, with force and without Plaintiff's consent and against his will, assaulted, battered, falsely arrested and falsely imprisoned Plaintiff by detaining Plaintiff and imprisoning him, and depriving him of his liberty for an unreasonable time.

130.    By reason of the above and in particular said false arrest, Plaintiff's reputation has been greatly injured and he has been brought into public scandal and disgrace. Plaintiff has been greatly hindered and prevented from following and transacting his affairs, and business and has suffered great emotional trauma and harm, all to his damage.

131.    That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers extreme emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and exposed him to disgrace, public humiliation, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

### AND AS FOR A EIGHTH COUNT
### ABUSE OF PROCESS (PENDENT STATE CLAIM)

132.    Plaintiff, repeats reiterates and realleges each and every allegation contained in paragraphs 1 through 131 of this Complaint, with the same force and effect as though fully set forth herein.

133.    DEFENDANTS' used their legal power and authority to commence and continue false criminal charges against Plaintiff in an attempt to gain benefit from doing so. DEFENDANTS sought and used the criminal process to cover up and seek protection from loss of employment, discipline and possible criminal prosecution by alleging that Plaintiff had engaged in criminal activity when they each knew and were well aware that he had not. Said acts were a violation of Federal Law and State Law in that Plaintiff's Fourth and Fourteenth Amendment Rights were violated as well as common law.

134.    DEFENDANTS' accusations and allegations against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to harass Plaintiff and were clearly the improper exercise of the police power, the resources of

government, as well as an abuse of process.

135.    That the false arrest, false imprisonment, assault, battery, excessive and unreasonable use of force, illegal transportation, and violation of Plaintiff's civil rights were brought about and caused by the actions of DEFENDANTS and that the same were a clear and intentional abuse of process causing Plaintiff severe damage.

136.    As a result of the foregoing, Plaintiff has suffered injury to his good name and reputation and has suffered great mental and bodily distress during his false imprisonment and afterwards, all to his damage.

137.    That as a result of said beatings, slamming, kneeing, kicking, punches and other actions against Mr. Besedin  , the Plaintiff ROBERT BESEDIN, SR. sustained damages and injuries, including but not limited to, personal injuries to his body, violation of civil rights, loss of income, permanent damage to reputation and standing in the community, loss of comfort, support and companionship, extreme mental and emotional harm and stress, impairment of earning power and other injuries not yet fully ascertained.

138.    That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and exposed him to disgrace, public humiliation and embarrassment was prevented from attending his work and business for a long time, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

## AND AS FOR AN NINTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (PENDENT STATE CLAIM)

139.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 138 of this Complaint with the same force and effect as though fully set forth herein.

140.   The DEFENDANT COUNTY and DEFENDANT OFFICERS acted outrageously for their above-stated roles in the wrongful stop, detainment, false arrest, prolonged captivity, intimidation and public humiliation of the Plaintiff, ROBERT BESEDIN, SR.

141.   Said emotional harm was exacerbated by the fabricated criminal charges against the Plaintiff, known by DEFENDANT COUNTY and DEFENDANT OFFICERS to be without basis. Yet DEFENDANTS prosecuted Plaintiff with the intention of causing extreme further harm, distress and duress to Plaintiff ROBERT BESEDIN, SR.

142.   The DEFENDANTS knew that their conduct would cause severe and extreme emotional harm to Plaintiff.

143.   DEFENDANT COUNTY and DEFENDANT OFFICERS, through their conduct, acts and omissions as set forth in the above pleaded allegations, acted outrageously and beyond the bounds of decency, for their above-stated, respective roles in: **(a)** the wrongful detainment, punching, kicking, stomping, mutilating, manhandling, false arrest, prolonged captivity, intimidation, and public humiliation of the Plaintiff, and **(b)** the concealment, cover-up, and failure to redress the wrongs done to Plaintiff.

144.   The DEFENDANT COUNTY and DEFENDANT OFFICERS, committed the above stated reprehensible, extreme and outrageous actions against Plaintiff, with full knowledge that their conduct could cause severe and extreme emotional harm to Plaintiff and to other close family members that were present in to view said conduct.

145.   Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiff Besedin was debilitated, terrified, humiliated, and caused to suffer fear for his life. As a result of the foregoing, Plaintiff has suffered injury to his good name and reputation and has suffered great mental and bodily distress during his false imprisonment and afterwards, all to his damage.

146.    That as a result of said beatings, slamming, kneeing, kicking, punches and other actions against Mr. Besedin, the Plaintiff ROBERT BESEDIN, SR. sustained damages and injuries, including but not limited to, personal injuries to his body, violation of civil rights, loss of income, permanent damage to reputation and standing in the community, loss of comfort, support and companionship, extreme mental and emotional harm and stress, impairment of earning power and other injuries not yet fully ascertained.

147.    That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers extreme emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and exposed him to disgrace, public humiliation and embarrassment was prevented from attending his work and business for a long time, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

### AND AS FOR A TENTH COUNT
### NEGLIGENCE (PENDENT STATE CLAIM)

148.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 147 of this Complaint with the same force and effect as though fully set forth herein.

149.    DEFENDANT COUNTY and DEFENDANT OFFICERS had a duty under 42 U.S.C. §1983, as well as under the Fourth, Fifth, Sixth and Fourteenth Amendments, and under New York State Law and their own rules and regulations, to prevent and cease the abusive treatment, beating, wrongful detainment, false arrest, false imprisonment, malicious and false charging and prosecuting, as well as a duty to investigate, supervise and discipline DEFENDANT OFFICERS and prevent other wrongful acts that were committed against Plaintiff ROBERT BESEDIN, SR.

150.    In actively inflicting harm and failing to prevent the above stated abuses incurred by ROBERT BESEDIN, SR., all of the DEFENDANTS acted unreasonably, recklessly, and

negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure, detained custody and arrest without access to counsel, Miranda warnings, and other due process violations.  Said rights are guaranteed to the Plaintiff by 42 U.S.C. §1983 and by the Fourth, Fifth, and Fourteenth Amendments of the Constitution.

151.   The breach of duty under each of the statutes, rules and regulations which formed the duty due to Plaintiff by DEFENDANT COUNTY and DEFENDANT OFFICERS was a direct and proximate cause of the harm suffered by Plaintiff ROBERT BESEDIN, SR. Said harm includes physical harm, pain and suffering, which continues to this day, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which he incurred.

152.   That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers extreme emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and exposed him to disgrace, public humiliation and embarrassment was prevented from attending his work and business for a long time, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE,** the Plaintiff demands judgment against the DEFENDANTS:

a)   On the First Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

b)   On the Second Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

c)   On the Third Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

d)   On the Fourth Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

e)   On the Fifth Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

f)   On the Sixth Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

g)   On the Seventh Cause of Action in the sum of Five Million ($5,000,000.00)

Dollars;

h)   On the Eighth Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

i)   On the Ninth Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

j)   On the Tenth Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

k)   Punitive damages in the sum of Ten Million ($10,000,000.00) Dollars;

l)   Declaratory Judgment that defendants willfully violated Plaintiffs' rights secured by federal and state law as alleged herein;

m)   Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin DEFENDANTS from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

n)   Award such other and further relief as this Court may deem appropriate, including costs and attorney's fees, pursuant to 42 U.S.C. §1988.

**A JURY TRIAL IS HEREBY DEMANDED**.

Dated: Hempstead, New York
        February 6, 2018

                           LAW OFFICES OF
                           FREDERICK K. BREWINGTON

               By:    */S/ Frederick K. Brewington*
                           FREDERICK K. BREWINGTON
                           *Attorneys for Plaintiff*
                           556 Peninsula Boulevard
                           Nassau, New York 11550
                           (516) 489-6959