UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERT BESEDIN, SR.,

                 Plaintiff,                          18-CV-00819 (JMA)(GRB)

    -against-

                                                  **ANSWER**

COUNTY OF NASSAU, THE NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
STEPHEN BECKWITH AND POLICE OFFICER
JOHN MANTOVANI in their individual and
official capacities,

                 Defendants.
---------------------------------------------------------------X

       Defendants, County of Nassau, the Nassau County Police Department, Nassau County

Police Officer Stephen Beckwith and Nassau County Police Officer John Mantovani, by their

attorney, Jared A. Kasschau, Nassau County Attorney, by Ralph J. Reissman, Deputy County

Attorney, as and for their Answer to the Complaint of plaintiff Robert Besedin, Sr. ("plaintiff")

filed February 7, 2018 [DE 1], state upon information and belief as follows:

       **AS AND FOR A RESPONSE TO "PRELIMINARY STATEMENT"**

    1.     Deny the allegations set forth in paragraph 1.

    2.     Deny the allegations set forth in paragraph 2.

    3.     Deny the allegations set forth in paragraph 3.

    4.     Deny the allegations set forth in paragraph 4.

    5.     Deny the allegations set forth in paragraph 5.

    6.     Deny the allegations set forth in paragraph 6.

## AS AND FOR A RESPONSE TO "JURISDICTION AND VENUE"

7.    Paragraph 7 contains what purports to be federal question jurisdiction and pendent jurisdiction and, as such, requires no answer by defendants.  Defendants respectfully refer the Court to the statutes cited in paragraph 7 for their true text and legal import.

8.    Paragraph 8 contains what purports to be venue and, as such, requires no answer by defendants.  Defendants respectfully refer the Court to the statutes cited in paragraph 8 for their true text and legal import.

9.    Deny the allegations set forth in paragraph 9, and respectfully refer the Court to the documents and statues cited therein for their true text and import.

10.    Deny the allegations set forth in paragraph 10 insofar as they refer to the allegations set forth in paragraph 9, and respectfully refer the Court to the documents and statutes cited in paragraph 9 for their true text and import.

## AS AND FOR A RESPONSE TO "PARTIES"

11.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11.

12.    Admit the allegations set forth in paragraph 12.

13.    Admit the allegations set forth in paragraph 13

14.    Deny the allegations set forth in paragraph 14, except admit that defendants Stephen Beckwith and John Mantovani are employed by the Nassau County Police Department; that they acted at all times relevant to the Complaint within the scope of such employment; and aver that since this paragraph fails to specify any "statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or County," no response thereto is required from defendants.

15.    Admit the allegations set forth in paragraph 15.

16.     Admit the allegations set forth in paragraph 16.

17.     The allegations set forth in paragraph 17 call for a conclusion of law and, as such, require no response from defendants.

18.     Admit the allegations set forth in paragraph 18.

19.     Deny the allegations set forth in paragraph 19.

### AS AND FOR A RESPONSE TO "FACTUAL ALLEGATIONS"

20.     Deny the allegations set forth in paragraph 21.

21.     Since the allegations set forth in paragraph 22 call for a conclusion of law, no response is required from defendants.

22.     Deny the allegations set forth in paragraph 22.

23.     Deny the allegations set forth in paragraph 23.

24.     Deny the allegations set forth in paragraph 24.

25.     Deny the allegations set forth in paragraph 25.

26.     Deny the allegations set forth in paragraph 26.

27.     Deny the allegations set forth in paragraph 27.

28.     Deny the allegations set forth in paragraph 28.

29.     Deny the allegations set forth in paragraph 29.

30.     Deny the allegations set forth in paragraph 30.

31.     Deny the allegations set forth in paragraph 31.

32.     Deny the allegations set forth in paragraph 32.

33.     Deny the allegations set forth in paragraph 33.

34.     Deny the allegations set forth in paragraph 34.

35.     Deny the allegations set forth in paragraph 35.

36.    Deny the allegations set forth in paragraph 36.

37.    Deny the allegations set forth in paragraph 37.

38.    Deny the allegations set forth in paragraph 38.

39.    Deny the allegations set forth in paragraph 39, and respectfully refer the Court to the documents cited therein for their true text and legal import.

40.    Deny the allegations set forth in paragraph 40.

41.    Deny the allegations set forth in paragraph 41.

42.    Deny the allegations set forth in paragraph 42.

43.    Deny the allegations set forth in paragraph 43.

44.    Deny the allegations set forth in paragraph 44.

45.    Deny the allegations set forth in paragraph 45.

46.    Deny the allegations set forth in paragraph 46.

47.    Deny the allegations set forth in paragraph 47.

48.    Deny the allegations set forth in paragraph 48.

**AS AND FOR A RESPONSE TO "FIRST COUNT" – 42 U.S.C. § 1983 – FALSE ARREST MALICIOUS PROSECUTION, UNREASONABLE AND EXCESSIVE USE OF FORCE**

49.    In response to paragraph 49, defendants repeat and reallege each and every response to paragraphs 1 through and including paragraph 48 with the same force and effect as though fully set forth herein.

50.    Deny the allegations set forth in paragraph 50.

51.    Deny the allegations set forth in paragraph 51

52.    Deny the allegations set forth in paragraph 52.

53.    Deny the allegations set forth in paragraph 53.

54.    Deny the allegations set forth in paragraph 54.

55.    Deny the allegations set forth in paragraph 55.

56.    Deny the allegations set forth in paragraph 56.

57.    Deny the allegations set forth in paragraph 57.

58.    Deny the allegations set forth in paragraph 58.

59.    Deny the allegations set forth in paragraph 59.

60.    Deny the allegations set forth in paragraph 60.

61.    Deny the allegations set forth in paragraph 61.

62.    Deny the allegations set forth in paragraph 62.

63.    Deny the allegations set forth in paragraph 63.

64.    Deny the allegations set forth in paragraph 64.

65.    Deny the allegations set forth in paragraph 65.

66.    Deny the allegations set forth in paragraph 66.

67.    Deny the allegations set forth in paragraph 67.

68.    Deny the allegations set forth in paragraph 68.

69.    Deny the allegations set forth in paragraph 69.

### AS AND FOR A RESPONSE TO "SECOND COUNT"
### <u>42 U.S.C. § 1983 – ABUSE OF PROCESS</u>

70.    In response to paragraph 70, defendants repeat and reallege each and every response to paragraphs 1 through and including paragraph 69 with the same force and effect as though fully set forth herein.

71.    Deny the allegations set forth in paragraph 71.

72.    Deny the allegations set forth in paragraph 72.

73.    Deny the allegations set forth in paragraph 73.

74.    Deny the allegations set forth in paragraph 74.

75.    Deny the allegations set forth in paragraph 75.

76.    Deny the allegations set forth in paragraph 76.

77.    Deny the allegations set forth in paragraph 77.

78.    Deny the allegations set forth in paragraph 78.

79.    Deny the allegations set forth in paragraph 79.

80.    Deny the allegations set forth in paragraph 80.

81.    Deny the allegations set forth in paragraph 81.

82.    Deny the allegations set forth in paragraph 82.

83.    Deny the allegations set forth in paragraph 83.

84.    Deny the allegations set forth in paragraph 84.

85.    Deny the allegations set forth in paragraph 85.

86.    Deny the allegations set forth in paragraph 86.

87.    Deny the allegations set forth in paragraph 87.

## AS AND FOR A RESPONSE TO "THIRD COUNT"
## 42 U.S.C. § 1983 MUNICIPAL LIABILITY

88.    In response to paragraph 88, defendants repeat and reallege each and every response to paragraphs 1 through and including paragraph 87 with the same force and effect as though fully set forth herein.

89.    Deny the allegations set forth in paragraph 89.

90.    Deny the allegations set forth in paragraph 90.

91.    Deny the allegations set forth in paragraph 91.

92.    Deny the allegations set forth in paragraph 92.

93.    Deny the allegations set forth in paragraph 93.

94.    Deny the allegations set forth in paragraphs 94(a), 94(b), 94(c), 94(d) and 94(e.)

95.    Deny the allegations set forth in paragraph 95.

96.    Deny the allegations set forth in paragraph 96.

97.    Deny the allegations set forth in paragraph 97.

98.    Deny the allegations set forth in paragraph 98.

99.    Deny the allegations set forth in paragraph 99.

## AS AND FOR A RESPONSE TO "FOURTH COUNT"
## 42 U.S.C. § 1983 – FAILURE TO INTERVENE

100.   In response to paragraph 100, defendants repeat and reallege each and every response to paragraphs 1 through and including paragraph 99 with the same force and effect as though fully set forth herein.

101.   Deny the allegations set forth in paragraph 101.

102.   Deny the allegations set forth in paragraph 102.

103.   Deny the allegations set forth in paragraph 103.

104.   Deny the allegations set forth in paragraph 104.

105.   Deny the allegations set forth in paragraph 105.

106.   Deny the allegations set forth in paragraph 106.

107.   Deny the allegations set forth in paragraph 107.

108.   Deny the allegations set forth in paragraph 108.

109.   Deny the allegations set forth in paragraph 109.

## AS AND FOR A RESPONSE TO "FIFTH COUNT"
## ASSAULT AND BATTERY (PENDENT STATE CLAIM

110.   In response to paragraph 110, defendants repeat and reallege each and every response to paragraphs 1 through and including paragraph 109 with the same force and effect as though fully set forth herein.

111.  Deny the allegations set forth in paragraph 111.

112.  Deny the allegations set forth in paragraph 112.

113.  Deny the allegations set forth in paragraph 113.

114.  Deny the allegations set forth in paragraph 114.

115.  Deny the allegations set forth in paragraph 115.

116.  Deny the allegations set forth in paragraph 116.

117.  Deny the allegations set forth in paragraph 117.

118.  Deny the allegations set forth in paragraph 118.

119.  Deny the allegations set forth in paragraph 119.

### AS AND FOR A RESPONSE TO "SIXTH COUNT"
### FALSE IMPRISONMENT (PENDENT STATE CLAIM)

120.  In response to paragraph 120, defendants repeat and reallege each and every response to paragraphs 1 through and including paragraph 119 with the same force and effect as though fully set forth herein.

121.  Deny the allegations set forth in paragraph 121.

122.  Deny the allegations set forth in paragraph 122.

123.  Deny the allegations set forth in paragraph 123.

124.  Deny the allegations set forth in paragraph 124.

125.  Deny the allegations set forth in paragraph 125.

126.  Deny the allegations set forth in paragraph 126.

127.  Deny the allegations set forth in paragraph 127.

### AS AND FOR A RESPONSE TO "SEVENTH COUNT"
### FALSE ARREST (PENDENT STATE CLAIM)

128.   In response to paragraph 128, defendants repeat and reallege each and every response to paragraphs 1 through and including paragraph 127 with the same force and effect as though fully set forth herein.

129.   Deny the allegations set forth in paragraph 129.

130.   Deny the allegations set forth in paragraph 130.

131.   Deny the allegations set forth in paragraph 131.

## AS AND FOR A RESPONSE TO "EIGHTH COUNT"
## ABUSE OF PROCESS (PENDENT STATE CLAIM)

132.   In response to paragraph 132, defendants repeat and reallege each and every response to paragraphs 1 through and including paragraph 131 with the same force and effect as though fully set forth herein.

133.   Deny the allegations set forth in paragraph 133.

134.   Deny the allegations set forth in paragraph 134.

135.   Deny the allegations set forth in paragraph 135.

136.   Deny the allegations set forth in paragraph 136.

137.   Deny the allegations set forth in paragraph 137.

138.   Deny the allegations set forth in paragraph 138.

## AS AND FOR A RESPONSE TO "NINTH COUNT"
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (PENDENT STATE CLAIM)

139.   In response to paragraph 139, defendants repeat and reallege each and every response to paragraphs 1 through and including paragraph 138 with the same force and effect as though fully set forth herein.

140.   Deny the allegations set forth in paragraph 140.

141.   Deny the allegations set forth in paragraph 141.

142.  Deny the allegations set forth in paragraph 142.

143.  Deny the allegations set forth in paragraph 143.

144.  Deny the allegations set forth in paragraph 144.

145.  Deny the allegations set forth in paragraph 145.

146.  Deny the allegations set forth in paragraph 146.

147.  Deny the allegations set forth in paragraph 147.

## AS AND FOR A RESPONSE TO "TENTH COUNT"
## NEGLIGENCE (PENDENT STATE CLAIM)

148.  In response to paragraph 148, defendants repeat and reallege each and every response to paragraphs 1 through and including paragraph 147 with the same force and effect as though fully set forth

149.  Deny the allegations set forth in paragraph 149.

150.  Deny the allegations set forth in paragraph 150.

151.  Deny the allegations set forth in paragraph 151.

152.  Deny the allegations set forth in paragraph 152.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

153.  The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

154.  Plaintiff's constitutional rights have not been violated by defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

155.  Plaintiff's statutory rights have not been violated by defendants.

## AS A FOR A FOURTH AFFIRMATIVE DEFENSE

156.  At all applicable times herein, and at all times mentioned in the Complaint, defendant County of Nassau, its agencies, departments, officers, agents, servants and/or  employees,

including the Nassau County Police Department and the Nassau County District Attorney's Office, and their officers, agents, servants and/or employees, enjoyed, and continue to enjoy, a full, partial or qualified immunity from civil suit.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

157.   At all applicable times herein, and at all times mentioned in the Complaint, defendant County of Nassau, the Nassau County Attorney's Office, and defendants Stephen Beckwith and John Mantovani enjoyed, and continue to enjoy, a full, partial or qualified immunity from civil suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

158.   At all applicable times herein, and at all times mentioned in the Complaint, defendants Stephen Beckwith and John Mantovani acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

159.   At all applicable times herein, and at all times mentioned in the Complaint, the duties and functions of the County of Nassau's officials entailed the exercise of proper and lawful discretion.  Therefore the County of Nassau enjoys governmental immunity from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

160.   At all applicable times herein, and at all times mentioned in the Complaint,  the County of Nassau, the Nassau County Police Department, and their officers, agents, servants and/or employees having anything to do with plaintiff, including defendants Stephen Beckwith and John Mantovani, were acting in the performance of their respective duties as officers, agents, servants and/or employees of the County of Nassau and the Nassau County Police Department,

and as officers, agents, servants and/or employees of the State of New York; that all of the acts of each officer, agent, servant and/or employee of the County of Nassau and the Nassau County Police Department in connection with the plaintiff were performed in good faith, without malice, and with reasonable and proper care in the ordinary course of their duties as officers, agents, servants and/or employees of the County of Nassau, the Nassau County Police Department and the State of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

161.    Under the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) and its progeny, the alleged acts or omissions of County Defendants named in the Complaint, and/or any officers, agents, servants and/or employees of defendant County of Nassau, do not create vicarious liability against defendant County of Nassau pursuant to the doctrine of *respondeat superior* and, consequently, defendant County of Nassau cannot be liable for any acts or conduct of any individual defendant herein, and/or the acts or conduct of any agent, servant or employee of defendant County of Nassau with respect to any and all claims brought pursuant to 42 U.S.C. § 1983, as a matter of law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

162.    Punitive damages may not be recovered against defendant County of Nassau, its agencies and departments as a matter of law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

163.    Plaintiff has failed to mitigate his damages in this action.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

164.    Plaintiff has failed to comply with the requirements of New York General Municipal Law §§ 50-e, 50-h and/or 50-i.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

165.  Plaintiff has failed to comply with the requirements of New York County Law § 52.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

166.  The arrest of plaintiff was supported by probable cause.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

167.  The prosecution of plaintiff was supported by probable cause.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

168.  If plaintiff sustained damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligent and/or wrongful conduct of parties other than defendants, over whom said defendants exercised no control, without any negligent or wrongful conduct on the part of said defendants, their officials, agents, servants or employees contributing thereto.

**WHEREFORE,** defendants, County of Nassau, the Nassau County Police Department, Stephen Beckwith and John Mantovani, demand judgment dismissing the Complaint in its entirety, together with costs, disbursements and attorney's fees, together with all such other and further relief the Court deems just and proper .

Dated:  Mineola, New York
        July 2, 2018

                                        JARED A. KASSCHAU
                                        Nassau County Attorney
                                        Attorney for Defendants

                                        By: /s/ Ralph J. Reissman
                                            RALPH J. REISSMAN
                                            Deputy County Attorney
                                        1 West Street
                                        Mineola, New York 11501
                                        (516) 571-3046

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERT BESEDIN, SR.,

                    Plaintiff,                              18-CV-00819 (JMA)(GRB)

          -against-

COUNTY OF NASSAU, THE NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
STEPHEN BECKWITH AND POLICE OFFICER
JOHN MANTOVANI in their individual and
official capacities,

                    Defendants.
-------------------------------------------------------------X

---

## ANSWER

---

JARED A. KASSCHAU
Nassau County Attorney
Attorney for Defendants
RALPH J. REISSMAN
Deputy County Attorney
1 West Street
Mineola, New York 11501
(516) 571-3046