

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514 PHONE (516)334-4500 FAX (516)334-4501 WWW.SOKOLOFFSTERN.COM

MARK A. RADI
MRADI@SOKOLOFFSTERN.COM

September 27, 2021

<u>VIA ECF</u>
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Besedin v. County of Nassau,, et al.*
         Docket No. 18-CV-0819 (KAM)(ST)
         File No. 210099

Your Honor:

  I represent the defendants in this action and request a conference to discuss their anticipated motion to partially dismiss plaintiff's complaint under Fed. R. Civ. P. 12(c).

  On February 7, 2017, plaintiff called 911 approximately 33 times between 1:34 and 6:26 p.m. to complain about NCPD's investigation of an alleged crime that had occurred months earlier and request police assistance. Officers responded to plaintiff's house multiple times at his request; he refused to speak with them and sent them away but continued to call 911. During the series of calls, plaintiff became increasingly belligerent (and seemingly drunk), berated and insulted the operators, and used profanity. The Court may properly consider these calls as plaintiff references them in his complaint.

  Officers Beckwith and Mantovani ultimately responded to plaintiff's residence and spoke with him inside his home. The officers continued speaking with plaintiff after exiting his home. Plaintiff claims the officers then grabbed him and threw him down the porch steps for no reason. Plaintiff was arrested and charged with assault, harassment, and resisting arrest. The charges were ultimately dismissed. Plaintiff was subsequently issued several parking tickets.

  Plaintiff filed this action asserting a medley of federal and state law claims. Many of them are not applicable or supported by any factual allegations. Notably, plaintiff has conceded that his conspiracy, §§ 1981 and 1985, and intentional infliction of emotional distress (against the County) claims are inappropriate, and that NCPD is not a proper defendant. But plaintiff asserts various other claims that are not plausible and should be dismissed.

  Plaintiff has no false arrest/imprisonment/seizure of person claim as his allegations and the incorporated 911 calls demonstrate there was probable cause to arrest him. False arrest claims under federal and state law require plaintiff to allege, among other things, that his confinement

was not privileged.  Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003).  Probable cause is a complete defense.  Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).  It is well-settled that probable cause "does not require an awareness of a particular crime, but only that *some crime* may have been committed."  Shaheed v. City of New York, 287 F. Supp. 3d 438, 448 (S.D.N.Y. 2018) (emphasis added); Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007).  Review of plaintiff's repeated non-emergency, drunk 911 calls shows there was probable cause to arrest him for obstruction of governmental administration, harassment, and possibly other crimes warranting dismissal of this claim.  Even arguable probable cause entitled the defendant officers to qualified immunity.  Morales v. City of New York, 209 F. App'x 75, 76 (2d Cir. 2006).

Plaintiff's abuse of process claims fail because he does not allege improper use of the criminal process ***after*** he was charged.  Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994).  Rather, he bases the claim only on "the mere act of issuing process" which does not give rise to a claim.  Elek v. Inc. Vill. of Monroe, 2011 WL 4472027, at *7 (S.D.N.Y. 2011).

Plaintiff has no procedural or substantive due process claim.  Plaintiff availed himself of the criminal process and the charges were dismissed.  Probable cause to arrest also bars due process claims.  Harris v. Cty. of Nassau, 581 F. Supp. 2d 351, 357 (E.D.N.Y. 2008).  Also, it is well-settled that plaintiff's claims for false arrest, excessive force, etc. must be analyzed under the Fourth Amendment rather than under general notions of due process.  Albright v. Oliver, 510 U.S. 266, 273 (1994).

Plaintiff failed to state a plausible equal protection claim as he does not allege any facts suggesting he was treated differently from any similarly situated comparators based on race or any other impermissible considerations.  Miller v. Terrillion, 391 F. Supp. 3d 217, 224 (E.D.N.Y. 2019).  Nor does he allege any speech on a matter of public concern or other protected activity on which to base a First Amendment retaliation claim.  Curley v. Vill. of Suffern, 268 F.3d 65, 73 (2d Cir. 2001).  The Fifth Amendment applies only to federal actors.  Adams v. Annucci, 2020 WL 1489787, at *13 (S.D.N.Y. Mar. 27, 2020).  Plaintiff asserts a Sixth Amendment violation but alleges no facts implicating denial of the right to counsel or any other right under that Amendment.  There is also no § 1983 claim based on a failure to give Miranda warnings.  Paige v. City of New York, 2011 WL 3701923, at *3 (E.D.N.Y. Aug. 23, 2011).

As plaintiff alleges the direct involvement of both defendant officers in each of the alleged violations, the failure to intervene claim must be dismissed.  Figueroa v. Mazza, 59 F. Supp. 3d 481, 489-90 (E.D.N.Y. 2014).  All of plaintiff's claims allege intentional conduct making his negligence claims inappropriate.  Cabral v. City of New York, 2014 WL 4636433, at *12 (S.D.N.Y. Sept. 17, 2014); Oteri v. Vill. of Pelham, 100 A.D.3d 725, 726 (2d Dep't 2012).  Any negligent hiring/training/supervision claim must be dismissed because, among other things, plaintiff concedes defendants were, at all times, acting within the scope of their employment.  Velez v. City of New York, 730 F.3d 128, 136-37 (2d Cir. 2013).  Finally, plaintiff's claims against the officers in their official capacities are redundant of the claims against the County.  Thomas v. DuBois, 2020 WL 2092426, at *4 (S.D.N.Y. Apr. 30, 2020).

        Thank you for your consideration of this matter.

                                                        Very truly yours,

                                                        SOKOLOFF STERN LLP

                                                        MARK A. RADI

CC:

All counsel via ECF