

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516) 334-4500   FAX (516) 334-4501   WWW.SOKOLOFFSTERN.COM

MARK A. RADI
MRADI@SOKOLOFFSTERN.COM

November 2, 2021

V<small>IA</small> ECF
Hon. Steven Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        Re:    *Besedin v. County of Nassau,, et al.*
               Docket No. 18-CV-0819 (KAM)(ST)
               File No. 210099

Your Honor:

       I represent the defendants in this action. Pursuant to the Federal Rules of Civil Procedure, Local Civil Rules, and your Honor's Individual Practices, I request that the Court issue an order under Fed. R. Civ. P. 37 compelling plaintiff to 1) respond to defendants' outstanding discovery requests, 2) appear for a deposition, 3) submit to a physical/mental examination under Fed. R. Civ. P. 35, 4) pay defendants' reasonable fees and expenses associated with this motion, and 5) providing defendants with all other relief the Court deems appropriate. Alternatively, defendants request an extension or stay of discovery until all outstanding issues are resolved. I have made good faith attempts to resolve these issues with plaintiff's counsel, but the issues remain outstanding. As a result, depositions have not yet occurred.

       On or around August 11, 2021, defendants served upon plaintiff requests for the production of documents and interrogatories.[1] On October 4, 2021, plaintiff served responses to defendants' requests. (Ex. A.)

       On October 4, I advised counsel of various deficiencies with plaintiff's responses and requested supplementation. I also revised several requests to address objections plaintiff raised. (Ex. B.) Despite such deficiencies, I requested that counsel provide availability for plaintiff's deposition. On October 13, counsel for the parties participated in a telephone conversation to discuss the outstanding items. (Ex. C.) Unfortunately, a majority of the issues remain unresolved as counsel stated he was still evaluating various items and could not provide a definitive time by which additional discovery would be produced or even when he would be able to advise me of his position on the issues. Though counsel agreed to provide some responsive items, they have not yet been produced. I have reached out to counsel several times since in an attempt to continue discussions but was unsuccessful. With the December 31 discovery deadline looming, defendants feel compelled to seek judicial assistance to expedite resolution of these issues.

---

[1] On October 4, 2021, defendants also served requests for admission. Plaintiff's responses are to be served by November 3.

SOKOLOFF STERN LLP

Hon. Steven Tiscione
November 2, 2021
Page 2 of 4

First, plaintiff's initial disclosures (served in April 2019 before I came into this case) fail to provide a computation of damages claimed and the documents on which such computation is based as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). (Ex. D.) The Court should compel production of this information. Fed. R. Civ. P. 37(a)(3)(A), (c)(1).

Plaintiff failed to verify his interrogatory responses as required by Fed. R. Civ. P. 33(b)(5). Counsel claims plaintiff is being evaluated to determine whether he is competent to verify his responses and testify at deposition. Counsel has not yet advised me of plaintiff's status.

A number of plaintiff's interrogatory responses are deficient and/or incomplete. He failed to provide requested information for various categories of claimed damages (Int. Nos. 1, 2, 4, 5, 7.) Other interrogatory responses are incomplete or based on "information and belief" and require supplementation and/or verification (Int. Nos. 8-9, 13.) As plaintiff's alleged head injury and mental condition is a major disputed issue in this case, defendants requested authorizations for all medical providers who have evaluated or treated plaintiff for substance/alcohol abuse and all head and/or brain trauma/injuries, including but not limited to his motor vehicle accident and subsequent coma, all strokes, and heart attacks (Int. No. 11, Doc. Nos. 25-29, 56, 57.) Plaintiff has not provided this information. The Court should compel it. Fed. R. Civ. P. 37(a)(3)(B).

Plaintiff also failed to adequately respond to many document requests. He failed to provide documents supporting all claimed categories of damages such as lost income, financial losses, medical and legal expenses, physical/mental injuries, special damages, etc. (Doc. Nos. 18, 19, 21-23, 25-31, 34-38, 41-42, 61, 79.) While counsel agreed to provide some documentation, it has not yet ben produced. Other responses were incomplete or indicate they were not confirmed by plaintiff himself (Doc. Nos. 32-33, 46, 49-51, 70.) Plaintiff made numerous phone calls to the Nassau County Police Department on the date of his arrest but has not provided the requested phone records (Doc. No. 44.)

While plaintiff has produced a self-edited, secondhand cell phone recording of a surveillance video of the incident, he has not produced the original, unedited video from his surveillance system or any other video from that date (Doc. Nos. 52-54.) Clearly, such video is crucial to the parties' claims and defenses. The Court should order disclosure of this video and other documentary evidence. Fed. R. Civ. P. 37(a)(3)(B).

As one of only three witnesses to his arrest, plaintiff's testimony regarding the incident is critical. But plaintiff's counsel has refused to provide plaintiff's availability for his deposition claiming that his mental condition has significantly deteriorated and is being evaluated to determine whether he is competent to testify. Counsel, however, has not confirmed plaintiff's status either way or offered a suggestion on how to proceed with regard to this issue. Accordingly, the Court should compel plaintiff to appear for deposition. Fed. R. Civ. P. 37(d).

As plaintiff's alleged physical and mental injuries are a significant controversy and comprise a substantial portion of his claimed damages, defendants seek to compel plaintiff to

SOKOLOFF STERN LLP

Hon. Steven Tiscione
November 2, 2021
Page 3 of 4

submit to physical and mental examinations under Fed. R. Civ. P. 35(a). While I understand prior defense counsel declined to take plaintiff's physical examination in June 2020, circumstances have since changed. First, plaintiff's physical examination had originally been postponed due to the COVID-19 pandemic which is no longer an impediment to examination. And based on plaintiff's medical records as of June 2020, Dr. Reiser concluded that a physical examination was unnecessary.

Since that time, however, plaintiff's circumstances have significantly changed rendering any past waiver meaningless and now necessitating examination. According to plaintiff's counsel, plaintiff's physical and mental condition has greatly deteriorated over the past year-and-a-half, so much so, that he is being examined to determine whether he is fit to testify at deposition or even verify interrogatory responses. Also, plaintiff has sought additional medical care and treatment since June 2020. Dr. Reiser did not have the benefit of those additional medical records when he previously determined he did not need to examine plaintiff in person. Such significant change in plaintiff's condition constitutes good cause for ordering plaintiff to submit to examination especially since plaintiff will likely attempt to attribute the deterioration in his health to defendants' alleged actions and seek compensatory and punitive damages for it. Fed. R. Civ. P. 35(a)(2); see Ligotti v. Provident Life Ins. & Cas. Inc. Co., 857 F. Supp. 2d 307, 319 (W.D.N.Y. 2011) (finding good cause for examination established where plaintiff put medical condition in issue); Regan v. Trinity Distribution Servs., Inc., 251 F.R.D. 108, 111 (W.D.N.Y. 2008) (holding defendants did not waive examination of plaintiff's injuries that were "plainly and concededly relevant to the question of damages").

If counsel refuses to produce plaintiff for deposition based on incompetence, then plaintiff should be required to submit to a mental examination forthwith to evaluate such claim (with a reservation of rights to conduct further examination in the event plaintiff is ultimately deemed able to testify). Notably, defendants never waived a mental examination of plaintiff. If it is found that plaintiff can testify, then plaintiff's physical and mental exams should follow his deposition so Dr. Reiser has the benefit of plaintiff's own testimony when conducting his evaluation.

Accordingly, the Court should compel plaintiff to produce all outstanding discovery, appear for deposition, submit to physical and mental examinations, and award defendants fees and costs in connection with this motion. Fed. R. Civ. P. 37(a)(5).

Thank you for your consideration of this matter.

Very truly yours,

MARK A. RADI

SOKOLOFF STERN LLP

Hon. Steven Tiscione
November 2, 2021
Page 4 of 4

CC:

<u>Via ECF</u>
Frederick K. Brewington
Law Offices of Frederick K. Brewington
*Attorneys for plaintiff*
556 Peninsula Blvd.
Hempstead, New York 11550