# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

ROBERT BESEDIN, SR.,                                  DOCKET NO.: CV-18-819 **(KAM)(ST)**

                              Plaintiff,

                -against-

                                                      **PLAINTIFF'S RESPONSE
                                                      TO DEFENDANTS' FIRST SET
COUNTY OF NASSAU, NASSAU COUNTY                       OF INTERROGATORIES AND
POLICE DEPARTMENT, POLICE OFFICER                     DOCUMENT DEMANDS**
STEPHEN BECKWITH AND POLICE OFFICER JOHN
MANTOVANI in their individual and official capacities,

                              Defendants.
-----------------------------------------------------------------X

   **PLAINTIFF, ROBERT BESEDIN,** by and through his attorneys, the LAW OFFICES OF

FREDERICK K. BREWINGTON, as and for his response to Defendants' First Combined Set of

Interrogatories and Request for the Production of Documents, hereby sets forth and responds as

follows:

<div align="center"><u>**GENERAL OBJECTIONS**</u></div>

   Each request responded to is subject to the general objections set forth below.  These

objections and limitations form an unnecessary duplication throughout.  These general objections

may be referred to in response to a certain request for the purpose of clarity.  However, the failure

to specifically incorporate a general objection should not be construed as a waiver of the general

objection.

   1.  Plaintiff objects to the Interrogatory and/or Document Request to the extent that they

seek information not relevant to the issues raised in this matter and are not reasonably calculated

to lead to the discovery of admissible evidence.

2.     The Plaintiff objects to the Interrogatory and/or Document Request to the extent that they are vague, overly broad and unduly burdensome.

3.     The Plaintiff objects to the Interrogatory and/or Document Request because they are oppressive insofar as they render it impossible to respond in a reasonable amount of time.

4.     The Plaintiff objects to the Interrogatory and/or Document Request to the extent they seek disclosures of opinion or opinions, mental impressions, conclusions work product or legal theories of the Plaintiff, or his/her counsel or other representatives.

5.     The Plaintiff objects to the Interrogatory and/or Document Request being unduly burdensome and speculative in requiring Plaintiff to perform even the most rudimentary legal research for defendants.

6.     This information is based upon the available information at Defendants' disposal at the present time.  The Plaintiff is continuing to research for responsive documents and reserves the right to supplement, amend or correct these responses in the event that future discovery reveals facts that would justify such supplementation, amendment and correction.

7.     The Plaintiff objects to this question, these questions and the entire set of Interrogatories as same, with subpart, are in excess of the number allowed by the rules of this Court.

8.     Plaintiff reserves the right to object on any ground to the use of any of the responses to the Interrogatories or subject matter thereof in any subsequent proceeding, or at the trial of this action.

9.     Plaintiff reserves the right to object on any ground at any time to a request for further response to this or any other discovery procedures involving or relating to the subject matter of these responses.

2

## INTERROGATORIES

### Interrogatory No. 1

Identify every financial loss or expense (including, but not limited to, medical, legal, and other expenses) Plaintiff allegedly incurred as a result of the Defendants' alleged actions or omissions, including:

(a)    A description of its nature;

(b)    The amount;

(c)    The method for calculating the amount;

(d)    The date incurred; and

(e)    The amount of similar estimated future expenses or losses, if any.

### Response to Interrogatory No. 1

Plaintiff objects to this interrogatory pursuant to general objections 2 and 6. Notwithstanding those objections, Plaintiff's full financial losses are yet to be fully ascertained.  Defendants have caused Plaintiff significant economic loss due to the loss of his employment and wages, as well as damage to Plaintiff's reputation and standing in the community.   Plaintiff's wrongful arrest and false prosecution by Defendants forced Plaintiff to lose his business and be unable to perform the tasks he had been doing as a small business owner, causing loss of his regular income. These financial losses are cumulative and will be subject to a full computation and evaluation by an economist according to Plaintiff's past earnings, life expectancy, and projected earnings and expenses. This computation will be provided on a later date under separate cover.

Defendants' assault of Plaintiff has caused him to incur significant future expenses for medical and psychological treatment. The injuries inflicted by Defendants are permanent and

3

require current care and will require lifelong care. These expenses are ongoing and are yet to be fully ascertained, but will be set forth with specificity once a life plan is prepared as is expected from a an expert who has yet to be retained..

Plaintiff has incurred significant legal expenses in addressing the underlying criminal charges which are part of the underlying fact that are the subject of this instant litigation.

**Interrogatory No. 2**

Specify in detail the basis for the total amount of damages that you claim, stating:

(a)     Each injury or damage claimed;

(b)     How you arrived at this figure;

(c)     Whether you used a mathematical per diem figure in calculating any component of damages; and if so,

(d)     The per diem used.

**Response to Interrogatory No. 2**

Plaintiff objects to this interrogatory pursuant to general objections 2 and 6. Notwithstanding those objections,  Plaintiff was wrongfully arrested, charged and jailed for three days. It is anticipated that a reasonable Jury will be informed that if they find that the defendants are liable to the plaintiffs, then they must determine an amount that is fair compensation for all of the plaintiffs' damages. It is further anticipated that the Jury will be told that the purpose of compensatory damages is to make the plaintiffs whole—that is, to compensate the plaintiffs for the damages that the plaintiffs have suffered as a result of the Defendants discriminatory and violative acts. It can reasonably be anticipated that the Jury will be informed that compensatory damages are not limited to lost wages, economic losses, loss of pension and other expenses but that the plaintiff may have

4

incurred damages because of his injuries and wrongful arrest and prosecution.  We anticipate that the Court will inform the Jury that Plaintiffs may receive compensatory damages for the physical injury, medical conditions, pain and suffering, mental anguish, shock, embarrassment, humiliation, fear, damage to reputation and discomfort that they have suffered because of the defendants' conduct are also compensable.

We anticipate that the Jury will be instructed that computing damages may be difficult, and that the  law does not require that the plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permit.  It is Plaintiffs' belief that the these damages will be based on the use of the Jury's sound discretion and their ability to draw reasonable inferences from the facts and circumstances that will be proven at trial.

The level of the damages is anticipated to be in line with the distressing and severe actions of the Defendants in this case.  It is well understood, damages for emotional distress are not susceptible to the type of calculation contemplated by Rule 26(a)(1). "[c]ompensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury." See, *Williams v. Trader Pub. Co.*, 218 F.3d 481, 487 n.3 (5th Cir. 2000).  Accordingly, it is anticipated that damages, other than economic will be substantial as supported by case law. *See e.g. ; Brady v. Wal-Mart Stores, Inc*., EDNY CV 03-3843(JO); *Ortiz v. NYC Housing Authority*, 198 F.3d 234 (2d Cir. 1999); *Passantiono v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493(9th Cir. 2000); Gagliardo* v. Connaught Laboratories, Inc., 311 F.3d 565 (3d Cir. 2002); *Peterson v. City of Hartford*, 99 CV 818, 2002 WL 1275394 (D. Conn. 2002) and   *Grisanti v. Cioffi,* No. CIV399CV490JBA, 2001 WL 777435(D. Conn. 2001).

Plaintiff will seek punitive damages which are being sought based upon the egregious nature of the conduct of defendants as set forth in the complaint and the need to restrain such conduct in the future.  Calculation of these damages and entitlements is premature and not susceptible to the type of calculation contemplated by Rule 26(a)(1). *See; Burrell v. Crown Cent. Petroleum*, 177 F.R.D. 376, 386 (D. Tex. 1997).  Of course the amount of punitive damages that a jury would award will be based on  the need  to punish the wrongdoer for the violation of constitutional rights, or some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.  It is anticipated that the jury will  consider the degree of reprehensibility of the defendants' conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon the plaintiffs in fixing the amount of punitive damages.

Plaintiff's damages are and must be thoroughly computed, and may require the assistance of an expert or experts. Such computation will be set forth with specificity on a later date under separate cover.

### Interrogatory No. 3

Does Plaintiff claim to have suffered any physical injuries as a result of the Defendants' alleged actions or omissions? If not, so state. If so:

(a)     Describe every such injury plaintiff allegedly suffered;

(b)     State the precise manner in which each alleged injury was caused;

( c)     State the monetary amount of damages claimed for each injury; and

(d)     State the method(s) by which you arrived at the amounts stated above and, if by the use of a per diem figure, the amount per day.

6

**Response to Interrogatory No. 3**

Plaintiff objects to this interrogatory under General Objections 2 and 6.  Notwithstanding these objections, in addition to the responses already provided  Mr. Besedin suffered a serious head trauma on 2/7/17, as well as other multiple injuries at the hands of the County of Nassau and the Nassau County Police Department, in a show of excessive and unreasonable use of force. Mr. Besedin lost consciousness, suffered a concussion, cerebral infarction, dizziness, floaters in eyes, blurry vision, headaches, demonstrated Post Concussion Syndrome, suffered permanent scarring, loss of blood, physical pain, suffered neurological deficits, embarrassment, psychological suffering as Plaintiff has already set forth a description of his physical injuries with specificity in the Complaint. Plaintiff has suffered  Traumatic Brain Injury, by history and secondary to head injury suffered during Mr. Besedin's arrest, R/O Alcohol Abuse, Post-Traumatic Stress Disorder, secondary to injuries, both physical and psychological, suffered during his arrest, as well as subsequent obsessive-compulsive, narcissistic and avoidant personality features.

All of these  injuries have resulted in permanent disability. As such, a complete computation of the appropriate damages for present and future pain, suffering, and disability will be required, and may require the assistance of an expert. This computation will be provided at a later date under separate cover.

**Interrogatory No. 4**

Do you claim mental suffering or emotional injury as a result of the defendants' alleged actions or omissions?

**Response to Interrogatory No. 4**

Again, Plaintiff objects to this interrogatory under General Objections 2 and 6.

Notwithstanding these objections the response to this question is yes.

**Interrogatory No. 5**

Does Plaintiff claim any special damages in this case? If not, so state. If so, provide:

(a)     A description of their nature.

(b)     State the precise manner in which such damages were caused;

(c)     The amount of damages; and

(d)     The mathematical basis for the amount claimed.

**Response to Interrogatory No. 5**

Plaintiff objects to this interrogatory under General Objections 2 and 6.  Defendants have caused Plaintiff significant economic loss due to the loss of his employment and wages. Plaintiff's wrongful arrest and false prosecution by Defendants forced Plaintiff to take early retirement from his job, causing loss of his regular income. These financial losses are ongoing, and must be computed with specificity by an economist according to Plaintiff's salary, life expectancy, and projected expenses. This computation will be provided on a later date under separate cover.

Defendants' assault of Plaintiff has caused him to incur significant expenses for medical and psychological treatment. Upon information and belief, some injuries inflicted by Defendants may be permanent and require lifelong care. These expenses are ongoing and will be set forth with specificity on a later date under separate cover.

Defendants caused damage to Plaintiff's relationships with his family and his mental and emotional status. He incurred costs for his criminal defense of approximately $20,000.00. Accordingly,   Plaintiff has incurred significant legal expenses in this matter. These expenses are ongoing and will be set forth with specificity on a later date under separate cover.

8

Further, Plaintiff was issued three tickets by Defendants in an improper manner, for a solely retaliatory purpose. Plaintiff was ticketed pursuant to NYS VTL §§ 402.1, 402.4, and 1203(a). The fines and surcharges imposed by these tickets total $765.

**Interrogatory No. 6**

Specify all property damage claimed by plaintiff by stating all items damaged, the manner in which such damage was sustained, who caused the damage, the value of each item, and the monetary value of damage to each item.

**Response to Interrogatory No. 6**

Plaintiff objects to this interrogatory under General Objections 2 and 6.  Notwithstanding these objections Defendants caused damage to Plaintiff's hearing aids which were lost as result of the assault he suffered at the hands of Defendants. The estimated costs of each hearing aid is $2,500.00.

**Interrogatory No. 7**

Does plaintiff claim any lost income or potential income? If not, so state. If so, provide:

(a)     The amount of lost income claimed, including back pay and front pay;

(b)     The basis for the amount claimed;

(c)     The number of days out of work; and

(d)     The amount lost per day.

**Response to Interrogatory No. 7**

Plaintiff objects to this interrogatory under General Objections 2 and 6.  Notwithstanding these objections please see response to Interrogatory No. 1.

9

**Interrogatory No. 8**

Provide all email addresses and all account/usernames for all social media accounts used by plaintiff from February 2017 to present including, but not limited to, Facebook, Twitter, Instagram, Snap Chat, etc.

**Response to Interrogatory No. 8**

Plaintiff objects to this interrogatory under General Objections 2 and 6.  Notwithstanding these objections Plaintiff does not possess, and has never possessed an email address. Upon information and belief, Plaintiff does not possess, and has never possessed a Facebook, Twitter, Instagram, or Snap Chat account. Plaintiff does not appear to have any other social media accounts of any sort.

**Interrogatory No. 9**

Provide the carrier information and all cellular and landline telephone numbers used by plaintiff from February 2017 to the present.

**Response to Interrogatory No. 9**

Plaintiff possessed a single landline phone number, (516) 546-4786 and a single cell phone number which, upon information and belief, is (516) 633-8129. At this time Plaintiff's counsel is not aware of the carriers of these numbers.

**Interrogatory No. 10**

Identify all hospitals, physicians, physical therapists, psychiatrists, psychologists, therapists, counselors, rehabilitation facilities, substance abuse facilities, social workers, and other health care professionals who have evaluated or treated plaintiff for injuries or damages caused by defendants' alleged acts or omissions, and supply HIPAA-compliant authorizations sufficient to enable

defendants to obtain all records relating thereto.

**Response to Interrogatory No. 10**

Plaintiff objects to this interrogatory under General Objections 2 and 6.  Notwithstanding these objections Plaintiff has been evaluated and treated for injuries caused by defendants' acts and omissions by the following providers:

(1)     Nassau University Medical Center

(2)     Northport Veterans Affairs Medical Center

(3)     Nassau County Veterans Affairs East Meadow Clinic

(4)     The New York Center for Neuropsychology & Forensic Behavioral Science

(5)     Meadowbrook Care Center

HIPAA-compliant authorizations to obtain Mr. Besedin's records from the above-named healthcare facilities will be provided promptly under separate cover.

**Interrogatory No. 11**

Identify all hospitals, physicians, physical therapists, psychiatrists, psychologists, therapists, counselors, rehabilitation facilities, substance abuse facilities, social workers, and other health care professionals who have evaluated or treated plaintiff, and supply HIPAA-compliant authorizations sufficient to enable defendants to obtain all records relating thereto.

**Response to Interrogatory No. 11**

Plaintiff objects to this interrogatory under General Obligations 1, 2, and 3 in that Defendants do not specify any interval of time or relation to this litigation.

Notwithstanding these objections Defendants essentially ask that the now 75-year-old Plaintiff's entire medical history, as well as every medical provider Plaintiff has ever been evaluated

11

or treated by, be disclosed to them. Additionally, Defendants ask that Plaintiff sign HIPAA-compliant waivers enabling Defendants to seek records from every medical provider that has ever evaluated or treated him. Such a request is manifestly irrelevant, overbroad, and burdensome to the point of impossibility. Plaintiff directs Defendants to Plaintiff's response to Interrogatory No. 10, as this response discloses all medical providers relevant to this litigation.

**Interrogatory No. 12**

Identify all witnesses to the allegations set forth in the complaint and to plaintiff's alleged damages. For each witness, provide the last known address and telephone number and a summary of the expected testimony.

**Response to Interrogatory No. 12**

Plaintiff objects to this interrogatory under General Objections 2 and 6. Notwithstanding these objections Plaintiff specifically reserves the right to supplement this and all his responses.

(1) Robert Besedin, Sr., Mr. Besedin, Sr., is the Plaintiff in this matter, and can be reached through his attorneys the Law Offices of Frederick K. Brewington, 556 Peninsula Boulevard, Hempstead, New York 11550, 516-489-6959. As the Plaintiff, Mr. Besedin, Sr., possess knowledge, and information regarding the facts as set forth in the Complaint of this matter.

(2) Judith Besedin is the wife of the Plaintiff and has direct knowledge of Plaintiff's damages. Ms. Besedin currently resides at 922 Jennie Court, North Bellmore, New York 11710. She can be reached at (516)557-3256.

(3) Robert Besedin, Jr. is Plaintiff's son and has direct knowledge of Plaintiff's damages. Mr. Besedin, Jr. currently resides at 835 Lincoln Avenue, Apartment 1, Baldwin, New York 11510. He can be reached at (516) 530-0723.

(4) Laura Besedin is the daughter of the Plaintiff and has direct knowledge of Plaintiff's damages.  She resides at  922 Jennie Court, North Bellmore, New York 11710. She can be reached at (516) 399-9095.

(5).   Police Officer "Stephen"  Beckwith,  Police Officer "Stephen Beckwith" is a Defendant in this matter, and can be reached through his attorneys Nassau County Attorneys, One West Street, Mineola, New York 11501, (516) 571-3056.  As the Defendant, Officer Beckwith possess knowledge, and information regarding the facts as set forth in the Complaint of this matter.

(6)   Police Officer "John" Mantovani, Police  Officer "John" Mantovani is a Defendant in this matter, and can be reached through his attorneys Nassau County Attorneys, One West Street, Mineola, New York 11501, (516) 517-3056. As the Defendant, Officer Mantovani possess knowledge, and information regarding the facts as set forth in Complaint of this matter.

(7)   Lloyd J. Nadel, Esq.,  Mr. Nadel is a non party witness, and can be reached at the Law Office of Lloyd J. Nadel, 170 Old Country Road Suite 600   Mineola,  New York 11501, (516)877-2200.  Mr. Nadel was Plaintiff's criminal defense attorney, and possess knowledge, and information regarding the facts as set forth in the Complaint of this matter.

(8)   Doctors, nurses and care providers that treated, examined and or diagnosed Plaintiff from Nassau University Medical Center, Northport Veterans Affairs Medical Center, Nassau County Veterans Affairs East Meadow Clinic, The New York Center for Neuropsychology & Forensic Behavioral Science and  Meadowbrook Care Center.

(9)   Dr. Berrell is an expert in this case and can be reached through Plaintiff's attorneys the Law Offices of Frederick K. Brewington, 556 Peninsula Boulevard, Hempstead, New York 11550, 516-489-6959.

**Interrogatory No. 13**

Specify all injuries or medical conditions for which defendants failed to provide plaintiff medical attention. For each injury state:

(a)     The nature of the injury or condition;

(b)     The date plaintiff sustained the alleged injury;

( c)     The manner in which plaintiff sustained the injury;

(d)     Whether plaintiff requested medical attention and the defendants' response.

(e)     The type of medical treatment plaintiff requested to be provided;

(f)     The treatment plaintiff received; and

(g)     Who provided such treatment.

**Response to Interrogatory No. 13**

Plaintiff objects to this interrogatory under General Objection 2 and 6 as Plaintiff has already set forth a description of his physical injuries as set forth above in responses to Interrogatories 2 and 3. Notwithstanding this objection, see responses to Interrogatories 2 and 3 none of which were promptly or properly address with medical treatment and evaluation. Plaintiff is also hard of hearing and lost his hearing aids when he was thrown to the ground by Defendants and were not safeguarded or recovered by police that assaulted Plaintiff.  Plaintiff informed Defendants that he wore hearing aids and that they had been knocked out during Defendants' assault of Plaintiff. Upon further information and belief, Defendants made no attempt to retrieve Plaintiff's hearing aids or to allow Plaintiff to recover them before taking him into custody.

Upon information and belief, it was evident to Defendants that Plaintiff was left bleeding, in significant physical discomfort, and increasingly disoriented by their assault, had obvious physical

14

injuries but, contrary to rules and regulations,  Defendants took no action to further investigate or mitigate these conditions.  Defendants failed to take Plaintiff from the arrest site to the hospital, but instead to him to the police facility and made him languish in pain and suffer from his injuries, lose control of his bodily functions and suffer mistreatment all before summoning an ambulance to transport Plaintiff to NUMC.

**Interrogatory No. 14**

Identify all individuals with whom plaintiff lived on February 7, 2017. For each individual, provide their name and last known address and phone number.

**Response to Interrogatory No. 14**

Plaintiff objects to this interrogatory under General Objection 2 and 6. Notwithstanding these objections Plaintiff was living with Judith Besedin his wife February 7, 2017.

**Interrogatory No. 15**

Identify all individuals present at plaintiff's home, at any point in time, on February 7, 2017. For each individual, provide their name and last known address and phone number.

**Response to Interrogatory No. 15**

Plaintiff objects to this interrogatory under General Objection 2 and 6. Notwithstanding these objections Upon information and belief, no individuals other than Plaintiff and Defendants were present at Plaintiff's home at any time on February 7, 2017.

**Interrogatory No. 16**

Identify all police officers who responded to plaintiff's residence on February 7, 2017.

**Response to Interrogatory No. 16**

Plaintiff objects to this interrogatory under General Obligation 6 as Defendants are in a far

better position to obtain this information than Plaintiff.

Notwithstanding this objection, Suffolk County Police Officers including, but not necessarily limited to Stephen Beckwith and John Mantovani, named as Defendants in this litigation, were present at Plaintiff's home on February 7, 2017.

**Interrogatory No. 17**

Identify all witnesses to paragraphs 21-26 of the complaint. For each witness, provide their name and their last known address and phone number.

**Response to Interrogatory No. 17**

Plaintiff objects to this interrogatory under General Objection 2 and 6. Notwithstanding these objections surveillance video tape, which captured accounts at the scene of the incident at the time and upon information and belief, the only other witnesses other than Plaintiff present during the events described in paragraphs 21-26 of Plaintiff's Complaint were Suffolk County Police Officers Stephen Beckwith and John Mantovani, named as Defendants in this litigation.

**Interrogatory No. 18**

Specify every alleged false statement, writing, and testimony, provided by each individual defendant with regard to the subject February 7, 2017 incident. For each falsity, state what was said, who said it, to whom it was made, and the date on which it was made.

**Response to Interrogatory No. 18**

Plaintiff objects to this interrogatory under General Objections 5 and 6 as Defendants, having generated these false statements, are in a far better position to obtain them than Plaintiff. Plaintiff will in fact be obligated to elicit much of the information responsive to this interrogatory from

Defendants through discovery.

Notwithstanding this objection, the factual allegations in police reports including but not limited to the sworn Felony Complaint prepared by Defendant Stephen Beckwith charging Plaintiff with Assault in the Second Degree (NY PL §120.05(3)), Resisting Arrest (NY PL §205.30), and Harassment in the Second Degree (NY PL §240.26) depicts a false narrative that is directly contradicted by the video evidence already in Defendants' possession. Defendants Stephen Beckwith and John Mantovani knowingly submitted this falsified account of their interaction with Plaintiff, under penalty of perjury, to the Courts and Nassau County District Attorney on February 8, 2017.

**Interrogatory No. 19**

Specify every alleged instance in which each individual defendant fabricated and tampered with evidence with regard to the subject February 7, 2017 incident. For each instance, state what evidence defendants fabricated or tampered with, who fabricated or tampered with the evidence, how defendants tampered with or fabricated evidence, to whom defendants presented such evidence, and when defendants fabricated or tampered with such evidence.

**Response to Interrogatory No. 19**

Plaintiff objects to this interrogatory under General Objections 5 and 6 as Defendants are in a far better position to obtain this information than Plaintiff. Plaintiff will in fact be obligated to elicit much of the information responsive to this interrogatory from Defendants through discovery.

Notwithstanding this objection, in police reports including but not limited to the Felony Complaint prepared by Defendant Stephen Beckwith charging Plaintiff with Assault in the Second Degree (NY PL §120.05(3)), Resisting Arrest (NY PL §205.30), and Harassment in the Second Degree (NY PL §240.26) is based upon the false testimony of Defendants Stephen Beckwith and

John Mantovani. Defendants falsely alleged that Mr. Besedin slapped the out stretched hand of Defendant Beckwith while Defendant Beckwith was giving Mr. Besedin orders to back away from the Defendant Officers. They also falsely alleged that Mr. Besedin violently flailed his arms, kicked, screamed and pushed Defendant Mantovani down four steps and that Mr. Besedin refused to comply with lawful orders. Defendant John Mantovani is depicted therein as having sustained injuries to his hand, wrist, back, and ankle due to the hostile actions of Plaintiff. Based upon the video evidence already in Defendants' possession, any injuries that Defendant Mantovani actually sustained were self-inflicted as they were incidental to Defendants' violent, excessive and unnecessary use of physical force against Plaintiff. Defendants Stephen Beckwith and John Mantovani knowingly submitted this falsified account of their interaction with Plaintiff, and Defendant Mantovani's injuries, under penalty of perjury to the Court and Nassau County District Attorney on February 8, 2017.

**<u>Interrogatory No. 20</u>**

Identify each alleged instance of retaliation against plaintiff by defendants. For each instance, state:

    (a)    Each act or speech that prompted the alleged retaliation;

    (b)    The date of each such speech or act;

    (c)    To whom each such speech or act was made;

    (d)    Every action by defendants taken in retaliation for each such act or speech by plaintiff;

    (e)    The date of each retaliatory act; and

    (f)    The individual who committed the retaliatory act.

**Response to Interrogatory No. 20**

Plaintiff objects to this interrogatory under General Objections 5 and 6 as Defendants are in a far better position to obtain this information than Plaintiff. Plaintiff will in fact be obligated to elicit much of the information responsive to this interrogatory from Defendants through discovery.

Notwithstanding this objection, Defendants Stephen Beckwith and John Mantovani retaliated against Plaintiff for requesting their assistance on February 7, 2017, which, upon information and belief, caused them annoyance.

Defendants Stephen Beckwith and John Mantovani retaliated against Plaintiff by physically assaulting him and placing him under arrest without probable cause or any other justification to do so on February 7, 2017.

Defendants Stephen Beckwith and John Mantovani retaliated against Plaintiff by filing a Felony Complaint based upon their own false testimony, causing Plaintiff to be falsely charged with Assault in the Second Degree (NY PL §120.05(3)), Resisting Arrest (NY PL §205.30), and Harassment in the Second Degree (NY PL §240.26) on February 8, 2017.

Defendant County of Nassau retaliated against Plaintiff by issuing him numerous tickets for his vehicle, which had been parked in front of his home in the same manner for several years. Three tickets were issued by a police officer "LaSala," badge no. 1547 on February 13, 2017. Another ticket was issued by a police officer whose name is illegible, badge no. either 2902 or 2992, on December 29, 2020. Three more tickets were issued by Pea B. Bakal, serial no. 6013C, on January 12, 2021. As the result of this retaliatory course of ticketing, Plaintiff's truck was towed and impounded. Further, the allegations that falsely alleged that Mr. Besedin slapped the out stretched hand of Defendant Beckwith while Defendant Beckwith was giving Mr. Besedin orders to back

19

away from the Defendant Officers. They also falsely alleged that Mr. Besedin violently flailed his arms, kicked, screamed and pushed Defendant Mantovani down four steps and that Mr. Besedin refused to comply with lawful orders.  All these statements made after the abuse, assault and violence used against Plaintiff were retaliatory.

**Interrogatory No. 21**

Identify each individual with whom plaintiff has discussed the subject February 7, 2017 incident and allegations of the complaint. For each individual, provide the last known address and phone number.

**Response to Interrogatory No. 21**

Plaintiff objects to this interrogatory under General Objections 1, 2, 3, 4, and 5. Plaintiff has discussed this matter with his counsel, assistant district attorneys, medical service providers, and immediate family, all of whom are fully described in response to interrogatories 10 and 12. Plaintiff additionally discussed this matter with the press at a conference at the Law Offices of Frederick Brewington on February 7, 2018. Plaintiff's comments to the press,  are a matter of public record and fully available to Defendants through a rudimentary web search.  Defendants' request that counsel search out each and every individual with whom Plaintiff may have spoken in passing about the events described in his Complaint is manifestly improper, irrelevant, overbroad, and burdensome to the point of impossibility.

**Interrogatory No. 22**

Specify the factual basis for plaintiff's allegations that the County has permitted a pattern and practice of unjustified use of force, failing to investigate and discipline such use of force, and condoning and covering up such uses of force as alleged in ¶¶ 89-99 of the complaint.

**Response to Interrogatory No. 22**

Plaintiff objects to this interrogatory under General Objections 5 and 6 as Defendants are in a far better position to obtain this information than Plaintiff. Plaintiff will in fact be obligated to elicit much of the information responsive to this interrogatory from Defendants through discovery. The numbers of Founded Complaints for Excessive Force in the years of 2016, 2017, 2018, 2019, and 2020 is ZERO "0" as reported by the Nassau County Police Department in 2020 in the Nassau County Police Department Complaint Reporting and Findings. Further, we anticipate that Defendants will not continue to deny Plaintiff the information and details related to this report including the raw data, the names of all complaints made and investigated as excessive force and the names and contact information of all persons who were complainants in this claims of excessive force. Demand is hereby renewed.

**Interrogatory No. 23**

Identify all head and brain injuries and/or trauma suffered by plaintiff both before and after February 7, 2017. For each injury, state:

    (a)      The nature and cause of the injury;

    (b)      The date of the injury;

    ©      The dates of treatment/therapy; and

    (d)      The locations and providers of treatment/therapy.

**Response to Interrogatory No. 23**

Plaintiff suffered a traumatic brain injury (TBI) with transient ischaemic attack (TIA) (colloquially known as a "mini stroke"), resulting in coma, subsequent to a motor vehicle accident which occurred at some point in 2003. Plaintiff's treating providers for these injuries, as well as the

exact dates of the accident and treatment, are presently unknown but will be research so that it can be provided under separate cover if and when they can be obtained.

Plaintiff suffered a concussion, further TBI, as well as aggravating his prior brain injury, and other injuries as a result of Defendants throwing Plaintiff from his porch and causing him to land on his head on February 7, 2017. Plaintiff was first treated for this injury at Nassau University Medical Center on February 8, 2017, while still in police custody and then again on February 11, 2017 upon his release from being wrongfully held by Nassau County following the false arrest by Defendants. Plaintiff was also treated for this injury at the Northport Veterans Administration Medical Center on March 8, 2017, October 26, 2018, December 20, 2018, and January 4, 2019 and continuing. Also, Nassau University Medical Center, Northport Veterans Affairs Medical Center, Nassau County Veterans Affairs East Meadow Clinic, The New York Center for Neuropsychology & Forensic Behavioral Science and Meadowbrook Care Center. (See medical records already provided and those that will be obtained from the records sought through the authorizations being provided.)

## RESPONSE TO DEFENDANTS' DOCUMENT REQUESTS

## GENERAL OBJECTIONS

Each request responded to is subject to the general objections set forth below. These objections and limitations form an unnecessary duplication throughout. These general objections may be referred to in response to a certain request for the purpose of clarity. However, the failure to specifically incorporate a general objection should not be construed as a waiver of the general objection.

22

1.   Plaintiff objects to the Document demand to the extent that they seek information not relevant to the issues raised in this matter and are not reasonably calculated to lead to the discovery of admissible evidence.

2.   The Plaintiff objects to the Document Demand to the extent that they are vague, overly broad and unduly burdensome.

3.   The Plaintiff objects to the Document Demand because they are oppressive insofar as they render it impossible to respond in a reasonable amount of time.

4.   The Plaintiff objects to the Document Demand to the extent they seek disclosures of opinion or opinions, mental impressions, conclusions work product or legal theories of the Plaintiff, or his counsel or other representatives.

5.   The Plaintiff objects to the Document Demand being unduly burdensome and speculative in requiring Plaintiff to perform even the most rudimentary legal research for Defendants.

6.   This information is based upon the available information at Defendant's disposal at the present time.  The Plaintiff is continuing to research for responsive documents and reserves the right to supplement, amend or correct these responses in the event that future discovery reveals facts that would justify such supplementation, amendment and correction.

7.   The Plaintiff objects to this question, these questions and the entire set of Document Demands are indecipherable.

**Document Request No. 1**

Produce all documents and authorizations referenced in plaintiff's responses to the foregoing interrogatories.

23

**Response:** Plaintiff directs Defendants to bates numbers BESEDIN 0001-0362.

**Document Request No. 2**

Produce all documents relied on and/or referred to in responding to the foregoing interrogatories.

**Response:** Plaintiff directs Defendants to bates numbers BESEDIN 0001-0362.

**Document Request No. 3**

Produce all disclosure required pursuant to Fed. R. Civ. P. 26(a) and all documents identified in Plaintiff's initial disclosures.

**Response:** Defendants are already in possession of these documents; however, Plaintiff includes them as a courtesy. Plaintiff directs Defendants to bates numbers 0001-0331.

**Document Request No. 4**

Produce all documents and testimony pertaining to all other lawsuits commenced by plaintiff.

**Response:** Upon information and belief, Plaintiff has commenced no other lawsuits.

**Document Request No. 5**

Produce all documents and testimony pertaining to all lawsuits against plaintiff, if any.

**Response:** Upon information and belief, no lawsuits have been commenced against Plaintiff.

**Document Request No. 6**

Produce all notices of claim served by plaintiff against defendants and/or their employees, officials, agents, and representatives.

**Response:** Plaintiff directs Defendants to bates numbers BESEDIN 0350-0353.

24

**Document Request No. 7**

Produce all documents pertaining to all notices of claim served by plaintiff against defendants and/or their employees, officials, agents, and representatives.

**Response:** Plaintiff directs Defendants to bates numbers BESEDIN 0350-0353.

**Document Request No. 8**

Produce all notices of claim served by plaintiff against any municipal entity and/or its agents, representatives, officials, and employees.

**Response:** Upon information and belief, Plaintiff has not served a Notice of Claim upon any municipality.

**Document Request No. 9**

Produce all documents pertaining to all notices of claim served by plaintiff against any municipal entity and/or their employees, officials, agents, and representatives.

**Response:** At this time Plaintiff is not in possession of any responsive documents.

**Document Request No. 10**

Produce all documents that evidence or reflect all damages claimed by plaintiff as a result of the defendants' alleged actions or omissions.

**Response:** Plaintiff directs Defendants to bates numbers BESEDIN 0001-0275; 0337-0343; and 0355-0362.

**Document Request No. 11**

Produce all documents that evidence or reflect all economic and financial expenses or losses incurred by plaintiff as a result of defendants' alleged acts or omissions.

**Response:** Plaintiff directs Defendants to bates numbers BESEDIN 0355-0362.

**Document Request No. 12**

Produce all documents that evidence or reflect all property damage allegedly caused by defendants on February 7, 2017.

**Response:** Plaintiff's property damages predominantly flow from the loss of Plaintiff's hearing aids. As these hearing aids were left in the street by Defendants and presumably destroyed, there are no responsive documents in Plaintiff's possession at this time.

**Document Request No. 13**

Produce all documents that evidence or reflect all medical expenses incurred by plaintiff as a result of defendants' alleged acts or omissions.

**Response:** Plaintiff directs Defendants to bates numbers BESEDIN 0001-0275.

**Document Request No. 14**

Produce all documents that evidence or reflect all mental and emotional damages claimed by plaintiff as a result of defendants' alleged acts or omissions.

**Response:** Plaintiff directs Defendants to bates numbers BESEDIN 0001-0275.

**Document Request No. 15**

Produce all documents that evidence or reflect all physical damages claimed by plaintiff as a result of defendants' alleged acts or omissions.

**Response:** Plaintiff directs Defendants to bates numbers BESEDIN 0001-0275 and 0337-0343.

**Document Request No. 16**

Produce all documents pertaining to all medical and psychological treatment received by plaintiff as a result of defendants' alleged acts or omissions.

**Response:** Plaintiff directs Defendants to bates numbers BESEDIN 0001-0275.

**Document Request No. 17**

Produce a copy of the retainer agreement between plaintiff and attorney of record in this action.

**Response:** Plaintiff objects to this document request under General Objections 1 and 4 and will not provide Plaintiff's retainer agreement as such would be improper, irrelevant to this litigation, and unprofessional in the extreme.

**Document Request No. 18**

Produce all documents that evidence or reflect all attorneys' fees incurred by plaintiff as a result of defendants' alleged acts or omissions, including, but not limited to, billing records, invoices, receipts, statements, etc.

**Response:** Plaintiff objects to this document request under General Objections 1 and 4 and will not provide Plaintiff's confidential financial documents pertaining to his legal representation as such would be improper, irrelevant to this litigation, and unprofessional in the extreme.

**Document Request No. 19**

Produce all documents that evidence or reflect all lost income, earnings, wages, salary, lost benefits, and other financial damages claimed by plaintiff as a result of defendants' alleged acts or omissions.

**Response:** Plaintiff's lost income, earnings, wages, salary, benefits etc. predominantly flow from the loss of Plaintiff's automotive business due to Defendants' malicious prosecution and abuse of process. Plaintiff is seeking documentation descriptive of same and will provide said documentation under separate cover when available.

**Document Request No. 20**

Produce all documents that evidence or reflect all special damages claimed by plaintiff as a result of defendants' alleged acts or omissions.

**Response:** Plaintiff directs Defendants to bates numbers BESEDIN 0001-0275; 0337-0343; and 0360-0367.

**Document Request No. 21**

Produce all documents that evidence or reflect plaintiff's purchase of each item he claims was damaged by defendants on February 7, 2017.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, and 3 in as far as it is unreasonable to expect that Plaintiff can produce a receipt on-demand for his hearing aids.

**Document Request No. 22**

Produce all documents that evidence or reflect the current value of each item plaintiff claims defendants damaged on February 7, 2017.

**Response:** Plaintiff will provide evidentiary support for the value of his hearing aids when same becomes relevant at the damages stage of this litigation.

**Document Request No. 23**

Produce all documents demonstrating the model, make, color, and year of each item plaintiff claims defendants damaged on February 7, 2017.

**Response:** At this time Plaintiff is not in possession of any responsive documents. See response to document request no. 22.

**Document Request No. 24**

Produce all documents that evidence or reflect plaintiff's efforts to mitigate alleged

28

damages.

**Response:** At this time Plaintiff is not in possession of any responsive documents. Plaintiff was essentially incapacitated and rendered incapable of working or living independently by Defendants' assault. Consequently, Plaintiff had no ability or opportunity to mitigate.

**<u>Document Request No. 25</u>**

Produce HIPAA-compliant authorizations for the records of all hospitals, physicians, physical therapists, psychiatrists, psychologists, therapists, counselors, social workers, substance abuse treatment/rehabilitation centers, and other health care professionals who have evaluated or treated plaintiff.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, and 3 in that Defendants do not specify any interval of time or relation to this litigation. Notwithstanding these objections, Defendants essentially ask for authorization to access the now 75-year-old Plaintiff's entire medical history, as well as every medical provider Plaintiff has ever been evaluated or treated by. Such a request is manifestly irrelevant, overbroad, and burdensome to the point of impossibility. Plaintiff directs Defendants to Plaintiff's response to Interrogatory No. 10 as this response discloses all medical providers relevant to this litigation.

**<u>Document Request No. 26</u>**

Produce HIPAA-compliant authorizations for the records of all hospitals, physicians, physical therapists, psychiatrists, psychologists, therapists, counselors, social workers, substance abuse treatment/rehabilitation centers, and other health care professionals who have evaluated or treated plaintiff for injuries or damages allegedly caused by defendants' actions or omissions.

**Response:** HIPAA-compliant authorizations for all of Plaintiff's medical providers relevant to this

litigation will be provided under separate cover when Plaintiff's counsel is able to have said authorizations executed by Plaintiff or an appropriate signatory.

**Document Request No. 27**

Produce HIPAA-compliant authorizations for plaintiff's pharmaceutical records.

**Response:** Plaintiff objects to this document request pursuant to General Objections 1, 2, and 3 in that Defendants do not specify any interval of time or relation to this litigation. Plaintiff's pharmaceutical information which is relevant to this litigation, if any, will be obtainable by the Defendants through the authorizations provided in satisfaction of document request no. 26.

**Document Request No. 28**

Produce HIPAA-compliant authorizations for plaintiff's Medicaid/Medicare files, if applicable.

**Response:** Plaintiff objects to this document request pursuant to General Objections 1, 2, and 3 in that Defendants do not specify any interval of time or relation to this litigation. Plaintiff's Medicaid/Medicare information which is relevant to this litigation, if any, will be obtainable by the Defendants through the authorizations provided in satisfaction of document request no. 26.

**Document Request No. 29**

Produce HIPAA-compliant authorizations for plaintiff's medical insurance records.

**Response:** Plaintiff objects to this document request pursuant to General Objections 1, 2, and 3 in that Defendants do not specify any interval of time or relation to this litigation. Plaintiff's insurance information which is relevant to this litigation, if any, will be obtainable by the Defendants through the authorizations provided in satisfaction of document request no. 26.

**Document Request No. 30**

Produce HIPAA-compliant authorizations for plaintiff's unemployment, worker's compensation, disability, and social security records, if applicable.

**Response:** Plaintiff objects to this document request pursuant to General Objections 1, 2, and 3 in that Defendants do not specify any interval of time or relation to this litigation.

**Document Request No. 31**

Produce all documents pertaining to all claims for unemployment, worker's compensation, disability, and social security, if any.

**Response:** Plaintiff objects to this document request pursuant to General Objections 1, 2, and 3 in that Defendants do not specify any interval of time or relation to this litigation.

**Document Request No. 32**

Produce validly executed authorizations to enable defendants to obtain records for all Facebook, Twitter, Instagram, Snap Chat, and other social media accounts used by plaintiff from February 2017 to the present.

**Response:** Plaintiff objects to this document request under General Objections 2 and 6. Notwithstanding these objections, upon information and belief, Plaintiff does not possess, and has never possessed a Facebook, Twitter, Instagram, or Snap Chat account. Plaintiff does not appear to have any other social media accounts of any sort.

**Document Request No. 33**

Produce copies of all information, content and data, for all Facebook, Twitter, Instagram, Snap Chat, and other social media accounts used by plaintiff from February 2017 to the present. Requested information, content, and data includes, but is not limited to, postings, tweets, followings,

31

profiles, status updates, pictures, videos, comments, sent and received messages, sent and received instant messages, notes, friend lists, mini-feeds, shares, groups, events, etc. and all such deleted information, content, and data.

**Response:** At this time Plaintiff is not in possession of any responsive documents.

## Document Request No. 34

If claiming lost income, produce validly executed authorizations to enable defendants to obtain certified copies of plaintiff's personal and business, federal and state, income tax returns from the Internal Revenue Service and New York State from 2014 to the present.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, and 4 in that Defendants not demonstrated the relevance of this sensitive personal information at this juncture.

## Document Request No. 35

If claiming lost income, produce copies of plaintiff's personal and business federal and state income tax returns and W-2 forms from 2014 to the present.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, and 4 in that Defendants not demonstrated the relevance of this sensitive personal information at this juncture.

## Document Request No. 36

If claiming lost income, produce all documents that evidence or reflect plaintiff's income from 2014 to the present.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, 3, and 4 in that Defendants not demonstrated the relevance of this sensitive personal information at this juncture.

**Document Request No. 37**

If claiming lost income, produce properly executed authorizations to enable defendants to obtain records from all of plaintiff's employers from 2014 to the present.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, and 4 in that Defendants not demonstrated the relevance of this sensitive personal information at this juncture.

**Document Request No. 38**

If claiming lost income, produce all documents pertaining to all other forms of income for plaintiff from 2014 to present, if applicable.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, and 4 in that Defendants not demonstrated the relevance of this sensitive personal information at this juncture.

**Document Request No. 39**

Produce validly executed authorizations to enable defendants to obtain copies of all criminal records pertaining to plaintiff's February 7, 2017 arrest, prosecution, and subsequent criminal court proceedings.

**Response:** Plaintiff objects to this document request under General Objection 6. Defendants are in fact in a far better position than Plaintiff to obtain this information, and it is likely that Plaintiff will in fact have to obtain this information from Defendants through discovery.

**Document Request No. 40**

Produce all documents in plaintiff's possession, custody, or control pertaining to plaintiff's February 7, 2017 arrest, prosecution, and subsequent criminal court proceedings.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, and 6. Notwithstanding this objection, Plaintiff directs Defendants to bates stamps BESEDIN 80, 276-279,

33

354-362

**Document Request No. 41**

Produce validly executed authorizations to enable defendants to obtain copies of all criminal records pertaining to all arrests, prosecutions, and convictions of plaintiff, if any.

**Response:** Plaintiff objects to this document request pursuant to General Objections 1, 2, 3, and 6 in that Defendants do not specify any interval of time or relation to this litigation and are in fact in a better position than Plaintiff to obtain these records.

**Document Request No. 42**

Produce all documents in plaintiff's possession, custody, or control pertaining to all arrests, prosecutions, and convictions, of plaintiff, if any.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, 3, and 6 in that Defendants do not specify any interval of time or relation to this litigation and are in fact in a better position than Plaintiff to obtain these records.

**Document Request No. 43**

Produce all phone records, including call histories/logs and text messages for each of plaintiff's cellular and land-line telephone accounts for February 7, 2017.

**Response:** At this time Plaintiff is not in possession of any responsive documents.

**Document Request No. 44**

Produce authorizations to enable defendants to obtain plaintiff's cellular and land-line phone records for February 7, 2017.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, and 5. If Defendants require these records they may seek a subpoena for same.

34

**Document Request No. 45**

Produce all documents wherein plaintiff describes, in whole or in part, the events giving rise to this lawsuit.

**Response:** Plaintiff objects to this document request under General Objection 6. Notwithstanding this objection, Plaintiff directs Defendants to bates stamps BESEDIN 0280-0326 and 0350-0353.

**Document Request No. 46**

Produce all notes, diary entries, audio recordings, pictures, video recordings, surveillance recordings, still frames, emails, writings, text messages, instant messages, social media posts, voicemails, and other documents (as defined in instruction "(e)" above) created by plaintiff or any other person concerning the claims in this action.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, and 4 in that Plaintiff's counsel is not the keeper of his social calendar and cannot speak to every interaction Plaintiff has had since being subjected to excessive force, unlawful arrest, malicious prosecution etc. by Defendants.

**Document Request No. 47**

Produce all documents known to plaintiff that concern, or in any manner pertain to, the claims alleged in the complaint, including all medical records and HIPAA-compliant authorizations for the originals of such documents.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, and 6 in that this request is overbroad and, in as far as these documents would be relevant to this litigation, duplicative of Defendants' other requests.

35

**Document Request No. 48**

Produce all statements, unsigned or signed, oral or written, including audio and video-recorded statements, of every person with knowledge of the events and allegations in the complaint.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, 4, and 6 in that Plaintiff's counsel is not omniscient and cannot speak to every interaction had by every potential witness in this litigation in which the events set forth in Plaintiff's Complaint were mentioned. All such information relevant to this litigation that is in Plaintiff's possession has been disclosed to Defendants in response to Defendants' other document requests.

**Document Request No. 49**

Produce all communications between plaintiff, his representatives, agents, advocates, lawyers, and family members and defendants, their agents, officials, employees, and representatives, including but not limited to written communications, oral communications, emails, text messages, audio and video recordings, voicemails, and other documents (as defined in instruction "(e)" above) that pertain in any way to the allegations of the complaint.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, 3, 4, and 6 in that it is outrageously overbroad and, in part, clearly seeks attorney-client communications.

**Document Request No. 50**

Produce all communications between plaintiff, his representatives, agents, advocates, or counselors and third parties, including but not limited to written communications, oral communications, emails, text messages, audio and video recordings, voicemails, and other

36

documents (as defined in instruction "(e)" above) that pertain in any way to the allegations of the complaint.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, 3, 4, and 6 in that it is outrageously overbroad and, in part, clearly seeks attorney-client communications.

## Document Request No. 51

Produce all documents pertaining to or discussing plaintiff's allegations.

**Response:** Plaintiff objects to this document request under General Objections 1, 2, and 6 in that it is outrageously overbroad and, in as far as these documents would be relevant to this litigation, duplicative of Defendants' other requests.

## Document Request No. 52

Produce complete, unedited copies of all original February 7, 2017 surveillance videos of the subject incident, from all angles, in native format with accompanying metadata.

**Response:** Plaintiff objects to this document request under General Objection 6, in that Defendants have already been provided with these video recordings on USB drive during Plaintiff's initial Rule 26 disclosures. Plaintiff directs Defendants to bates stamp BESEDIN 0331.

## Document Request No. 53

Produce all videos and recordings of the February 7, 2017 subject incident in native format with accompanying metadata.

**Response:** Plaintiff objects to this document request under General Objection 6, in that Defendants have already been provided with these recordings on USB drive during Plaintiff's initial Rule 26 disclosures. Plaintiff directs Defendants to bates stamp BESEDIN 0328-0331.

## Document Request No. 54

Produce all versions of all videos and recordings of the February 7, 2017 subject incident in native format with accompanying metadata.

**Response:** Plaintiff objects to this document request under General Objection 6, in that Defendants have already been provided with these video recordings on USB drive during Plaintiff's initial Rule 26 disclosures. Plaintiff directs Defendants to bates stamp BESEDIN 0331.

## Document Request No. 55

Produce all documents that evidence or reflect defendants alleged use of force against plaintiff on February 7, 2017.

**Response:** Plaintiff directs Defendants to 0001-0275; 280-326; and 0337-0343.

## Document Request No. 56

Produce authorizations for all medical records pertaining to all head and brain injuries or trauma sustained by plaintiff prior to February 7, 2017.

**Response:** Plaintiff objects to this document request under General Objections 1 and 2 in that Defendants, again, essentially ask for access to the entirety of Plaintiff's 76-year medical history.

## Document Request No. 57

Produce all medical records and other documents in plaintiff's possession, custody, or control pertaining to all head and brain injuries or trauma sustained by plaintiff prior to February 7, 2017.

**Response:** Plaintiff objects to this document request under General Objection 6. Notwithstanding this objection, Plaintiff directs Defendants to bates stamps BESEDIN 0001-0275.

## Document Request No. 58

Produce authorizations for all medical records pertaining to all head and brain injuries or

trauma sustained by plaintiff subsequent to February 7, 2017.

**Response:** At this time Plaintiff is not in possession of any responsive documents. Upon information and belief, Plaintiff has been fortunate to avoid any further head or brain injury since being assaulted by Defendants.

### Document Request No. 59

Produce all medical records and other documents in plaintiff's possession, custody, or control pertaining to all head and brain injuries or trauma sustained by plaintiff subsequent to February 7, 2017.

**Response:** At this time Plaintiff is not in possession of any responsive documents. Upon information and belief, Plaintiff has been fortunate to avoid any further head or brain injury since being assaulted by Defendants.

### Document Request No. 60

Produce all documents that evidence or reflect defendants' alleged failure to provide medical attention to plaintiff, and that evidence or reflect the underlying injuries or conditions that required such attention.

**Response:** Plaintiff objects to this document request under General Objection 6. Notwithstanding this objection, Plaintiff directs Defendants to bates stamps BESEDIN 0001-0275.

### Document Request No. 61

Produce all documents that evidence or reflect all loss of business or employment sustained by plaintiff as a result of defendants' alleged actions or omissions.

**Response:** Plaintiff's lost income, earnings, wages, salary, benefits etc. predominantly flow from the loss of Plaintiff's automotive business due to Defendants' malicious prosecution and abuse of

process. Plaintiff is seeking documentation descriptive of same and will provide said documentation under separate cover when available.

**Document Request No. 62**

Produce recordings of all calls made by plaintiff to law enforcement authorities on February 7, 2017.

**Response:** Plaintiff objects to this document request under General Objection 6 as all of the responsive recordings in Plaintiff's possession were provided to Defendants pursuant to Plaintiff's initial Rule 26 disclosures, and Defendants are in any event in a better position than Plaintiff to obtain these recordings. Notwithstanding this objection, Plaintiff directs Defendants to bates stamps BESEDIN 0329-0330, representative of the audio CDs that are already in Defendants' possession.

**Document Request No. 63**

Produce all false documents and statements created by defendants with regard to the subject February 7, 2017 incident.

**Response:** Plaintiff objects to this document request under General Objection 6 as all of the responsive documents in Plaintiff's possession were provided to Defendants pursuant to Plaintiff's initial Rule 26 disclosures, and Defendants are in any event in a better position than Plaintiff to obtain these documents. Notwithstanding this objection, Plaintiff directs Defendants to bates stamps BESEDIN 80, 276-279, 354-362.

**Document Request No. 64**

Produce all documents that evidence or reflect that defendants gave false statements, documents, and testimony pertaining to the subject February 7, 2017 incident.

**Response:** Plaintiff objects to this document request under General Objection 6 as all of the

responsive documents in Plaintiff's possession were provided to Defendants pursuant to Plaintiff's initial Rule 26 disclosures, and Defendants are in any event in a better position than Plaintiff to obtain these documents. Notwithstanding this objection, Plaintiff directs Defendants to bates stamps BESEDIN 80, 276-279, 354-362.

**Document Request No. 65**

Produce all documents that evidence or reflect that defendants fabricated and/or tampered with evidence with regard to the subject February 7, 2017 incident.

**Response:** Plaintiff objects to this document request under General Objection 6 as all of the responsive documents in Plaintiff's possession were provided to Defendants pursuant to Plaintiff's initial Rule 26 disclosures, and Defendants are in any event in a better position than Plaintiff to obtain these documents. Notwithstanding this objection, Plaintiff directs Defendants to bates stamps BESEDIN 80, 276-279, 354-362.

**Document Request No. 66**

Produce all documents pertaining to dismissal of the criminal charges against plaintiff.

**Response:** Plaintiff directs Defendants to bates stamp BESEDIN 0327.

**Document Request No. 67**

Produce all documents that evidence or reflect plaintiff suffered damage to reputation as a result of defendants' actions or omissions.

**Response:** At this time Plaintiff is not in possession of any responsive documents.

**Document Request No. 68**

Produce all documents that evidence or reflect all of plaintiff's speech or actions that prompted retaliation by defendants as alleged in the complaint.

**Response:** Plaintiff directs Defendants to bates stamps 80, 276-279, 354-362, 0280-0326 and 0329-0330.

**Document Request No. 69**

Produce all documents that evidence or reflect all retaliatory actions by defendants against plaintiff as alleged in the complaint.

**Response:** Plaintiff directs Defendants to bates stamps 0276-0279 and 0280-0326.

**Document Request No. 70**

Produce all documents pertaining to the parking violations, and adjudication of such violations, issued by defendants to plaintiff.

**Response:** Plaintiff directs Defendants to bates stamps 0356-0362.

**Document Request No. 71**

Produce all documents that evidence or reflect the location in which plaintiff parked his vehicle prior to February 7, 2017.

**Response:** Plaintiff directs Defendants to bates stamps 0344-0349.

**Document Request No. 72**

Produce all documents that evidence or reflect the location and condition of the license plate to plaintiff's vehicle prior to February 7, 2017.

**Response:** Plaintiff directs Defendants to bates stamps 0345-0346.

**Document Request No. 73**

Produce all documents pertaining to plaintiff's payment of bail/bond as a result of his February 7, 2017 arrest.

**Response:** Plaintiff directs Defendants to bates stamp 0355.

**Document Request No. 74**

Produce all documents pertaining to the return to plaintiff of payment of bail/bond.

**Response:** At this time Plaintiff is not in possession of any responsive documents.

**Document Request No. 75**

Produce all documents pertaining to the alleged theft of property from plaintiff's business.

**Response:** Plaintiff directs Defendants to Defendants' document responses, bates stamps 101-106.

**Document Request No. 76**

Produce all documents pertaining to the police investigation of the alleged theft of property from plaintiff's business.

**Response:** Plaintiff directs Defendants to Defendants' document responses, bates stamps 101-106.

**Document Request No. 77**

Produce all documents that evidence or reflect plaintiff was denied the right to counsel as alleged in the complaint.

**Response:** At this time Plaintiff is not in possession of any responsive documents.

**Document Request No. 78**

Produce all documents that evidence or reflect that defendants' motive for their alleged actions was to collect payment and restitution from plaintiff as alleged in the complaint.

**Response:** Plaintiff directs Defendants to bates stamps 80, 276-279, 354-362.

**Document Request No. 79**

Produce all documents that evidence or reflect all legal fees and costs paid and/or owed by plaintiff in connection with defense of the subject criminal charges.

**Response:** At this time Plaintiff is not in possession of any responsive documents. When these

documents become available, they will be provided to Defendants under separate cover.

**Document Request No. 80**

Produce all documents pertaining to all Nassau County policies, practices, or customs that plaintiff alleges resulted in violations of his rights.

**Response:** Plaintiff directs Defendants to bates stamp 0354, IAU letter exonerating Defendant police officers of wrongdoing despite contrary video and testimonial evidence and without having interviewed or examined Plaintiff prior to reaching a determination. Also see 80, 276-279, 354-362.

**Document Request No. 81**

Produce all documents pertaining to Nassau County's alleged negligent screening, hiring, training, retention, supervision, investigation, and/or discipline its police officers that resulted in alleged violations of plaintiff's rights.

**Response:** See response to document request no. 80, 276-279, 354-362.

**Document Request No. 82**

Produce all documents on which plaintiff intends to rely in support of his claims.

**Response:** Plaintiff directs Defendants to bates stamps 0001-0362.

**PLAINTIFF** RESERVES THE RIGHT TO SUPPLEMENT THESE RESPONSES SHOULD ADDITIONAL INFORMATION BECOME AVAILABLE AT A LATER TIME.

Dated: Hempstead, New York
October 1, 2021

<div style="margin-left: 40%;">

LAW OFFICES OF
FREDERICK K. BREWINGTON

By:   */S/ Frederick K. Brewington*
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

</div>