

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514  PHONE (516) 334-4500  FAX (516) 334-4501  WWW.SOKOLOFFSTERN.COM

KIERA MEEHAN
KMEEHAN@SOKOLOFFSTERN.COM

October 6, 2023

**VIA ECF**
Honorable Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Besedin v. County of Nassau., et al*.
                Docket No.: 18-CV-0819 (NRM)(ST)
                File No.: 210099

Your Honor:

      We represent the defendants in this action and write to request a pre-motion conference in anticipation of moving for partial summary judgment under Fed. R. Civ. P. 56.

      On February 7, 2017, plaintiff called 911 approximately 33 times between 1:34 and 6:26 p.m. to complain about the Nassau County Police Department's investigation of an alleged crime that had occurred months earlier and request police assistance. Officers responded to plaintiff's house multiple times at his request; he refused to speak with them and sent them away but continued to call 911. During the series of calls, plaintiff became increasingly belligerent (and seemingly drunk), berated and insulted the operators, and used profanity.

      Officers Beckwith and Mantovani ultimately responded to plaintiff's residence and spoke with him inside his home. The officers continued speaking with plaintiff after exiting his home. Plaintiff claims the officers then grabbed him and threw him down the porch steps for no reason. Plaintiff was arrested and charged with assault, harassment, and resisting arrest. The charges were ultimately dismissed.

      Plaintiff filed this action asserting a medley of federal and state law claims. Many of them are not applicable or supported by any factual allegations. Notably, plaintiff has withdrawn his conspiracy, §§ 1981 and 1985 claims, as well as his claim of intentional infliction of emotional distress against the County. Plaintiff has also withdrawn all claims against the Nassau County Police Department ("NCPD") as it is not a proper defendant. Plaintiff has also withdrawn his equal protection claim, as well as any claims arising under the First, Fifth and Sixth Amendments.

      As discovery is now complaint, defendants seek leave to move for summary judgment as several of the remaining claims are not plausible and should be dismissed.

Sokoloff Stern LLP

Hon. Nina R. Morrison
October 6, 2023
Page 2 of 4

    Plaintiff has no false arrest/imprisonment/seizure of person claim as his allegations and the incorporated 911 calls demonstrate there was probable cause to arrest him. False arrest claims under federal and state law require plaintiff to allege, among other things, that his confinement was not privileged. Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003). Probable cause is a complete defense. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). It is well-settled that probable cause "does not require an awareness of a particular crime, but only that *some crime* may have been committed." Shaheed v. City of New York, 287 F. Supp. 3d 438, 448 (S.D.N.Y. 2018) (emphasis added); Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007). Review of plaintiff's repeated non-emergency, drunk 911 calls shows there was probable cause to arrest him for obstruction of governmental administration, harassment, and possibly other crimes warranting dismissal of this claim. Even arguable probable cause entitled the defendant officers to qualified immunity. Morales v. City of New York, 209 F. App'x 75, 76 (2d Cir. 2006).

    Similarly, the existence of probable cause is a complete defense to plaintiff's claim of malicious prosecution. Manganiello v. City of New York, 612 F.3d 149, 161–62 (2d Cir. 2010). To prevail on a state malicious prosecution claim, a plaintiff must prove the initiation or continuation of a criminal proceeding against him, termination of the proceeding in his favor, lack of probable cause for commencing the proceeding, and actual malice as a motivation for defendants' actions. A 42 U.S.C. § 1983 malicious prosecution claim requires proof of these elements plus proof of a sufficient post-arraignment liberty restraint implicating plaintiff's Fourth Amendment rights.

    Plaintiff's abuse of process claims fail because he does not allege improper use of the criminal process *after* he was charged. Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994). Rather, he bases the claim only on "the mere act of issuing process" which does not give rise to a claim. Elek v. Inc. Vill. of Monroe, 2011 WL 4472027, at *7 (S.D.N.Y. 2011).

    Plaintiff also has no procedural or substantive due process claim. Plaintiff availed himself of the criminal process and the charges were dismissed. Probable cause to arrest also bars due process claims. Harris v. Cty. of Nassau, 581 F. Supp. 2d 351, 357 (E.D.N.Y. 2008). Also, it is well-settled that plaintiff's claims for false arrest, excessive force, etc. must be analyzed under the Fourth Amendment rather than under general notions of due process. Albright v. Oliver, 510 U.S. 266, 273 (1994).

    As plaintiff alleges the direct involvement of both defendant officers in each of the alleged violations, the failure to intervene claim must be dismissed. Figueroa v. Mazza, 59 F. Supp. 3d 481, 489-90 (E.D.N.Y. 2014).

    Furthermore, all of plaintiff's claims allege intentional conduct making his negligence claims inappropriate. Cabral v. City of New York, 2014 WL 4636433, at *12 (S.D.N.Y. Sept. 17, 2014); Oteri v. Vill. of Pelham, 100 A.D.3d 725, 726 (2d Dep't 2012). It is well settled that New

Sokoloff Stern LLP

Hon. Nina R. Morrison
October 6, 2023
Page 3 of 4

York courts do not recognize claims for negligent or malicious investigation. "A plaintiff seeking damages for an injury resulting from a wrongful arrest and detention 'may not recover under broad general principles of negligence but must proceed by way of the traditional remedies of false arrest and imprisonment." Johnson v. Kings Cnty. D.A.'s Off., 763 N.Y.S.2d 635, 640 (2003).

Any negligent hiring/training/supervision claim must be dismissed because, among other things, plaintiff concedes defendants were, at all times, acting within the scope of their employment. Velez v. City of New York, 730 F.3d 128, 136-37 (2d Cir. 2013).

There is no respondeat superior liability under 42 U.S.C. § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) Rather, following Monell and its progeny, "'there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" Abreu v. City of New York, 657 F. Supp. 2d 357, 360 (E.D.N.Y. 2009) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989). To proceed with a claim against the County, a plaintiff must demonstrate: (1) the existence of a formal policy, officially promulgated or adopted by the municipality, Monell, 436 U.S. at 690; (2) that the official responsible for establishing policy with respect to a particular issue took specific action that caused the alleged violation of the plaintiff's rights, Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of policy-making officials, City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1985) (plurality opinion); or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact, City of Canton, Ohio v. Harris, 489 U.S 378, 388 (1989). Here, plaintiff cannot sustain a Monell claim on any of the above theories.

Plaintiff points to no policy that violates his rights. Nor does he allege that any County official with policymaking authority has taken any action against him. Plaintiff must establish as a matter of law that "the conduct of a given official represents official policy." Hurdle v. Board of Educ. of City of New York, 113 Fed. App'x 423, 427 (2d Cir. 2004). The only County employees whom plaintiff claims violated his rights are the individual defendants – Officer Montovani and Officer Beckwith. Neither of these individuals have the authority to set policies for the County or the NCPD. Nor can plaintiff establish that the defendant officers' conduct was part of an unlawful pattern or practice sufficient to imply the acquiescence of policy-making officials. There has been nothing exchanged during discovery to suggest an unlawful municipal pattern or practice.

Plaintiff cannot establish a claim of intentional emotional distress against either Officer Montovani or Officer Beckwith. "To state a claim for intentional infliction of emotional distress, a plaintiff must allege conduct which is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable

Sokoloff Stern LLP

Hon. Nina R. Morrison
October 6, 2023
Page 4 of 4

in a civilized community.'" Sheikh v. City of N.Y.P.D., 2008 WL 5146645, *14 (E.D.N.Y. 2008) (citing Murphy v Am. Home Prod. Corp., 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 236 (1983)). "Of all of the claims for intentional infliction of emotional distress considered by the New York Court of Appeals, 'every one has failed because the alleged conduct was not sufficiently outrageous.'" Id. (citing Howell, 81 N.Y.2d at 122) (citations omitted).

      Finally, plaintiff's claims against the officers in their official capacities are redundant of the claims against the County. Thomas v. DuBois, 2020 WL 2092426, at *4 (S.D.N.Y. Apr. 30, 2020).

Thank you for your consideration of this matter.

Respectfully submitted,

SOKOLOFF STERN LLP

*[signature]*

KIERA J. MEEHAN

cc:    All Counsel
       **VIA ECF**