

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K. Brewington
Albert D. Manuel III
Leah Jackson
Cobia Powell

Of Counsel
Oscar Holt III
Jay D. Umans

October 16, 2023

**BY ECF**
Honorable Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Besedin v. County of Nassau., et al.
Docket No.: 18-CV-0819 (NRM)(ST)

Dear Judge Morrison:

As your records will reflect, we are the attorneys representing the Plaintiff, Mr. Robert Besedin, in the above referenced matter. We respectfully submit this letter in opposition to Defendants' letter seeking a pre-motion conference and request to file Summary Judgment motion pursuant to FRCP 56.

The officers in this case swore under oath and placed in Court documents that "[a]fter being advised that he was under arrest by Officers Beckwith and Mantovani, and to place his hands behind his back, [Mr. Besedin] did violently flail his arms, kick and scream and push Officer Mantovani down 4 steps on the exterior of his home." As video evidence proves, that was a lie! They also alleged that Mr. Besedin, "refus[ed] to comply with a lawful order of the police to place his hands behind his back and submit to an arrest for slapping your deponents outstretched hand while your deponent was giving the defendant lawful order to back away from the police officers conducting a police investigation." Once again, as video evidence proves, that was a lie! Needless to say, the bringing of criminal charges by these officers was a total abuse of their authority which is magnified by their criminal actions of Perjury, Felony Assault, Offering a False Instrument for Filing in the First Degree pursuant to Penal Law and numerous other crimes for which they should have been prosecuted. Further, these members of Nassau County's Police Department swore that Mr. Besedin harassed them, yet the clear video evidence demonstrates that these two officers stood in Plaintiff's yard looking up at him, smiling and laughing with no attempt to walk away and leave the 71 year old man to stand on the porch of his home. Instead, they lied about the facts and then were never disciplined or required to account for their wrongful actions. To this day, given the evidence available in this case, we fail to see or understand why the County is protecting these officers. A trial will clearly shed light on the fact that the County is continuing a miscarriage of justice and clear coverup.

There was no probable cause to arrest, charge or prosecute Robert Besedin. Here, as described above and in plaintiff's Local Civil Rule 56.1 Counterstatement, *generally*, disputes of fact preclude summary judgment. A jury that credits plaintiff's account of innocence, which finds abundant support in the record, could easily conclude that probable cause to arrest him was lacking. By Defendants' own admission, they planned to leave Mr. Besedin and not arrest him before they assaulted him. (Deposition of Beckwith pp.72-74). Then, and only then, after abusing Mr. Besedin did Defendants consider arresting Plaintiff. Any claim

of probable cause to arrest based on the 911 calls is a fabrication and became a non-issue once the Defendants were present with Plaintiff at, and in, his home and then stood outside talking to him. In fact, their reasons and sworn claims for arrest had nothing to do with any phone calls.(Felony Complaint and Informations, Besedin Bates #s Besedin 276-279) "In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact," which may include proof that the police falsified, misrepresented or suppressed evidence during a criminal proceeding. see *Jocks v. Tavernier*, 97 F.Supp.2d 303, 316 (E.D.N.Y.2000). The continuation of a criminal proceeding without probable cause amounts to malicious prosecution. *See Callan v. State*, 134 A.D.2d 882, 521 N.Y.S.2d 923, 924 (N.Y. App. Div.1987). (*Cox v. County of Suffolk* 780 F.Supp. 103 (E.D.N.Y.,1991)) In the charges of harassment, resisting arrest, misdemeanor assault and felony assault there were no claims or allegations related to phone calls.

"To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff, (2) termination of the proceeding in plaintiff's favor, (3) lack of probable cause for commencing the proceeding, and (4) actual malice as a motivation for defendant's actions." *Sherman v. City of New York*, No. 18-5359, 2019 WL 2164081, at *9 (E.D.N.Y. May 16, 2019) (*quoting Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)) (additional citation and internal quotation marks omitted). "To prevail on a § 1983 claim for malicious prosecution, the plaintiff must also establish 'a post-arraignment seizure.'" *Sherman*, 2019 WL 2164081, at *9 (*quoting Swartz v. Insogna*, 704 F.3d 105, 112 (2d Cir. 2013)). Here, it is undisputed that criminal proceedings were initiated against Plaintiff. Plaintiff was subject to the jurisdiction and control of he criminal court based on his bail status and that those proceedings terminated in Plaintiff's favor when all the charges were dismissed after the passage of nearly eleven months. However, the same factual issues surrounding whether there was probable cause for Plaintiff's arrest apply to his malicious prosecution claim. Accordingly, for the reasons set forth herein in connection with Plaintiff's false arrest claim, summary judgment on Plaintiff's malicious prosecution claim similarly inappropriate and recommends that Defendants' motion on this claim be denied.

In the Second Circuit, the warrantless arrest of an individual is presumptively unlawful. *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003). Defendants bear the burden of "raising and proving the affirmative defense of probable cause." *Id.* Whether probable cause or reasonable suspicion exists is an objective inquiry. *Holeman v. City of New London*, 425 F.3d 184, 190 (2d Cir. 2005) (citing *Whren v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)). "[T]he existence of probable cause is to be determined on the basis of the totality of the circumstances…through an inquiry into whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause or arguable probable cause to arrest." *Hargroves v. City of New York*, 411 F. App'x. 378, 383 (2d Cir. 2011) (citing *Kent v. Katz*, 312 F.3d 568, 576 (2d Cir. 2002) and *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004))."[U]nder some circumstances, a police officer's awareness of the facts supporting a defense can eliminate probable cause." *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003). "[N]o probable cause exists to arrest where a suspect's actions are too ambiguous to raise more than a generalized suspicion of involvement in criminal activity." *Davis v. City of New York*, 902 F.Supp.2d 405, 445 (S.D.N.Y. 2012) (quoting *United States v. Valentine*, 539 F.3d 88, 94 (2d Cir. 2008)). As in this case, evidence of a subsequent dismissal, acquittal or reversal on appeal would also be admissible to refute the affirmative defense of justification.

The charges against Mr. Besedin were fabricated as was any claim of probable cause. In the instant matter, the abuse of process claim arises from the beating and the 'improper purpose' of covering up that

2

beating, avoiding investigation of the brutality suffered by Plaintiff and using that felony charge of Assault in the Second Degree, Misdemeanor Assault, Resisting Arrest and Harassment to avoid criminal prosecution for their outrageous actions. "In New York, a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003)(citations omitted) "Malicious abuse of criminal process also supports liability under § 1983." *Savino*, 331 F.3d at 76-77.

Plaintiff has articulated in his pleading the 'collateral objective' prong of the abuse of process standard." *Hoffman v. Town of Southampton*, 893 F. Supp. 2d 438, 448 (E.D.N.Y. 2012). In the Complaint, Plaintiff sets out that defendants "did not initiate the arrest and prosecution of Plaintiff as a result actual knowledge that a crime was committed. Instead, Defendant Officers searched, seized, harassed, annoyed, falsely arrested, falsely imprisoned, and maliciously prosecuted Plaintiff with an ulterior purpose/motive to collect payments, and fees. Defendants were motivated by the intent to subject Plaintiff to the criminal system in order to force, coerce and justify restitutions, payments and fees from Plaintiff and to shield themselves from liability from the wrongful actions committed against Plaintiff." (Complaint ¶¶ 81-82.) "There must be an abuse of process, that is, a use of process that has as its direct object the achievement of an improper and ulterior purpose or objective." *Pinter v. City of New York*, 976 F. Supp. 2d 539, 568 (S.D.N.Y. 2013) (internal quotation marks omitted). Defendants knew that their assault of Plaintiff, throwing him down a flight of stairs by his neck and serious injuries would lead to disciplines or even criminal charges against them unless they could assert they were assaulted. Their improper and ulterior purpose was to falsely claim that Plaintiff had assaulted them. There was no basis, legally or factually, to charge any crimes, no less the Felony Assault. Thus, Plaintiff has made clear that his being charged with Felony Assault and three other charges was an attempt to use that legal process by Defendants to avoid their exposure to, charges, discipline, loss of employment and review of how Plaintiff was injured and knocked unconscious. By commencing charges the plan was to avoid the examination and accountability of propelling Plaintiff down the stairs, leaving him lying on the ground and handcuffed, as well as violently manhandled Plaintiff and forcing him down on his tail-bone against stairs causing extreme pain and injury while his wrists were handcuffed, causing lacerations to Plaintiff's body, back and torso. As "a result of their use of excessive force and failure to provide medical attention to Plaintiff." (Comp. ¶ 6)

Contrary to Defendants' urging, that there was no probable cause to charge Plaintiff with Felony Assault, and it became clear as the prosecution went forward that the evidence showed that the Felony charge amounted to be a fiction. "[E]ven when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause."); *Jean v. County of Nassau*, No. 14-CV-1322, 2020 WL 1244786, at *9 (E.D.N.Y. Mar. 16, 2020) (*citing McDermott v. City of New York*, No. 94-CV-2145, 1995 WL 347041, at *5 (E.D.N.Y. May 30, 1995) There are questions of material fact regarding whether probable cause for the Felony criminal charges brought against Mr. Besedin was lacking. Accordingly the Abuse of Process claim should proceed to trial.

Plaintiff was summarily punished by Defendant officers. Not only was he arrested, he was arraigned and then subject to being held in the Nassau County jail after bail was set. Further, he was required to appear in Court and remain subject to the Court's jurisdiction. Substantive due process violations have included: seven hours of detention and accompanying humiliation, ridicule and mental anguish, *Conway v. Village of Mount Kisco*, 750 F.2d 205 and 758 F.2d 46 (2nd Cir.1985), cert. den., 479 U.S. 84, 107 S.Ct. 390, 93 L.Ed.2d 325 (1986) Here, the Defendants clearly employed criminal process against Mr. Besedin by having him arraigned on false charges of assault, resisting arrest and harassment. Defendants cannot deny that this

arrest led to arraignment, which caused Plaintiff to be held in custody. *See Mormon v. Baran*, 35 N.Y.S.2d 906, 909 (Sup.Ct.1942) (legal process means that a court issued the process, and the plaintiff will be penalized if he violates it). Without question a reasonable juror could conclude that Defendant officers gave false statements in lodging the criminal charges and deprived plaintiff of his liberty interest without due process. The evidence of the video recording that was unknown to Defendant more than creates an issue of fact. Both Defendant officers were present during the assault and false charges leading to the arrest, and there is ample evidence that both officers did not abide by customary police procedures in this arrest and charging of Mr. Besedin. Additionally, Contrary to Defendants' assumption, probable cause is far from being clearly established.

Law enforcement officials have a duty to protect the constitutional rights from infringement by other law enforcement officials in their presence. Neither of the two officers took any steps to intervene to prevent the abuse of Plaintiff despite the fact that they each knew that his protected rights were being violated and each had a "realistic opportunity to intervene. Their failure to prevent the other from abusing Plaintiff makes them both subject to a claim of failure to intervene. The case provided by Defendants, *Figueroa v. Mazza*, 59 F.Supp3d 481-489-90 (E.D.N.Y. 2014) in support of their claim that the failure to intervene should be dismissed, not only does not support their argument but it was overruled by the Second Circuit as to that point. *See Figueroa v. Mazza*, 825 F3d 89, 106-107 (2d Cir. 2016)

Defendants claim that Plaintiff has not pleaded a cause of action for municipal liability is incorrect as is established by reviewing ¶¶ 89-97 of the Complaint. "A single action taken by a municipality is sufficient to expose it to liability," including a "single instance of deliberate indifference to subordinates' actions." *Amnesty Am. v. Town of W Hartford*, 361 F.3d 113, 125, 127 (2d Cir. 2004). Moreover, "a single, unusually brutal or egregious beating administered by a group of municipal employees" may support an inference that the conduct was "attributable to inadequate training or supervision amounting to deliberate indifference . . . on the part of officials in charge." *Turpin v. Mailet*, 619 F.2d 196, 202 (2d Cir. 1980). Plaintiff must establish "only that a policymaking official had notice of a potentially serious problem of unconstitutional conduct, such that the need for corrective action or supervision was obvious . . . and the policymaker's failure to investigate or rectify the situation evidences deliberate indifference, rather than mere negligence or bureaucratic inaction." *Amnesty Am.*, 361 F.3d at 128 (internal quotation marks omitted) (*citing Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995)). A county police commissioner is generally considered a policymaking official. *See, e.g., Gashi v. Cnty. of Westchester*, 02-CV-6934, 2005 WL 195517, at *13 (S.D.N.Y. Jan. 27, 2005) (Daniels, J.)

Each of Plaintiff's New York State Law claims of Assault & Battery, False Imprisonment, False Arrest, Abuse of Process and Negligence are well pleaded and supported by the facts adduced during discovery. The intentional infliction of emotional distress against the individuals is likewise supported by the actions of these defendants.

Based on the facts and the law, Defendants cannot succeed on a Motion for Summary Judgment. They cannot avoid liability under either Federal and State law. We respectfully request the Court to deny the request to have pre-motion conference and to file a Summary Judgment motion.

                                                                                                           Respectfully submitted,

                                                                                                     *Frederick K. Brewington*
                                                                                                     FREDERICK K. BREWINGTON

cc:  All Counsel by ECF
FKB:pl