UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BESEDIN, SR., | **JOINT** |
| Plaintiff, | **PRE-TRIAL ORDER** |
| -against- | 18 Civ. 00819 (NRM) (ST) |
| COUNTY OF NASSAU, THE NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER STEPHEN BECKWITH AND POLICE OFFICER JOHN MANTOVANI in their individual and official capacities, | |
| Defendants. | |

The parties, through their respective attorneys, hereby submit the following as their

Joint Pretrial Order:

**6.1.1    The full caption of the action.**

The caption of the action is set forth above.

**6.1.2    Parties and Counsel.**

*For Plaintiff:*

Frederick K. Brewington

Cobia M. Powell
Law Offices of Frederick K. Brewington
556 Peninsula Boulevard
Hempstead, NY 11550
516-489-6959
Fax: 516-489-6958
Email: fred@brewingtonlaw.com

cobia.powell@brewingtonlaw.com

*For Defendants:*

Kiera Meehan
Andrew Blancato
SOKOLOFF STERN LLP
179 Westbury Avenue
Carle Place, New York 11514
Phone: (516) 334-4500
Fax: (516) 334-4501
Email: kmeehan@sokoloffstern.com
ablancato@sokoloffstern.com

**6.1.3 Jurisdiction: A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

The claims to be tried are plaintiff's claims under 42 U.S.C. § 1983 are for false arrest, excessive force, malicious prosecution and abuse of process, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. This Court has original subject matter jurisdiction over these claims under 28 U.S.C. § 1331.

For the purposes of this trial, defendants do not dispute subject-matter jurisdiction.

**6.1.4 Claims and Defenses: A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.**

*The following claims are to be tried regarding the incident dated February 7, 2017:*

a) Plaintiff's claim for false arrest against Defendant Stephen Beckwith and Defendant Mantovani pursuant to 42 U.S.C. § 1983;

b) Plaintiff's claim for excessive force against Defendant Stephen Beckwith and Defendant Mantovani pursuant to 42 U.S.C. § 1983;

c) Plaintiff's claim for malicious prosecution and abuse of process against Defendant Stephen Beckwith and Defendant Mantovani pursuant to 42 U.S.C. § 1983;

d) Plaintiff's claim against all Defendants pursuant to State law assault and battery, false arrest, abuse of process.

*Defendants assert the following defenses:*

e) Defendants deny all claims on the merits.

f) Defendants had probable cause to arrest Plaintiff;

g) Defendants used only a reasonable amount of force during Plaintiff's arrest;

h) Defendants contend that Plaintiff's pendant state law claims of false arrest, excessive force, and abuse of process/malicious prosecution cannot be placed on the verdict sheet (plaintiff cannot recover for federal causes of action and state causes of action based on the same facts). *See generally*, *Bender v. City of New York*, 78 F.3d 787 (2d Cir. 1996); *see* also, *Savage v. Snow*, 575 F. Supp. 828, fn. 20 (S.D.N.Y. 1988) ("it is a settled rule of law that one cannot recover damages under Section 1983 and state tort law if both claims are based on the same facts").

i) Defendants have qualified immunity in that it was objectively reasonable for them to believe as to each claim that their conduct did not violate clearly established law. Defendants' entitlement to qualified immunity is an issue of law to be decided by the Court based upon the facts found by the jury. Unless otherwise directed by the Court, the parties will prepare proposed special interrogatories for the jury prior to the charge conference. *See Cowan v. Breen*, 352 F.3d 756, 764-65, n.8 (2d Cir. 2003) (discussing use of special interrogatories in qualified immunity context).

### 6.1.5 A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

Both parties agree that this case is to be tried by a jury in three to five days.

### 6.1.6 A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

The parties have not consented to trial before a Magistrate Judge.

### 6.1.7 Statement of Damages and Relief Sought:

The claim that Mr. Besedin engaged in a Felony Assault on police was a false and fabricated statement that led to a prolonged criminal proceeding. That arrest and that prosecution have caused extreme hardships for Mr. Besedin and his family financially and emotionally. All charges were dismissed by the people. The prosecution of Mr. Besedin was pressed by police Defendants despite their knowledge that they had assaulted and caused Mr. Besedin's injuries.

Plaintiff's are seeking Compensatory Damages in the sum of Ten Million Dollars ($10,000,000.00), Punitive Damages in the sum of Ten Million Dollars ($10,000,000.00), Declaratory Judgement that defendants willfully violated Plaintiff's rights secured by federal law, Injunctive relief requiring defendants to correct all past violations of federal law, Injunctive relief to enjoin defendants from continuing to violate federal law, award such other and further relief as this Court may deem appropriate, including costs and attorney's fees pursuant to 42 U.S.C. §1988.

**6.1.8   A list of fact and expert witnesses whose testimony is to be offered in each party's case in chief, along with the address of each witness and a brief narrative statement of the expected testimony of each witness.**


PLAINTIFFF'S WITNESSES:

1. Robert Besedin

Mr. Besedin will be called upon to testify in person and at the trial of this matter. Mr. Besedin can be reached through his attorneys, the LAW OFFICES OF FREDERICK K. BREWINGTON, 556 Peninsula Boulevard, Hempstead, New York 1150. It is anticipated Mr. Besedin will testify about all underlying facts on liability and damages.

2. Police Officer Stephen Beckwith

Police Officer Stephen Beckwith is a Defendant in this matter, and can be reached through his attorneys Nassau County Attorneys, One West Street, Mineola, New York 11501, (516)571-3056. As the Defendant, Officer Beckwith possesses knowledge, and information regarding the facts as set forth in the Complaint of this matter.

3. Police Officer John Mantovani

Police Officer John Mantovani is a Defendant in this matter, and can be reached through his attorneys Nassau County Attorneys, One West Street, Mineola, New York 11501, (516)571-3056. As the Defendant, Officer Beckwith possesses knowledge, and information regarding the facts as set forth in the Complaint of this matter.

4. Lloyd J. Nadel, Esq.

Mr. Nadel is a non party witness, and can be reached at the Law Office of Lloyd J. Nadel, 170 Old Country Road, Suite 600, Mineola New York 11501, (516) 877-2200. Mr. Nadel was Plaintiff's criminal defense attorney and possesses knowledge of the change in Plaintiff's mental status over the passage of time, his observations of the impact of the criminal process on Mr. Besedin and the response of Mr. Besedin to the charges against him and bail process as well as information regarding the facts as set forth in the Complaint of this matter.

5. Laura Besedin*

Laura Besedin is a non party witness, and can be reached at 922 Jennie Court, Bellemore, N.Y 11714. Laura Besedin possesses knowledge of Mr. Besedin's change in mental status and personally observed the impact this event had on her father and other facts and circumstances

relevant to Mr. Besedin's case. (Laura Besedin is provided in place of her mother who has recently passed away.)

6. A witness to authenticate the medical records listed below as Department of Veterans Affairs Medical Records - Northport Bates Stamps #BESEDIN.0001-0166.

7. A witness to authenticate the medical records listed below as Nassau University Medical Center Medical Records-Bates Stamp #BESEDIN.0167-0275.

PLAINTIFF'S EXPERT WITNESS:

8. Dr. N.G. Berrill

Dr N.G Berrill is the Executive Director of the New York City Center for Neuropsychology & Forensic Behavioral Science. Dr. N.G. Berrill's address is 26 Court Street, Suite 1711, Brooklyn Heights, N.Y 11242. Dr. N.G. Berrill is expected to testify regarding Plaintiff's damages including but not limited to traumatic brain injury and any such injuries caused and/or exacerbated by the incident at issue. Dr. Berrill is expected to provide testimony as to diagnosis and prognosis. It is anticipated Dr. N.G. Berrill will testify concerning Mr. Besedin's damages in the past and future.

Dr. Berrill will provide information concerning his examination of the Plaintiff and the he complained of problems with his back and shoulder and attributed his current difficulties to the arrest and subsequent injuries he suffered in February of 2017. Dr. Berrill will also address the opinions offered by Defendants'expert.

DEFENDANTS' WITNESSES:

A. Defendant Stephen Beckwith (fact witness);

B. Defendant Dominick Mantovani (s/h/a/ John Mantovani) (fact witness);

C. Thomas E. Myers (PhD) (expert witness – will testify as to the alleged damages Plaintiff suffered, including but not limited to post-traumatic stress disorder and traumatic brain injury. Will also testify in response to the testimony of Plaintiff's expert;

**6.1.9** **A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.**

*Deposition of Judith Besedin*

| From Page | From Line | To Page | To Line | Objections | Defendants' Cross-Designations |
|-----------|-----------|---------|---------|------------|-------------------------------|
|           |           |         |         |            | P.12 – 14, L. 15 – 2 |
|           |           |         |         |            | P. 20 – 24, L. 21 – L. 20 |
|           |           |         |         |            | P. 26 - 29 L . 6 – 6; |

| | | | | | P. 37, L. 16 - 19 |
| | | | | | P. 43 - 44, L. 24 – 25 |
| | | | | | P. 49, L. 12 – 24;<br>P. 55 - 57, L. 21 – 8; |
| | | | | | P. 64 – 65, L. 24 – L. 25 |
| | | | | | P. 68, L. 16 – 21; |
| | | | | | P. 70, L. 9 – 19;<br>P. 76 – 77, L. 14 – 18 |
| | | | | | P. 78 – 79, L. 20 - 6 |
| | | | | | P. 85 - 89, L. 14 – 15 |
| | | | | | P. 89 - 105, L. 12 - 10 |
| | | | | | P. 114 – 124, L. 4 – 24; |
| | | | | | P. 156, L. 2 - 11 |

*To the extent that a witness is not declared unavailable pursuant to Federal Rules of Evidence 804, Defendants will object to deposition testimony.

**6.1.10 Stipulations: A statement of stipulated facts, if any.**
None.

**6.1.11 A schedule listing exhibits to be offered into evidence and, if not admitted by stipulation, the party or parties that will be offering them.**

PLAINTIFF'S EXHIBITS:

| Description | Defendant's Objections/Bases | Plaintiff's Responses/Bases |
|---|---|---|
| 1. Certificate of Disposition with Bates Stamp # BESEDIN. 0327 | No objection if certified. | |
| 2. Felony Complaint- Assault in the second degree with Bates Stamp # BESEDIN. 0276-0277 | No objection unless it reflects a charge enhancement by the District Attorney | |
| 3. Felony District Court Information- Harassment in the second degree with Bates Stamp # BESEDIN. 0279 | Vague, unclear what "information" refers to. Likely irrelevant. | |
| 4. First District Court Information- Resisting Arrest with Bates Stamp # BESEDIN. 0278 | Vague, unclear what "information" refers to. Likely irrelevant. | |
| 5. Civil Cause for Status Conference on February 11, 2019 | Vague, irrelevant, likely inadmissible hearsay pursuant to FCP 802 | |
| 6. Order Discharge on Bond | Vague, irrelevant, likely | |

| | | |
|---|---|---|
| | inadmissible hearsay pursuant to FCP 802 | |
| 7. Plaintiff's Expert Report | Inadmissible hearsay pursuant to FRCP 802, prepared in anticipation of litigation. | |
| 8. Department of Veterans Affairs Medical Records-Northport Bates Stamps # BESEDIN. 0001-0166 | Object to certain portions as hearsay not covered by medical records exception under 803. | |
| 9. Nassau University Medical Center Medical Records-Bates Stamp # BESEDIN. 0167-0275 | Object to certain portions as hearsay not covered by medical records exception under 803. | |
| 10. Plaintiff's Complaint, Docket No.: CV-18-819 Bates Stamp # BESEDIN. 0280-0326 | Irrelevant, prejudicial, hearsay under 802. | |
| 11. Audio CD of Radio Calls, Bates Stamp #BESEDIN.0329-0330 | No objection. | |
| 12. Audio CD of Radio Calls, Bates Stamp #BESEDIN.0329-0330 | No objection. | |
| 13. USB containing pictures and videos of Robert Besedin's front porch and with police officers, Bates Stamp #BESEDIN.0327 | *See* Defendants Motion in Limine. If video is original, unedited copy, no objection if properly authenticated. | |
| 14. Transcript of dismissal of the charges | Objection to certain portions as irrelevant, hearsay under FRCP 802, prejudicial. | |
| 15. Decision of dismissal | Objection to certain portions as irrelevant, hearsay under FRCP 802, prejudicial. | |
| 16. The front of Plaintiff's house camera point of view picture BESEDIN. 0332 | No objection. | |
| 17. The front of Plaintiff's house camera picture BESEDIN. 0333 | No objection. | |
| 18. The front of Plaintiff's house picture BESEDIN. 0334 | Cumulative. | |
| 19. The front of Plaintiff's house picture BESEDIN. 0335 | Cumulative. | |
| 20. Front steps of Plaintiff's house picture BESEDIN. 0336 | Cumulative. | |
| 21. The Left Elbow of Plaintiff picture BESEDIN. 0337 | No objection if properly authenticated. | |
| 22. The Left Elbow of Plaintiff picture 2 BESEDIN. 0338 | No objection if properly authenticated. | |
| 23. The Left Hip of Plaintiff picture BESEDIN. 0339 | No objection if properly | |

| | | |
|---|---|---|
| | authenticated. | |
| 24. The Left Lower Back of Plaintiff picture BESEDIN. 0340 | No objection if properly authenticated. | |
| 25. The Left Wrist Handcuffs of Plaintiff picture BESEDIN. 0341 | Irrelevant, cumulative. | |
| 26. The Left Wrist Slammed down of Plaintiff picture BESEDIN.0342 | Irrelevant, cumulative. | |
| 27. The Right Hip of Plaintiff picture BESEDIN.0343 | Irrelevant, cumulative. | |
| 28. Truck of Plaintiff picture # 1 BESEDIN. 0344 | Irrelevant. | |
| 29.Truck of Plaintiff picture #2 BESEDIN. 0345 | Irrelevant. | |
| 30. Truck of Plaintiff picture #3 BESEDIN. 0346 | Irrelevant. | |
| 31. Truck parked of Plaintiff picture #1 BESEDIN. 0347 | Irrelevant. | |
| 32. Truck parked of Plaintiff picture #2 BESEDIN. 0348 | Irrelevant. | |
| 33. Truck parked of Plaintiff picture # 3 BESEDIN. 0349 | Irrelevant. | |
| 34. Unsealed Criminal Record Case Report of Plaintiff BESEDIN. NC000209-NC000324 | Hearsay under rule 802, irrelevant, highly prejducial. | |
| 35. Notice of Arrest Warrant of Plaintiff | Hearsay under rule 802, irrelevant, highly prejducial. | |
| 36. NCPD Internal Correspondence BESEDIN. 000040-000041 | Vague, Hearsay under rule 802, irrelevant, highly prejducial. | |
| 37. Defendant Police Officer Dominick Mantovani picture BESEDIN. 000205 | Vague. If referring to mugshot, then no objection. Otherwise irrelevant. | |
| 38. Defendant Police Officer Stephen Beckwith picture BESEDIN. 000204 | Vague. If referring to mugshot, then no objection. Otherwise irrelevant | |
| 39. ED Discharged Report and Doctor's Note of Defendant Mantovani | Object to certain portions as hearsay not covered by medical records exception under 803. | |
| 40. NCPD Members Injury/Accident Report, bates stamp 000091-000092 | Irrelevant, certain portions as hearsay not covered by medical records exception under 803. | |
| 41. Arrest Narrative, bates stamp 000065 | | |

| | | |
|---|---|---|
| 42. Notes from A.D.A Nadeau Badducci, bates stamp NC000021-NC000024 | Hearsay under FRCP 802, highly prejudicial. | |
| 43. County Court Conference Sheet, bates stamp NC000025-NC000028 | Hearsay under rule 802, irrelevant, | |
| 44. Statement by Stephen Besedin to police department, bates stamped 000038 | No objection. | |
| 45. Arrest Narrative, bates stamped 000081 | No objection. | |
| 46. Case Summary Report, bates stamped 000046-000047 | No objection. | |
| 47. Arrest Report, 000064 | No objection. | |
| 48. 911 Transcript, bates stamped NC000001-NC000011 | No objection. | |
| 49. Bench Warrant, bates stamped NC000019 | Hearsay under rule 802, irrelevant, | |
| 50. Defendant's Supplemental Initial Disclosures that include the names of five (5) people who may have knowledge of Mr. Besedin's arrest | Irrelevant. | |
| 51. Internal Affairs Summary Report | Irrelevant to issues, hearsay under rule 802. | |
| 52. Officer Beckwith's accident report and summary, bates stamp 000093-000094 | No objection. | |
| 53. Photographs of Plaintiff Besedin's head, bate stamp #NC001068-NC001069 | No objection if properly authenticated. | |

DEFENDANTS' EXHIBITS

| Description | Plaintiff's Objections/Bases | Defendant's Responses/Bases |
|---|---|---|
| A - Audio of 911 Calls | The audio is uncertified. Plaintiff contests the accuracy of the 911 audio calls. | |

| | | |
|---|---|---|
| | Fed. R. Evi. 802, Hearsay without an exception. | |
| B -  Transcript of 911 Calls | The audio is uncertified. Plaintiff contests the accuracyof the 911 audio calls. Fed. R. Evi. 802, Hearsay without an exception. | |
| C -  Medical records from Nassau University Medical Center (2/7/17 ER visit) [insert page numbers] | No objection. | |
| D.- Medical Records from Nassau University Medical Center (2/11/17 ER visit) | No objection. | |
| E –Medical Records from St. Charles Rehabilitation Center (Discharge Summary, 3 pages) | No objection. | |
| F -  Medical records of Plaintiff from Northport VA (pages 155-176, 184-188, 259, 283-284, 410-411, 459, 478, 500-501, 595-597, 608, 620 625-627, 711-712, 899 and 916) | Plaintiff objects to pages 167-174: Fed. R. Evi. 401, 402 & 403: The pages are not relevant and have no tendency to make any fact in consequence more or less probable. Additionally, the probative value is substantitally outweighed by the risk of prejudicing the jury against Mr. Besedin.<br><br>Plaintiff objects to pages 410-411: Fed R. Evi.: 401 & 402. The admitted page is irrelevant and has no tendency to make any fact more or less probable. | |

| | | |
|---|---|---|
| G - Letter from Judith Besedin to Dr. Shirley Tansiongco (Report Note pages 142-143 of Northport VA Medical Records) | Fed. R. Evi. 401&402- The letter is irrelevant and has no tendency to make any fact of consequence more or less probable. | |
| H - Medical records of Plaintiff from Zucker-Hillside Hospital (ED Behavioral Note pages 20-23) | Fed. R. Civ. Pro. 26F: Plaintiff did not receive a copy of these documents in discovery. | |

The parties do not consent to a less than unanimous verdict.

Dated: Carle Place, NY
     Hempstead, NY
     September 23, 2024

SUBMITTED BY:

LAW OFFICES OF FREDERICK K. BREWINGTON

By: _____

   Frederick K. Brewington
   Cobia M. Powell
   *Attorneys for Plaintiff*
   556 Peninsula Boulevard
   Hempstead, NY 11550

SOKOLOFF STERN LLP

By: _____/s/_____

   Kiera Meehan
   Andrew Blancato
   *Attorneys for Defendants*
   179 Westbury Avenue
   Carle Place, NY 11514

SO ORDERED:

_____
Nina R. Morrison, USDJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT BESEDIN, SR.,

Plaintiff,

-against-

COUNTY OF NASSAU, THE NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
STEPHEN BECKWITH AND POLICE OFFICER
JOHN MANTOVANI in their individual and official
capacities,

Defendants.

**JOINT
PRE-TRIAL ORDER**

18 Civ. 00819 (NRM) (ST)

The parties, through their respective attorneys, hereby submit the following as their

Joint Pretrial Order:

### 6.1.1 The full caption of the action.

The caption of the action is set forth above.

### 6.1.2 Parties and Counsel.

*For Plaintiff:*

Frederick K. Brewington

Cobia M. Powell
Law Offices of Frederick K. Brewington
556 Peninsula Boulevard
Hempstead, NY 11550
516-489-6959
Fax: 516-489-6958
Email: fred@brewingtonlaw.com

cobia.powell@brewingtonlaw.com

*For Defendants:*

Kiera Meehan
Andrew Blancato
SOKOLOFF STERN LLP
179 Westbury Avenue
Carle Place, New York 11514
Phone: (516) 334-4500
Fax: (516) 334-4501
Email: kmeehan@sokoloffstern.com
ablancato@sokoloffstern.com

**6.1.3 Jurisdiction: A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

The claims to be tried are plaintiff's claims under 42 U.S.C. § 1983 are for false arrest, excessive force, malicious prosecution and abuse of process, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. This Court has original subject matter jurisdiction over these claims under 28 U.S.C. § 1331.

For the purposes of this trial, defendants do not dispute subject-matter jurisdiction.

**6.1.4 Claims and Defenses: A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.**

*The following claims are to be tried regarding the incident dated February 7, 2017:*

a) Plaintiff's claim for false arrest against Defendant Stephen Beckwith and Defendant Mantovani pursuant to 42 U.S.C. § 1983;

b) Plaintiff's claim for excessive force against Defendant Stephen Beckwith and Defendant Mantovani pursuant to 42 U.S.C. § 1983;

c) Plaintiff's claim for malicious prosecution and abuse of process against Defendant Stephen Beckwith and Defendant Mantovani pursuant to 42 U.S.C. § 1983;

d) Plaintiff's claim against all Defendants pursuant to State law assault and battery, false arrest, abuse of process.

*Defendants assert the following defenses:*

e) Defendants deny all claims on the merits.

f) Defendants had probable cause to arrest Plaintiff;

g) Defendants used only a reasonable amount of force during Plaintiff's arrest;

h) Defendants contend that Plaintiff's pendant state law claims of false arrest, excessive force, and abuse of process/malicious prosecution cannot be placed on the verdict sheet (plaintiff cannot recover for federal causes of action and state causes of action based on the same facts). *See generally*, *Bender v. City of New York*, 78 F.3d 787 (2d Cir. 1996); *see* also, *Savage v. Snow*, 575 F. Supp. 828, fn. 20 (S.D.N.Y. 1988) ("it is a settled rule of law that one cannot recover damages under Section 1983 and state tort law if both claims are based on the same facts").

i) Defendants have qualified immunity in that it was objectively reasonable for them to believe as to each claim that their conduct did not violate clearly established law. Defendants' entitlement to qualified immunity is an issue of law to be decided by the Court based upon the facts found by the jury. Unless otherwise directed by the Court, the parties will prepare proposed special interrogatories for the jury prior to the charge conference. *See Cowan v. Breen*, 352 F.3d 756, 764-65, n.8 (2d Cir. 2003) (discussing use of special interrogatories in qualified immunity context).

### 6.1.5  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

Both parties agree that this case is to be tried by a jury in three to five days.

### 6.1.6  A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

The parties have not consented to trial before a Magistrate Judge.

### 6.1.7  Statement of Damages and Relief Sought:

The claim that Mr. Besedin engaged in a Felony Assault on police was a false and fabricated statement that led to a prolonged criminal proceeding. That arrest and that prosecution have caused extreme hardships for Mr. Besedin and his family financially and emotionally. All charges were dismissed by the people. The prosecution of Mr. Besedin was pressed by police Defendants despite their knowledge that they had assaulted and caused Mr. Besedin's injuries.

Plaintiff's are seeking Compensatory Damages in the sum of Ten Million Dollars ($10,000,000.00), Punitive Damages in the sum of Ten Million Dollars ($10,000,000.00), Declaratory Judgement that defendants willfully violated Plaintiff's rights secured by federal law, Injunctive relief requiring defendants to correct all past violations of federal law, Injunctive relief to enjoin defendants from continuing to violate federal law, award such other and further relief as this Court may deem appropriate, including costs and attorney's fees pursuant to 42 U.S.C. §1988.

**6.1.8  A list of fact and expert witnesses whose testimony is to be offered in each party's case in chief, along with the address of each witness and a brief narrative statement of the expected testimony of each witness.**


PLAINTIFFF'S WITNESSES:

1. Robert Besedin

Mr. Besedin will be called upon to testify in person and at the trial of this matter. Mr. Besedin can be reached through his attorneys, the LAW OFFICES OF FREDERICK K. BREWINGTON, 556 Peninsula Boulevard, Hempstead, New York 1150. It is anticipated Mr. Besedin will testify about all underlying facts on liability and damages.

2. Police Officer Stephen Beckwith

Police Officer Stephen Beckwith is a Defendant in this matter, and can be reached through his attorneys Nassau County Attorneys, One West Street, Mineola, New York 11501, (516)571-3056. As the Defendant, Officer Beckwith possesses knowledge, and information regarding the facts as set forth in the Complaint of this matter.

3. Police Officer John Mantovani

Police Officer John Mantovani is a Defendant in this matter, and can be reached through his attorneys Nassau County Attorneys, One West Street, Mineola, New York 11501, (516)571-3056. As the Defendant, Officer Beckwith possesses knowledge, and information regarding the facts as set forth in the Complaint of this matter.

4. Lloyd J. Nadel, Esq.

Mr. Nadel is a non party witness, and can be reached at the Law Office of Lloyd J. Nadel, 170 Old Country Road, Suite 600, Mineola New York 11501, (516) 877-2200. Mr. Nadel was Plaintiff's criminal defense attorney and possesses knowledge of the change in Plaintiff's mental status over the passage of time, his observations of the impact of the criminal process on Mr. Besedin and the response of Mr. Besedin to the charges against him and bail process as well as information regarding the facts as set forth in the Complaint of this matter.

5. Laura Besedin*

Laura Besedin is a non party witness, and can be reached at 922 Jennie Court, Bellemore, N.Y 11714. Laura Besedin possesses knowledge of Mr. Besedin's change in mental status and personally observed the impact this event had on her father and other facts and circumstances

relevant to Mr. Besedin's case. (Laura Besedin is provided in place of her mother who has recently passed away.)

6. A witness to authenticate the medical records listed below as Department of Veterans Affairs Medical Records - Northport Bates Stamps #BESEDIN.0001-0166.

7. A witness to authenticate the medical records listed below as Nassau University Medical Center Medical Records-Bates Stamp #BESEDIN.0167-0275.

PLAINTIFF'S EXPERT WITNESS:

8. Dr. N.G. Berrill

Dr N.G Berrill is the Executive Director of the New York City Center for Neuropsychology & Forensic Behavioral Science. Dr. N.G. Berrill's address is 26 Court Street, Suite 1711, Brooklyn Heights, N.Y 11242. Dr. N.G. Berrill is expected to testify regarding Plaintiff's damages including but not limited to traumatic brain injury and any such injuries caused and/or exacerbated by the incident at issue. Dr. Berrill is expected to provide testimony as to diagnosis and prognosis. It is anticipated Dr. N.G. Berrill will testify concerning Mr. Besedin's damages in the past and future.

Dr. Berrill will provide information concerning his examination of the Plaintiff and the he complained of problems with his back and shoulder and attributed his current difficulties to the arrest and subsequent injuries he suffered in February of 2017. Dr. Berrill will also address the opinions offered by Defendants' expert.

DEFENDANTS' WITNESSES:

A. Defendant Stephen Beckwith (fact witness);

B. Defendant Dominick Mantovani (s/h/a/ John Mantovani) (fact witness);

C. Thomas E. Myers (PhD) (expert witness – will testify as to the alleged damages Plaintiff suffered, including but not limited to post-traumatic stress disorder and traumatic brain injury. Will also testify in response to the testimony of Plaintiff's expert;

**6.1.9** **A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.**

*Deposition of Judith Besedin*

| From Page | From Line | To Page | To Line | Objections | Defendants' Cross-Designations |
|---|---|---|---|---|---|
| | | | | | P.12 – 14, L. 15 – 2 |
| | | | | | P. 20 – 24, L. 21 – L. 20 |
| | | | | | P. 26 - 29 L . 6 – 6; |

| | | | | | P. 37, L. 16 - 19 |
|---|---|---|---|---|---|
| | | | | | P. 43 - 44, L. 24 – 25 |
| | | | | | P. 49, L. 12 – 24;<br>P. 55 - 57, L. 21 – 8; |
| | | | | | P. 64 – 65, L. 24 – L. 25 |
| | | | | | P. 68, L. 16 – 21; |
| | | | | | P. 70, L. 9 – 19;<br>P. 76 – 77, L. 14 – 18 |
| | | | | | P. 78 – 79, L. 20 - 6 |
| | | | | | P. 85 - 89, L. 14 – 15 |
| | | | | | P. 89 - 105, L. 12 - 10 |
| | | | | | P. 114 – 124, L. 4 – 24; |
| | | | | | P. 156, L. 2 - 11 |

*To the extent that a witness is not declared unavailable pursuant to Federal Rules of Evidence 804, Defendants will object to deposition testimony.

**6.1.10  Stipulations: A statement of stipulated facts, if any.**
None.

**6.1.11  A schedule listing exhibits to be offered into evidence and, if not admitted by stipulation, the party or parties that will be offering them.**


PLAINTIFF'S EXHIBITS:

| Description | Defendant's Objections/Bases | Plaintiff's Responses/Bases |
|---|---|---|
| 1.  Certificate of Disposition with Bates Stamp # BESEDIN. 0327 | No objection if certified. | |
| 2.  Felony Complaint- Assault in the second degree with Bates Stamp # BESEDIN. 0276-0277 | No objection unless it reflects a charge enhancement by the District Attorney | |
| 3.  Felony District Court Information- Harassment in the second degree with Bates Stamp # BESEDIN. 0279 | Vague, unclear what "information" refers to.  Likely irrelevant. | |
| 4.  First District Court Information- Resisting Arrest with Bates Stamp # BESEDIN. 0278 | Vague, unclear what "information" refers to.  Likely irrelevant. | |
| 5.  Civil Cause for Status Conference Inadmissible hearsay pursuant to FCP 802 transcribed on February 11, 2019 | Vague, irrelevant, likely inadmissible hearsay pursuant to FCP 802 | |
| 6.  Order Discharge on Bond | Vague, irrelevant, likely | |

| | | |
|---|---|---|
| | inadmissible hearsay pursuant to FCP 802 | |
| 7. Plaintiff's Expert Report | Inadmissible hearsay pursuant to FRCP 802, prepared in anticipation of litigation. | |
| 8. Department of Veterans Affairs Medical Records-Northport Bates Stamps # BESEDIN. 0001-0166 | Object to certain portions as hearsay not covered by medical records exception under 803. | |
| 9. Nassau University Medical Center Medical Records-Bates Stamp # BESEDIN. 0167-0275 | Object to certain portions as hearsay not covered by medical records exception under 803. | |
| 10. Plaintiff's Complaint, Docket No.: CV-18-819 Bates Stamp # BESEDIN. 0280-0326 | Irrelevant, prejudicial, hearsay under 802. | |
| 11. Audio CD of Radio Calls, Bates Stamp #BESEDIN.0329-0330 | No objection. | |
| 12. Audio CD of Radio Calls, Bates Stamp #BESEDIN.0329-0330 | No objection. | |
| 13. USB containing pictures and videos of Robert Besedin's front porch and with police officers, Bates Stamp #BESEDIN.0327 | *See* Defendants Motion in Limine. If video is original, unedited copy, no objection if properly authenticated. | |
| 14. Transcript of dismissal of the charges | Objection to certain portions as irrelevant, hearsay under FRCP 802, prejudicial. | |
| 15. Decision of dismissal | Objection to certain portions as irrelevant, hearsay under FRCP 802, prejudicial. | |
| 16. The front of Plaintiff's house camera point of view picture BESEDIN. 0332 | No objection. | |
| 17. The front of Plaintiff's house camera picture BESEDIN. 0333 | No objection. | |
| 18. The front of Plaintiff's house picture BESEDIN. 0334 | Cumulative. | |
| 19. The front of Plaintiff's house picture BESEDIN. 0335 | Cumulative. | |
| 20. Front steps of Plaintiff's house picture BESEDIN. 0336 | Cumulative. | |
| 21. The Left Elbow of Plaintiff picture BESEDIN. 0337 | No objection if properly authenticated. | |
| 22. The Left Elbow of Plaintiff picture 2 BESEDIN. 0338 | No objection if properly authenticated. | |
| 23. The Left Hip of Plaintiff picture BESEDIN. 0339 | No objection if properly | |

| | | |
|---|---|---|
| | authenticated. | |
| 24. The Left Lower Back of Plaintiff picture BESEDIN. 0340 | No objection if properly authenticated. | |
| 25. The Left Wrist Handcuffs of Plaintiff picture BESEDIN. 0341 | Irrelevant, cumulative. | |
| 26. The Left Wrist Slammed down of Plaintiff picture BESEDIN.0342 | Irrelevant, cumulative. | |
| 27. The Right Hip of Plaintiff picture BESEDIN.0343 | Irrelevant, cumulative. | |
| 28. Truck of Plaintiff picture # 1 BESEDIN. 0344 | Irrelevant. | |
| 29.Truck of Plaintiff picture #2 BESEDIN. 0345 | Irrelevant. | |
| 30. Truck of Plaintiff picture #3 BESEDIN. 0346 | Irrelevant. | |
| 31. Truck parked of Plaintiff picture #1 BESEDIN. 0347 | Irrelevant. | |
| 32. Truck parked of Plaintiff picture #2 BESEDIN. 0348 | Irrelevant. | |
| 33. Truck parked of Plaintiff picture # 3 BESEDIN. 0349 | Irrelevant. | |
| 34. Unsealed Criminal Record Case Report of Plaintiff BESEDIN. NC000209-NC000324 | Hearsay under rule 802, irrelevant, highly prejducial. | |
| 35. Notice of Arrest Warrant of Plaintiff | Hearsay under rule 802, irrelevant, highly prejducial. | |
| 36. NCPD Internal Correspondence BESEDIN. 000040-000041 | Vague, Hearsay under rule 802, irrelevant, highly prejducial. | |
| 37. Defendant Police Officer Dominick Mantovani picture BESEDIN. 000205 | Vague. If referring to mugshot, then no objection. Otherwise irrelevant. | |
| 38. Defendant Police Officer Stephen Beckwith picture BESEDIN. 000204 | Vague. If referring to mugshot, then no objection. Otherwise irrelevant | |
| 39. ED Discharged Report and Doctor's Note of Defendant Mantovani | Object to certain portions as hearsay not covered by medical records exception under 803. | |
| 40. NCPD Members Injury/Accident Report, bates stamp 000091-000092 | Irrelevant, certain portions as hearsay not covered by medical records exception under 803. | |
| 41. Arrest Narrative, bates stamp 000065 | | |

| | | |
|---|---|---|
| 42. Notes from A.D.A Nadeau Badducci, bates stamp NC000021-NC000024 | Hearsay under FRCP 802, highly prejudicial. | |
| 43. County Court Conference Sheet, bates stamp NC000025-NC000028 | Hearsay under rule 802, irrelevant, | |
| 44. Statement by Stephen Besedin to police department, bates stamped 000038 | No objection. | |
| 45. Arrest Narrative, bates stamped 000081 | No objection. | |
| 46. Case Summary Report, bates stamped 000046-000047 | No objection. | |
| 47. Arrest Report, 000064 | No objection. | |
| 48. 911 Transcript, bates stamped NC000001-NC000011 | No objection. | |
| 49. Bench Warrant, bates stamped NC000019 | Hearsay under rule 802, irrelevant, | |
| 50. Defendant's Supplemental Initial Disclosures that include the names of five (5) people who may have knowledge of Mr. Besedin's arrest | Irrelevant. | |
| 51. Internal Affairs Summary Report | Irrelevant to issues, hearsay under rule 802. | |
| 52. Officer Beckwith's accident report and summary, bates stamp 000093-000094 | No objection. | |
| 53. Photographs of Plaintiff Besedin's head, bate stamp #NC001068-NC001069 | No objection if properly authenticated. | |

DEFENDANTS' EXHIBITS

| Description | Plaintiff's Objections/Bases | Defendant's Responses/Bases |
|---|---|---|
| A - Audio of 911 Calls | The audio is uncertified. Plaintiff contests the accuracy of the 911 audio calls. | |

| | | |
|---|---|---|
| | Fed. R. Evi. 802, Hearsay without an exception. | |
| B - Transcript of 911 Calls | The audio is uncertified. Plaintiff contests the accuracyof the 911 audio calls. Fed. R. Evi. 802, Hearsay without an exception. | |
| C - Medical records from Nassau University Medical Center (2/7/17 ER visit) [insert page numbers] | No objection. | |
| D.- Medical Records from Nassau University Medical Center (2/11/17 ER visit) | No objection. | |
| E –Medical Records from St. Charles Rehabilitation Center (Discharge Summary, 3 pages) | No objection. | |
| F - Medical records of Plaintiff from Northport VA (pages 155-176, 184-188, 259, 283-284, 410-411, 459, 478, 500-501, 595-597, 608, 620 625-627, 711-712, 899 and 916) | Plaintiff objects to pages 167-174: Fed. R. Evi. 401, 402 & 403: The pages are not relevant and have no tendency to make any fact in consequence more or less probable. Additionally, the probative value is substantitally outweighed by the risk of prejudicing the jury against Mr. Besedin. Plaintiff objects to pages 410-411: Fed R. Evi.: 401 & 402. The admitted page is irrelevant and has no tendency to make any fact more or less probable. | |

| | | |
|---|---|---|
| G - Letter from Judith Besedin to Dr. Shirley Tansiongco (Report Note pages 142-143 of Northport VA Medical Records) | Fed. R. Evi. 401&402- The letter is irrelevant and has no tendency to make any fact of consequence more or less probable. | |
| H - Medical records of Plaintiff from Zucker-Hillside Hospital (ED Behavioral Note pages 20-23) | Fed. R. Civ. Pro. 26F: Plaintiff did not receive a copy of these documents in discovery. | |

The parties do not consent to a less than unanimous verdict.

Dated: Carle Place, NY
      Hempstead, NY
      September 23, 2024

SUBMITTED BY:

LAW OFFICES OF FREDERICK K. BREWINGTON

By: _____
    Frederick K. Brewington
    Cobia M. Powell
    *Attorneys for Plaintiff*
    556 Peninsula Boulevard
    Hempstead, NY 11550

SOKOLOFF STERN LLP

By: _____/s/_____
    Kiera Meehan
    Andrew Blancato
    *Attorneys for Defendants*
    179 Westbury Avenue
    Carle Place, NY 11514

SO ORDERED:

_____
Nina R. Morrison, USDJ