UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

ROBERT BESEDIN, SR.,                                    **DOCKET NO.: CV-18-819**
                                                                        **(NRM)(ST)**

                        Plaintiff,

            -against-


COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER STEPHEN
BECKWITH AND POLICE OFFICER JOHN
MANTOVANI in their individual and official capacities,

                        Defendants.
-----------------------------------------------------------------X

<u>**PLAINTIFF'S REQUEST TO CHARGE**</u>

      PLEASE TAKE NOTICE that, pursuant to Rule 51 of the Federal Rules of Civil Procedure.

Plaintiff provides this submission which serves to provide supplemental requests the Court to give

the following instructions to the jury, in addition to such other generally applicable instructions that

the Court may give.  It is respectfully requested that during the course of this trial and at the end of

the proof in this case that counsel for the plaintiff be allowed to amend and/or supply additional

Requests to Charge.

# PLAINTIFF RESPECTFULLY RESERVES THE RIGHT TO SUPPLEMENT THESE JURY INSTRUCTIONS AS TO ANY LEGAL ISSUES THAT REMAIN UNADDRESSED AND/OR UPON REQUEST FOR FURTHER SUBMISSIONS AS MAY BECOME EVIDENT DURING THE PROCEEDINGS IN THIS MATTER.

**INSTRUCTION 71-1**

**JUROR ATTENTIVENESS**

1.      Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

2.      It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

3.      I ask you to give me that same careful attention as I instruct you on the law.

**<u>INSTRUCTION 71-2</u>**

**ROLE OF THE COURT**

4.      You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

5.      My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

6.      On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

7.      You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

8.      You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

> **_AUTHORITIES:_**
> **_United States Supreme Court:_** _The Patapso Insurance Co. v. Southgate_, 30 U.S. 604, 621, 8 L. Ed. 243 (1831).
> **_Second Circuit:_** _Franks v. United States Lines Co._, 324 F. 2d 126 (2nd Cir. 1963).
> **_Third Circuit:_** _United States v. 564.54 Acres of Land, More or Less_, 576 F.2d 983 (3rd Cir. 1978), rev'd on other grounds, 441 U.S. 506 (1979).
> **_Fifth Circuit:_** _Shelak v. White Motor Co._, 636 F.2d 1155 (5th Cir. 1978); _Shelak v. White Motor Co._, 450 F.2d 1155 (5th Cir. 1978); _Martin v. Travelers Idemnity Co._, 450 F.2d 542 (5th Cir. 1971); _Troutman v. Southern Railway Co._, 441 F.2d 586 (5th Cir.), cert. denied, 404 U.S. 871 (1971).
> **_Sixth Circuit:_** _Nolan v. Greene_, 383 F.2d 814 (6th Cir. 1967); _Tyree v. New York City Central R.R._, 382 F.2d 524 (6th Cir.), cert. denied, 389 U.S. 1014 (1967).

## INSTRUCTION 71-3

## ROLE OF THE JURY[1]

9.      As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

10.      In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said--or what I may say in these instructions--about a fact issue evidence. In this connection, you should bear in mind that a question

---

[1] **Adapted from the charges of Judge Weinfeld in** Mollica v. Compania Sud-America DeVaporea, Civ. 65-60 (S.D.N.Y.), and Grossman v. United Fruit Co., Civ. 45-3437 (S.D.N.Y. 1953).

put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

11.     Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

12.     I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

13.     As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

**INSTRUCTION 71-10**

**SYMPATHY**

14.     Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

15.     You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You

must make a fair and impartial decision so that you will arrive at the just verdict.

>***AUTHORITIES:***
>***United States Supreme Court:*** In re Murchison, *349 U.S. 133, 75 S. Ct. 623, 99 L. Ed. 942 (1955).*
>***Seventh Circuit:*** Joan W. v. City of Chicago, *771 F.2d 1020 (7th Cir. 1985).*

## INSTRUCTIONS 71-12

### PUBLICITY--PRELIMINARY STATEMENT

16.     There may be some newspaper attention given to this case, or there may be some talk about it on the radio or television.  If there is that kind of media attention during the trial, you must insulate yourselves from all information about this case, except what come to you in this courtroom through the rules of evidence.  So, when you leave here and go to your home and pick up th paper, if you see something about the case, you must put the paper down right away.  Do not read the article.

17.     I will also tell you to avoid listening to or watching any radio, television, social media or other electonic discussion of the case.

>***AUTHORITIES:***
>***First Circuit:*** United States v. Porcaro, *648 F.2d 753 (1st Cir. 1981).*
>***Fifth Circuit:*** United States v. Harrelson, *754 F.2d 1153 (5th Cir. 1985).*
>***Seventh Circuit:*** United States v. Tropnell, *638 F.2d 1016 (7th Cir. 1980).*
>***Ninth Circuit:*** Los Angeles Memorial Coliseum Comm'n v. National Football League, *726 F.2d 1381 (9th Cir. 1984);* United States v. Polizzi, *500 F.2d 856 (9th Cir. 1974), cert. denied, 419 U.S. 1120 (1975).*

## INSTRUCTION 71-13

### PUBLICITY--REMINDER

18.     Let me remind you once again to avoid reading about the case in the newspapers, watching any news concerning the case on television or listening to any radio accounts of the case. Please be mindful of my admonition that you must limit the information you get about the case to

5

what comes to you in the courtroom through the rules of evidence.

> ***AUTHORITIES:***
> ***Fifth Circuit:*** <u>*United States v. Williams*</u>*, 809 F.2d 1072 (5th Cir.), reh'g denied, 817 F.2d 1136 (1987);* <u>*United States v. Herring*</u>*, 568 F.2d 1099 (5th Cir. 1978).*
> ***Ninth Circuit:*** <u>*United States v. Polizzi*</u>*, 500 F.2d 856 (9th Cir. 1974), cert. denied, 419 U.S. 1120 (1975).*

<u>Burden of Proof Preponderance of Evidence</u>

19.     At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.

20.     The party who has the burden of proof on a particular issue has the burden of establishing his position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to establish his position by a preponderance of the evidence, you must decide against that party on that issue.

21.     What does "preponderance of evidence" mean? A fact is established by a preponderance of the evidence when it is shown that the fact is more likely true than not true. Preponderance of the evidence means the greater weight of the evidence. You are to determine whether a fact is established by a preponderance of the evidence on the basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits. In determining whether a fact has been proved by a preponderance of the evidence, you should consider all of the relevant evidence. You should consider the relevant testimony of the witnesses, regardless of which party may have called them, and the relevant exhibits received in evidence, regardless of which party may have introduced them.

22.     What if you find that the credible evidence of a particular fact is evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is

right? In that case you must decide that issue against the party who has the burden of proof. This is because the party who bears the burden of proof must establish more than equality of evidence; he or she must prove the fact at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof is not required to prove more than a preponderance. As long as you find that the balance tips, however slightly, in favor of the party with the burden of proof, so that the fact is more likely true than not true, that fact will have been proven by a preponderance of evidence.

23.     You may have heard the phrase proof beyond a reasonable doubt. This is the standard of proof required in a criminal trial. That requirement does not apply in a civil case such as this.

 Direct and  Circumstantial Evidence

24.     I told you that evidence comes in various forms such as the sworn testimony of witnesses, exhibits, and stipulations. In addition, there are two different kinds of evidence—direct evidence and circumstantial evidence.

25.     Direct evidence can prove a material fact by itself. It doesn't require any other evidence. It doesn't require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what he or she saw, heard, or felt. In other words, when a witness testifies about what is known from his/her own personal knowledge by virtue of his/her own senses, what he or she sees, touches, or hears—that is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

26.     Circumstantial evidence is the opposite of direct evidence. It cannot prove a material fact by itself. Rather, it is evidence that tends to prove a material fact when considered together with

other evidence and by drawing inferences. There is a simple example of circumstantial evidence which is often used in the federal courts.

27.     Assume that when you got up this morning it was a nice, sunny day. But when you looked around you noticed that the streets and sidewalks were very wet. You had no direct evidence that it rained during the night. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had rained during the night.

28.     Not all circumstantial evidence presents such a clear compelling inference; the strength of the inferences arising from circumstantial evidence is for you to determine. It is for you to decide how much weight to give to any evidence.

29.     Inference from circumstantial evidence may be drawn on the basis of reason, experience, and common sense. Inferences may not, however, be drawn by guesswork, speculation, or conjecture.

30.     The law does not require a party to introduce direct evidence. A party may prove a fact based entirely on circumstantial evidence or upon a combination of direct and circumstantial evidence. Circumstantial evidence is not less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

## JUDICIAL NOTICE

31.     I have taken judicial notice of certain facts which are not subject to reasonable dispute.  I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true.  You are required to accept these facts as true in reaching you verdict.

## STIPULATION of FACTS

32.     A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

> ***AUTHORITIES:***
> ***Sixth Circuit:*** *Brown v. Tennessee Gas Pipeline Co., 623 F.2d 450, 454 (6th Cir. 1980).*
> ***Ninth Circuit:*** *Verzosa v. Merrill Lynch, Pierce, Fenner & Smith, 589 F.2d 974, 977 (9th Cir. 1978).*

## INSTRUCTION 74-13

## INTERROGATORIES

33.     You have heard and seen evidence in this case which is in the form of interrogatories. Interrogatories are written questions posed by one side which call for written answers under oath from the other side.  Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

34.     You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

35.     In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence.  It is up to you to determine what weight, if any should be given to the interrogatory answers which have been admitted as evidence.

(If applicable: One cautionary word on this subject: while you may consider the interrogatory answers as evidence against the party who gave the answers, you may not consider the answers against any other party, nor may you consider the answers as evidence against the party who posed the interrogatory questions.  You may only consider the interrogatory answer as evidence against the party who gave the answer.)

***AUTHORITIES:***
***District of Columbia Circuit:*** <u>*Stottlemire v. Cawood*</u>, *213 F. Supp. 897 (D.D.C. 1963).*
***First Circuit:*** <u>*Ware v. Garvey*</u>, *139 F. Supp. 71 (D. Mass. 1956).*
***Second Circuit:*** <u>*Rosenthal v. Poland*</u>, *337 F. Supp. 1161, 1170 (S.D.N.Y. 1972).*
***Third Circuit:*** <u>*Zenith Radio Corp. v. Matsushita Electric Industrial Co.*</u>, *505 F. Supp. 1190 (E.D. Pa 1980).*
***Fourth Circuit:*** <u>*Marcoin, Inc. v. Edwin K. Williams & Co., Inc.*</u>, *605 F.2d 1325, 1328 (4th Cir. 1979);* <u>*Coca-Cola Co. v. Dixi-Cola Laboratories*</u>, *30 F. Supp. 275, 279 (D. Md. 1939).*
***Sixth Circuit:*** <u>*Freed v. Erie Lackawanna Railway Company*</u>, *445 F.2d 619, 621 (6th Cir. 1971), cert. denied, 404 U.S. 1017 (1972);* <u>*Gridon Steele Co. v. Jones v. Laughlin Steel Corp.*</u>, *361 F.2d 791, 794 (6th Cir. 1966).*
***Ninth Circuit:*** <u>*Donovan v. Crisostomo*</u>, *682 F.2d 869, 875 (9th Cir. 1982);* <u>*Victory Carriers, Inc. v. Stockton Stevedoring Co.*</u>, *388 F.2d 955, 959 (9th Cir. 1968).*
***Tenth Circuit:*** <u>*Helig v. Studebaker Corporation*</u>, *347 F.2d 686, 689 (10th Cir. 1965).*

## DEPOSITIONS

36.     Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Credibility of Witnesses**

37.     In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. It is solely for you, the jury, to determine the credibility of a witness's testimony. Credibility means the believability of a witness's testimony. You may believe everything a witness says, or part of it, or none of it.

38.     In considering the testimony of any witness, you may take into account:

•       The opportunity and ability of the witness to see or hear or know the thing

10

testified to;
• The witness' memory;
• The witness' manner while testifying;
• The witness' interest in the outcome of the case and any bias or prejudice he or she may have;
• Whether other evidence contradicted the witness' testimony;
• The reasonableness of the witness' testimony in light of all the evidence; and
• Any other factors that bear on believability.

**Action by Private Citizen Against Police Officers: All Persons Stand Equal Before the Law**

39.     As you know, this action was brought by a private citizen against Police officers. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

**Police Officers  and  Civilian  Witnesses**

40.     You have heard the testimony of witnesses who are civilians and the testimony of witnesses who are Police officers.

41.     In evaluating this testimony, you are to apply the same standards of evaluation to each witness. You shall not give any greater or lesser weight to the testimony of a witness solely because of his occupation as a Police officer.

**Accept in whole or in part (falsus in uno)**

42.     If you find that any witness has intentionally testified falsely as to any material fact, you may disregard that witness's entire testimony.  Or, you may disregard so much of it as you find was  untruthful, and accept so much of it as you find to have been truthful and accurate.

**Police Officer Witness - Bias**

43.     A number of Police officers testified at the trial. At the time of the occurrence involved in this case they were, and still are, employees of the defendant County of Nassau Police's Department.

44.     The fact that these witnesses were and still are employed by the defendant Police department may be considered by you in determining whether their testimony was in any way influenced by their employment relationship with the Police department.

## INFERENCES

45.     In their arguments, the attorneys have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

46.     An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

47.     There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The plaintiff asks you to draw one set of inferences, while the defendants ask you to draw another.  It is for you, and you alone, to decide what inferences, if any, you will draw.

48.      The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, is permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

49.     So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proved, such reasonable inferences as would be justified

in light of your experience.

## Expert Testimony By Treating Doctors

50.     You will recall that Doctors N.G. Berrill and Thomas E. Meyers both gave testimony in the field of neuro-psychology.

51.     When a case, like this case, involves matters that require special knowledge, experience, skill, or training not possessed by the average person, an expert is permitted to provide information and give opinions in order to assist the court and the jury. The opinions stated by the medical experts in this case were based either upon particular facts that each witness observed from their review of documents and information available to each of them, or upon facts that the attorney who questioned him asked him to assume.

52.     An expert is allowed to express his opinion on subjects about which he has special knowledge, experience, skill, or training. Expert testimony is presented to you so that someone who has special expertise can assist you in understanding and evaluating the evidence in this case.

53.     Merely because an expert witness has expressed an opinion does not mean that you must accept that opinion. You must determine the reliability of the expert's opinion. You must evaluate the expert's opinion in light of the other evidence in the case. You may reject the expert's opinion if you find the facts to be different from those that formed the basis for his opinion. You may also reject the expert's opinion if, after careful consideration of all the evidence in the case, you disagree with the expert's opinion. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by the other evidence in the case. Expert testimony is given to assist you in reaching a proper conclusion. In determining how much weight, if any, to give to expert testimony, you may consider the expert's qualifications in the field. Expert

testimony must be considered by you, but it is not controlling upon your judgment.

## The Statute: 42 U.S.C. § 1983

54.     In his lawsuit, plaintiff Robert Besedin has sued the aforementioned Police Officers of the County of Nassau for money damages.  Mr. Besedin  alleges that these defendants, acting under color of state law, deprived him of rights and privileges guaranteed by the United States Constitution.

## SECTION 1983: ITS FUNCTION, AND ELEMENTS OF CLAIM FOR RELIEF

### *The Statute and Its Function*

55.     Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983. The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

56.     Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution. It was passed by Congress to enforce the Fourteenth Amendment of the Constitution. The Fourteenth Amendment provides in relevant part that:

> no state shall . . . deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

57.     Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to him by the federal Constitution. Later in these instructions I will explain to you what these federal constitutional rights

14

are, and what the plaintiff must show to demonstrate a violation of these rights.

58.    To establish his claim under section 1983, the plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

> *First*, that the defendant's conduct was under color of state law;
>
> *Second*, that this conduct deprived the plaintiff of a right protected by the Constitution of the United States [*or* a federal statute]; and
>
> *Third,* that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain each of these elements to you.

### *First Element: Color of Law*

59.    As to the first element—whether the defendants were acting under color of state law—there is no dispute in this case that during the events in issue here the defendants as Police officers were acting under color of law. Therefore, you need not concern yourself with that element of the plaintiff's case.

### *Second Element: Deprivation of a Federal Right*

60.    The second element of the plaintiff's claim is that the defendants' conduct deprived plaintiff of a federal right. Plaintiff claims in this case that he was deprived of his right to be free of an unreasonable seizure under the Fourth Amendment to the federal Constitution. I will explain the elements of the plaintiff's Fourth Amendment claim later in these instructions. [See Part II Constitutional Claims, *infra.*]

### *Third Element: Proximate Cause*

61.    The third element that plaintiff must prove is that the defendants' conduct was a proximate cause of plaintiff's injury and damage. Under Section 1983 the defendants are responsible

for the natural consequences of their actions. An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's injury. You must determine whether injury or damage suffered by the plaintiff was a reasonably foreseeable consequence of the defendants' conduct. An injury that is a direct result, or a reasonable probable consequence of a defendants' conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard defendant's conduct as being a cause of the injury. If so, the conduct is a proximate cause.

62.    A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

### *General Wrap-up on Elements of the Claim: Multiple Defendants*

63.    If you find that plaintiff has proven all three elements of his claim by a preponderance of the evidence with respect to a particular defendant whom you are considering separately, you should find that defendant is liable. If you find that plaintiff has not proven any one of these elements with respect to the particular defendant you are considering, then you must find that defendant not liable and return a verdict in Defendants' favor. Remember that the case as to each of these individual defendants must be considered separately by you. The fact that you find that one of the defendants is or is not liable does not determine your verdict as to any other one of these defendants.

### **BURDEN OF PROOF ON SECTION 1983 ELEMENTS**

64.    The plaintiff has the burden of proving each element of his § 1983 claim by a preponderance of the evidence. Preponderance of the evidence means that it is more likely than not

16

that the fact occurred.

65.     Thus, in order to prevail on his claim, the plaintiff must persuade you that it is more likely than not: first, that the conduct complained of was committed by a person acting under color of state law; second, that the conduct deprived the plaintiff of a right protected by the federal Constitution; and third, that the defendants' conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

**NO SPECIFIC INTENT**

66.     Section 1983 does not require the plaintiff to demonstrate that the defendants acted willfully, or with the specific intent to violate the plaintiff's federally protected rights. Nor does § 1983 require the plaintiff to show that the defendant abused governmental power.

**LOSS OF FEDERAL RIGHTS**

**FALSE WARRANTLESS ARREST**

67.     The Plaintiff claim that Mr. Besedin was unlawfully arrested on February 7, 2017, without probable cause to believe he committed an offense or crime.  The Defendants claim that they arrested Mr. Besedin for harassment, felony assault and resisting arrest in violation of the New York State Penal Law. The Defendants did not have a warrant to arrest Mr. Besedin. (Authority: *Jenkins v. City of New York*, 478 F.3d 76, 88 (2d Cir. 2007) ("Where an officer makes an arrest without a warrant, the presumption arises that the plaintiff's arrest was unlawful."); *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003) (quotations and citations omitted); .  The Fourth Amendment to the United States Constitution provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

17

68.     Police officers must have probable cause or reasonable suspicion that a crime has been committed to seize and then arrest a person.

69.     The Fourth Amendment thus prohibits the police from carrying out unreasonable seizures. An arrest is considered a "seizure" within the meaning of the Fourth Amendment. Under the Fourth Amendment an arrest may be made only when a police officer has probable cause to believe that the person arrested has engaged in criminal conduct. An arrest without probable cause is an unreasonable seizure.

70.     I will refer to harassment, felony assault and resisting arrest as an "offense" or "offenses."  The critical question for you to decide is whether the plaintiff's arrest on February 7, 2017 was lawful. Whether the arrest was lawful depends upon whether the defendant police officer had probable cause to believe that the plaintiff was committing the any or all of the offenses of harassment, felony assault, and resisting arrest.

71.     In this case, the defendant police officers did not have an arrest warrant. An arrest without an arrest warrant is presumptively unlawful. Whether the arrest was lawful depends upon whether the defendant officer had "probable cause" to believe that the plaintiff was committing or had committed an offense or a crime.

72.     What does the law mean by probable cause? Probable cause is not proof beyond a reasonable doubt or proof sufficient to convict. Neither, however, is it mere speculation or surmise. Probable cause exists when the facts and circumstances within the knowledge of the police officer at the time the arrest was made were sufficient to warrant a police officer of reasonable prudence to believe that an offense or a crime was being committed by the person arrested in the presence of the arresting officer. This determination is made on the basis of the totality of the circumstances

18

viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest.

73.     As I mentioned, the Defendants have the burden of establishing by a preponderance of the evidence that probable cause existed for Mr. Besedin's arrest. If probable cause existed for the arrest, then Mr. Besedin was not subjected to an unreasonable seizure and your verdict must be for the Defendants on this claim.

74.     In order for you to determine whether the defendant police officer had probable cause to arrest the plaintiff, for any of the charges made against him, I shall instruct you as to the elements of the crime and the offenses that the plaintiff was initially charged with committing when he was arrested.

75.     **Harassment**. Under our law, a person is guilty of Harassment in the Second Degree when, with intent to harass, annoy or alarm another person, he or she strikes, shoves, kicks or otherwise subjects such other person to physical contact  and which serve no legitimate purpose. [NO LEGITIMATE PURPOSE means the absence of expression of ideas or thoughts other than threats and/or intimidating or coercive conduct.] The following term used in that definition has a special meaning: INTENT means conscious objective or purpose.  Thus, a person acts with intent to harass, annoy or alarm a person when his or her conscious objective or purpose is to do so. In order for Defendants to have lawfully arrested Mr. Besedin the evidence must show the following two elements: (1) That on or about February 7, 2017, in the county of Nassau, the defendant, Mr. Besedin, allegedly  slapped Defendant Beckwith's outstretched hand while Beckwith was giving lawful orders to back away from police officers conducting a police investigation;  (2) That the defendant did so with intent to harass, annoy or alarm Defendant Beckwith. (CJI2d[NY] PENAL

LAW ARTICLE 240.26) (Internal Notes and Footnotes Omitted).

76. **Assault in the Second Degree**. Under our law, a person is guilty of Assault in the Second Degree when, with the intent to prevent a police from performing a lawful duty, he or she causes physical injury to such person. The following terms used in that definition have a special meaning: INTENT means conscious objective or purpose. Thus, a person acts with intent to prevent a police officer from performing a lawful duty when that person's conscious objective or purpose is to prevent such person from performing a lawful duty. PHYSICAL INJURY means impairment of physical condition or substantial pain.

In order for you Defendants to have lawfully arrested Mr. Besedin the evidence must show:(1)That on or about February 7, 2017 , in the county of Nassau, the defendant, Mr. Besedin, caused physical injury to Defendant Mantovani; (2) That Defendant Mantovani was a police officer; and (3) That the Mr. Besedin caused such physical injury with intent to prevent Defendant Mantovani from performing a lawful duty. (CJI2d[NY] PENAL LAW ARTICLE 120.05(3)) (Internal Notes and Footnotes Omitted).

77. **Resisting Arrest**. Under our law, a person is guilty of Resisting Arrest when he or she intentionally prevents or attempts to prevent a police officer from effecting an authorized arrest of himself or herself [or another person]. The following terms used in that definition have a special meaning: Intent means conscious objective or purpose. Thus, a person INTENTIONALLY prevents or attempts to prevent a police officer from effecting an authorized arrest of himself/herself [or another person] when his or her conscious objective or purpose is to do so. An arrest is authorized when the police officer making the arrest has reasonable cause to believe that the person being arrested has committed a crime. Reasonable cause does not require proof that the crime was in fact

20

committed.  Reasonable cause exists when information which appears reliable discloses facts or circumstances sufficient to convince a person of reasonable caution that it is more likely than not that an offense was or is being committed and that the person arrested committed it. In order for Defendants to have lawfully arrested Mr. Besedin the evidence must show the following two elements: (1) That on or about February 7, 2017 , in the county of Nassau, the defendant, Mr. Besedin, prevented or attempted to prevent a police officer(s) from effecting an authorized arrest of himself; and (2) That the Mr. Besedin did so intentionally. CJI2d[NY] PENAL LAW ARTICLE 205.30 (Internal Notes and Footnotes Omitted).

78.     I instruct you that if police officers Mantovani and/or Beckwith had probable cause to arrest the plaintiff for harassment, felony assault and/or resisting arrest, then the plaintiff was not unlawfully arrested, and your verdict must be in favor of the defendants on Plaintiff's Section 1983 claim for unlawful arrest.

79.     The existence of probable cause is measured as of the moment of the arrest, not on the basis of later developments. Thus, the ultimate disposition of the criminal charges is irrelevant as to this False Arrest claim. Therefore, in determining whether there was probable cause to arrest the plaintiff, I instruct you that you are not to take into account the fact that the charges against the plaintiff were eventually dismissed.

80.     Accordingly, on the issue of the alleged constitutional violation of making an unlawful arrest for harassment, felony assault and/or resisting arrest, if you determine that the plaintiff established, by a preponderance of the evidence, that there was no probable cause to arrest Mr. Besedin on the charge of harassment, felony assault and/or resisting arrest, your verdict must be in Mr. Besedin's favor and against the defendant as to the unlawful arrest claim for relief.

81.     However, if you determine that there was probable cause to arrest Mr. Besedin for harassment, felony assault and/or resisting arrest, then the arrest would be lawful and your verdict must be in favor of the defendants on this claim.

**False Arrest- State Law Claim**

82.     PJI 3:5- False Arrest- State Law Claim. As you have heard, the plaintiff, Mr. Besedin, seeks damages for false arrest. A person commits a false arrest if he or she intentionally and without the right to do so arrests or takes into custody another person who is aware of the arrest and does not consent to it. Mr. Besedin claims that the defendants, Mantovani and Beckwith, arrested him without a warrant and caused Mr. Besedin to sustain damages. Defendants Mantovani and Beckwith admit that they arrested Mr. Besedin and that they did not have a warrant, but say that under the circumstances the arrest was lawful.

83.     Defendants Mantovani and Beckwith, as police officers, had the right to arrest Mr. Besedin without a warrant if they had reasonable cause to believe that both a crime had been committed and Mr. Besedin had committed it. Defendants Mantovani and Beckwith must prove that they had reasonable cause for believing that a crime had been committed and that Mr. Besedin was the person who had committed it. Reasonable cause for Mr. Besedin's arrest existed if the facts and circumstances known to Defendants Mantovani and Beckwith, or the information that they had before making the arrest, were such as to lead a reasonably prudent person to believe that both a crime had been committed and Mr. Besedin was the person who had committed it. If the arrest of Mr. Besedin was made with reasonable cause, it was lawful even though Mr. Besedin was not convicted of the crime for which he was arrested. Defendants Mantovani and Beckwith claim that at the time they arrested Mr. Besedin the facts as they appeared to them were sufficient to constitute

reasonable cause. If you find that the facts appeared to Defendants Mantovani and Beckwith as they claim and that a reasonably prudent person would have believed that those were the facts, your finding will be that Defendants Mantovani and Beckwith had reasonable cause to believe that both a crime had been committed, and Mr. Besedin had committed it, your finding will be that there was no false arrest. If you find that the facts as they appeared to Defendants Mantovani and Beckwith were not as they claim or that it was not reasonable for them to have believed that those were the facts or that it was not reasonable for them to conclude that Mr. Besedin had committed a crime, your finding will be that Defendants Mantovani and Beckwith did not have reasonable cause for the arrest and that there was a false arrest. (New York Pattern Jury Instructions, Volume 2, PJI 3:5)(Internal Notes and Footnotes Omitted).

## MALICIOUS PROSECUTION - 42 U.S.C. § 1983

84.    I instruct you that, since the defendants were officials of the defendant Nassau County and the Nassau County Police Department at the time of the acts in question, they were acting under color of state law.

85.    In the instant case, the plaintiff claims that he was maliciously prosecuted by the defendants. As already noted, you must first determine that the defendants acted in the manner the plaintiff alleges.

86.    Plaintiff alleges malicious prosecution by the defendants. A Section 1983 claim based on malicious prosecution is generally adjudged in accordance with the four elements of a common law tort for malicious prosecution: (1) commencement or continuation of a criminal proceeding; (2) lack of probable cause; (3) existence of malice; and (4) termination in plaintiff's favor. The latter element is met where the final disposition of the subject proceedings indicate that the accused is not

guilty.

87.     There is no dispute that the plaintiff was the subject of a criminal proceeding initiated by the defendants against the plaintiff and that such proceeding was terminated in favor of the plaintiff. I am instructing you that the plaintiff has satisfied the first and last element of the malicious prosecution claim. It is for you as jurors to decide whether the defendants lacked probable cause to arrest the plaintiff and whether the prosecution of the plaintiff was done with malice.

### EXCESSIVE FORCE

88.     Plaintiff claims that the defendant Police officers violated his Fourth Amendment rights by using excessive force while in the custody of the Nassau County Police Department, defendants, abused, assaulted and battered plaintiff. Defendants deny that they  abused, assaulted and  battered plaintiff,  or that they used excessive force. The Fourth Amendment to the United States Constitution states that there shall be no unreasonable seizures. Excessive force is a seizure. A Police officer may use reasonable force in seizing a person, but the Fourth Amendment prohibits the use of unreasonable force. Therefore, a person has a constitutional right under the Fourth Amendment to be free of excessive force when being arrested.

89.     Every person has the right not to be subjected to unreasonable or excessive force while in the custody of law enforcement officers, even though the arrest itself is otherwise in accordance with the law. On the other hand, in seizing a person, Police officers have the right to use such force as is necessary under the circumstances to effect a lawful seizure, and at the same time to protect themselves or others from physical harm. Whether or not the force used in seizing a person  was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent Police officer would have applied in effecting the arrest under the

24

circumstances in this case.

90.     In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence in this case establishes that there was some forcible contact between the plaintiff and the defendants would not be sufficient by itself to demonstrate that the defendants violated the plaintiff's constitutional rights. On the other hand, you may find that abusing, assaulting and battering plaintiff, if you so find, constituted unreasonable and excessive force that would render the defendants liable.

91.     The question before you is whether the actions of the defendant Police Officers on the date of this incident and thereafter were objectively reasonable, meaning what a reasonably prudent Police Officer would have done under similar conditions in light of the facts and circumstances confronting the officer. You are to make this determination without regard to the Police officers' underlying subjective intent or motivation. That means that "evil intentions" will not be considered excessive force if the force used was in fact reasonable. On the other hand, an officer's good intentions will not make the use of excessive force constitutional. The reasonableness of a particular use of force must be judged from the perspective of a reasonable Police Officer on the scene, rather than with the 20/20 vision of hindsight. In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including the severity of the offenses at issue, whether the plaintiff posed an immediate threat to the safety of the Police Officers or others, and whether the plaintiff was actively resisting arrest at the time the alleged excessive force was applied.

## STATE  LAW  BATTERY CLAIM

92.     Mr. Besedin has also brought claims of battery against defendants Mantovani and Beckwith.

93.     One who in  an offensive manner touches the person of another, without his consent and with the intention of causing offensive bodily contact to such other person, commits a battery and is liable for all damages resulting from his/her act (Authority:  NYJPI 3:3).

94.     Mr. Besedin claims that defendants Mantovani and Beckwith committed a battery when they wrongfully put their hands around Plaintiff's neck and threw him down the stairs, before placing a knee in his back prior to placing him in handcuffs on February 7, 2017. In this regard, I instruct you that a battery can occur even if the contact is slight (Authority: *Johnson v. Suffolk Co. Sheriff Dep't*, 245 A.D.2d 340, 341 (2d Dep't 1997)).

95.     Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result.  Further although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result (Authority: NYPJI 3:3).  I emphasize that the intent which is an essential element of the action is intent to make contact, not intent to do injury (Authority: *Willanueva v. Comparetto*, 180 A.D.2d 627, 629 (2d Dep't 1992)).

96.     An offensive contact is one which offends a reasonable sense of personal dignity (Authority: Restatement, Second, Torts § 19).  In sum, if you find that Mantovani and Beckwith were not justified in using force at all, or if the force they used was in excess of the force needed to arrest Mr. Besedin, and that they intended to cause an offensive contact to Mr. Besedin, you will find that they committed a battery (Authority: NYPJI 3:3).

26

**STATE LAW ASSAULT**

97.     PJI 3:2- Assault. This is an action to recover damages for assault. An assault is the intentional placing of another person in apprehension of imminent harmful or offensive contact. A defendant is liable for assault when (he, she) intentionally causes another person to become concerned that the defendant is about to cause a harmful or offensive bodily contact. In order to commit an assault, the defendant must have the real or apparent ability to bring about that harmful or offensive bodily contact. Ordinarily, threatening words without some action are not enough to constitute an assault. There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or offensive bodily contact is about to occur. It is not necessary that there be any contact. Notice that I used the word "intentionally" in defining an assault. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, (he, she) is said to have intended that result. Further, although (he, she) has no desire to bring about the result, if (he, she) does the act knowing, with substantial certainty, that the result will follow, (he, she) is also said to have intended that result.

98.     Mr. Besedin claims that Defendants Mantovani and Beckwith grabbed Mr. Besedin around his neck and threw him down the stairs, and then placed a knee in his back before placing him in handcuffs. The defendants deny that they did so. If you find that the defendants voluntarily grab Mr. Besedin around his neck, voluntarily threw him down the stairs, and voluntarily placed a knee in his back before placing him in handcuffs, and that the defendants intended by doing so to cause the plaintiff to become apprehensive that a (harmful, offensive) bodily contact was about to occur, and did not know with substantial certainty that Plaintiff would become apprehensive or that the defendants had the real or apparent ability to carry out the threat, and that the plaintiff had such

27

apprehension, you will find that the defendant committed an assault. If you find that the defendant did not voluntarily grab Mr. Besedin around his neck and threw him down the stairs, and then placed a knee in his back before placing him in handcuffs, or that although the defendants grabbed Mr. Besedin around his neck and threw him down the stairs, and then placed a knee in his back before placing him in handcuffs, the defendant did not intend to cause the plaintiff to become apprehensive that a (harmful, offensive) bodily contact was about to occur, or that the defendants had neither the real nor apparent ability to carry out the threat, or that the plaintiff did not become apprehensive, you will find that the defendant did not commit an assault . (New York Pattern Jury Instructions, Volume 2, PJI 3:2)(Internal Notes and Footnotes Omitted).

## ABUSE OF PROCESS

99.    For the plaintiff, Robert Besedin, to recover from the named Defendants Mantovani and Beckwith , on his claim of abuse of process, you must find that all of the following have been proved by a preponderance of the evidence:

1. The defendants, Mantovani and Beckwith, filed a felony complaint and misdemeanor information;

2. The defendants, Mantovani and Beckwith, had an ulterior purpose for commencing the criminal process against Mr. Besedin for the ulterior purpose to avoid personal liability for their actions and/or to avoid adverse job consequences in their job employment.

3. The defendants willfully used the criminal process against Mr. Besedin in an improper manner to avoid personal liability for their actions and/or to avoid adverse job consequences in their job employment; and

4. The defendants' action were a cause of Mr. Besedin's damages.

28

100.   If you find that one or more of these statements has not been proved by a preponderance of the evidence, then your verdict must be for the defendant. On the other hand, if you find that all of these statements have been proved, then your verdict must be for the plaintiff.

## STATE LAW ABUSE OF PROCESS

101.   PJI 3:51-Abuse of Process- State Law Claim. In this action the plaintiff seeks damages, which he claims he suffered because of the defendants' improper use of the criminal process. Abuse of process consists of using the criminal process for a purpose other than that which it was designed to accomplish. Defendants Mantovani and Beckwith do not deny that they caused a commencement of the criminal process against Mr. Besedin. However, Defendants Mantovani and Beckwith do deny that the a commencement of the criminal process against Mr. Besedin was used for any purpose other than that for which it is legally intended. For the purpose of deciding plaintiff's right to recover for abuse of process, it does not matter why the defendants Mantovani and Beckwith began the prosecution of Mr. Besedin, whether the defendants were justified in doing so and how the prosecution ended. In order to decide whether or not the Mr. Besedin is entitled to recover for abuse of process, you must compare the purpose for which an arrest and commencement of the legal process is intended with the purpose for which it was in fact used. The arrest involved here is intended to effectuate a criminal charge. If you find that it was used only for that purpose, then even though the arrest put the plaintiff to trouble and expense and even though the prior prosecution was in fact unfounded, your finding will be that the defendant properly used the arrest and commencement of the legal process for its intended purpose and you will find for the defendants. If you find that the defendants Mantovani and Beckwith abused the legal process for the purpose of avoiding personal liability for their actions and/or to avoid adverse job consequences in

29

their job employment, your finding will be that the defendant abused the process by using it to accomplish an improper purpose and you will find for the plaintiff. (New York Pattern Jury Instructions, Volume 2, PJI 3:51)(Internal Notes and Footnotes Omitted).

## RESPONDEAT SUPERIOR

102.     With respect to his state law claim of battery, Mr. Besedin also seeks to hold the County of Nassau responsible for the actions of defendants Mantovani and Beckwith.  An employer is responsible for the act of its employees if the act is in furtherance of the employer's business and is within the scope of the employee's authority.  An act is within the scope of an employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment.  The employer need not have authorized the specific act in question.

103.     Among the factors you may consider in deciding whether Mantovani and Beckwith were acting in the furtherance of the County of Nassau's business and in the scope of their authority, you may include the nature of their work, and whether it was Mantovani and Beckwith's responsibilities to care for the safety and well being of persons in their custody and/or whether they had a responsibility to use force to punish persons in their custody for saying things they did not approve of.  If you find that Mantovani or Beckwith caused injury to Mr. Besedin while acting within the scope of their authority and in furtherance of defendant's business, then defendant County of Nassau is legally responsible for their conduct (Authority: NYPJI 2:235).

104.     I reiterate that even though you find that its employees' acts were reckless or intentional the County of Nassau is nonetheless responsible for Mr. Besedin' damages if you find that one or more if its employees was acting in furtherance of its business and within the scope of

their authority (Authority: NYPJI 2:237).

## **Generally on Damages**[2]

105.    If you find that Mr. Besedin has carried his burden of proving by a preponderance of the evidence that the defendants violated his constitutional rights, then you must consider the amount of damages which will fairly and reasonably compensate Mr. Besedin for those injuries he sustained as a result of the violations of his rights.

106.    The fact that I instruct you on damages should not be considered as an intimation that you should find for Mr. Besedin on his liability claims against any or all of the defendants.  It is for you to decide, based upon the evidence and the law as I have instructed you, whether Mr. Besedin is entitled to recover against them.

107.    Mr. Besedin seeks two types of damages, compensatory and punitive damages.  The terms almost explain themselves.

108.    The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss that resulted from the defendants' violations of Mr. Besedin 's rights.  You may award damages for those injuries that you find Mr. Besedin has proven by a preponderance of the evidence to have been the direct result of culpable conduct by a defendant.

109.    These are known as "compensatory damages."  Compensatory damages seek to make Mr. Besedin  whole--that is, to compensate him for the damage that he has suffered and will continue to suffer.  Compensatory damages may include, for example, damages for physical injuries, pain and suffering, mental anguish, medical and legal expenses.

---

[2]     Except as otherwise indicated, the instructions set forth in this section are adapted from those given by Judge Allyne R. Ross in *Atkins v. City of New York*, 91 CV 2465 (ARR) (E.D.N.Y. January 1995), *rev'd on other grounds*, 143 F.3d 200 (2d Cir. 1995).

110.    In awarding compensatory damages, you must be guided by dispassionate common sense.  Computing damages may be difficult; but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require Mr. Besedin to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  In sum, your award of compensatory damages should reasonably compensate Mr. Besedin  for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained or is reasonably likely to sustain in the future as a direct result of the defendants' culpable conduct.

111.    As I mentioned before, you may also make a separate and additional award of punitive damages.  The decision to award punitive damages rests solely in the jury's discretion.

112.    Punitive damages are awarded to punish defendants for extreme or outrageous conduct, or to deter or prevent defendants, and others like them, from committing such acts in the future.  You may award Mr. Besedin  punitive damages if you find that the acts or omissions of the individual defendants were done maliciously or wantonly.

113.    An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person.  An act or  failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.  Mr. Besedin  has the burden of proving, by a preponderance of the evidence, that any of the individual defendants acted maliciously or wantonly with regard to him rights.

114.    An intent to injure exists when a defendant has a conscious desire to violate federal rights of which he or she is aware, or when he or she has a conscious desire to injure the plaintiff in a manner he or she knows to be unlawful.  A conscious desire to perform the physical acts that

cause the plaintiff's injury, or to fail to undertake certain acts, does not itself establish that a particular defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

115.    If you find by a preponderance of the evidence that any of the individual defendants acted with malicious intent to violate Mr. Besedin 's federal rights or unlawfully injure him, or if you find that any of the individual defendants acted with a callous or reckless disregard of his rights, then you may award punitive damages against any of the particular defendants.  An award of punitive damages is discretionary; if you find that the legal requirements are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

116.    In making your decision whether to award punitive damages against a particular defendant, you should consider the underlying purpose of punitive damages.  Punitive damages are awarded to punish individual defendants for outrageous conduct, or to prevent them and other members of the Nassau County Police Department from engaging in such conduct in the future (Authority: *George v. Wade*, 461 U.S. 30, 45 (1983)).

### Compensatory Damages - Causation[3]

117.    If you find that the plaintiff is entitled to recover against any or all defendants, then you will have to determine the amount of damages that will fairly and reasonably compensate him for those injuries that you find the plaintiff has sustained as a result of any of his claims.  The plaintiff is entitled to recover the total amount of damages that he actually sustained as a direct consequence of the defendants' actions. These are known as compensatory, or actual damages. A plaintiff who prevails is entitled to compensatory damages for physical injury, pain, and suffering,

---

[3] This charge and the following four (4) were given in case of  *Perez v. Slavin,* CV-01-6201 (E.D.N.Y.) by the Hon. Sandra J. Feuerstein.

as well as for emotional distress, fear, personal humiliation, and indignation, and any loss of enjoyment resulting from a shortened life span.

118.    If you decide that the plaintiff sustained actual damages, your award of compensatory damages must encompass only those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you must award compensatory damages only for those injuries that you find the plaintiff has proven to be a proximate result of defendants' conduct in violation of Section 1983.  That is, you may not simply compensate plaintiff for any injury suffered by him; you must compensate plaintiff only for those injuries that are a direct result of defendants' conduct that violated the plaintiff's constitutional rights on which I have instructed you.

119.    Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his constitutional rights. You may, however, compensate the plaintiff to the extent that you find that he was further injured by defendants' violations of his constitutional rights described to you.

120.    Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

121.    There is no claim in this case that the plaintiff sustained any loss of income or other economic loss. So, in calculating compensatory damages, you may not include any amount for such losses.

## **Pain, Suffering, and Emotional Distress**

122.    In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress that you determine to be reasonable compensation in the light of all the evidence in this case. We all know that the nature and degree of pain and mental distress may differ

widely from person to person. Consequently, the law does not try to fix, nor does the law permit, a precise formula by which pain or emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents. Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors. You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate. In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate the plaintiff for the actual pain, suffering, and emotional distress you find that he endured as the direct result of any constitutional deprivation he may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.

**Injury/Pain/Disability/Disfigurement/Loss of Capacity For Enjoyment of Life**

123.    You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that the plaintiff experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain or suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

**Permanent Injuries-Life Expectancy Tables**

124.    If the plaintiff has established that his injuries, if any, are permanent, you must take

that fact into consideration in fixing the amount of compensatory damages. You should take into consideration the period of time that has elapsed from the date of the plaintiff's injury to the present time, and the period of time that the plaintiff can be expected to live. In this connection, I am instructing you that the plaintiff can be expected to live for approximately 8.42[4] more years, according to the most recent life expectancy tables published by the United States government.

125.    Life expectancy tables are, of course, nothing more than statistical averages. They neither assure the span of life that I have given you, nor assure that the span of life will not be greater. The life expectancy figure I have given you is not binding upon you. It may, however, be considered by you together with your own experience, and the evidence you have heard concerning the condition of the plaintiff's health, habits, employment, and activities, in determining what his present life expectancy is.

### No double recovery

126.    I have said that if you return a verdict for the plaintiff, you must award the plaintiff a sum of money as you believe will fairly and justly compensate him for any injury you believe the plaintiff actually sustained as a direct result of a defendant's conduct.  In this case, the plaintiff claims that the defendants violated several of his  federal and state rights.

127.    If you find that a defendant did, in fact, violate more than one of the plaintiff's rights, you must remember in calculating the damages that the plaintiff is entitled to be compensated only for injuries he actually suffered.  Thus, if a defendant violated more than one of the plaintiff's rights,

---

[4] United States Social Security Administration Period Life Table, 2020, as used in the 2023 Trustees Report. https://www.ssa.gov/oact/STATS/table4c6.html

but the resulting injury was no greater than it would have been had a defendant violated only one

of those rights, you should award an amount of compensatory damages no greater than you would

award if the defendant had violated only one of the plaintiff's rights. In sum, you must be careful

in the determination of the proper measure of damages in a federal section 1983 cause of action

when there is a similar pendent state law claim that you do not award double compensation for a

single injury resulting from violation of different rights.

**Punitive Damages - Multiple Defendants**

128. In addition to actual damages, the law permits the jury, under certain circumstances,

to award the injured person punitive damages, in order to punish the wrongdoer for some

extraordinary misconduct, and to serve as an example or warning to the wrongdoer and others not

to engage in that type of conduct in the future. Whether to award punitive damages, in addition to

actual damages, is a matter exclusively within the discretion of you, the jury.

129. If you find from a preponderance of the evidence that the plaintiff is entitled to a

verdict for actual, and you further find that the conduct of defendants Mantovani and Beckwith,

which proximately caused injury or damage to the plaintiff, was maliciously, or wantonly, or

oppressively done, then you may award an amount you unanimously agree to be proper as punitive

damages.

130. An act or a failure to act is "maliciously" done, if prompted or accompanied by ill

will, or spite, or grudge toward the injured person.

131. An act or a failure to act is "wantonly" done, if done in reckless or callous disregard

of, or indifference to, the rights of the injured person.

132. An act or a failure to act is "oppressively" done, if done in a way or manner that

injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness or misfortune of another person.

133.    In this case, there are two (2) individual defendants. You must make the decision whether to award punitive damages and, if so, the amount awarded, as to each individual defendant separately. In this regard there is no joint responsibility.

134.    Punitive damages may be allowed only if you should first unanimously award the plaintiff either actual or nominal damages against the particular defendant. The amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with regard to any party in the case.

135.    It is entirely within your discretion whether or not punitive damages should be awarded. You may decide that even though compensatory or nominal damages have been awarded, you believe that no punitive damages are called for.

136.    There is no objective yardstick for measuring the amount of punitive damages that should be awarded against a particular defendant. You will have to use your own common sense and experience and determine what amount would be appropriate to punish the defendant and to create a deterrent example. The amount of punitive damages should be fair and reasonable and should be proportionate to the need to punish the defendant and to deter him or her and others from like wrongful conduct. You must consider the degree of reprehensibility of the defendant's conduct and the relationship between the amount of punitive damages to the actual harm inflicted on the plaintiff. The amount of punitive damages awarded should not be based on whim or on unrestrained

38

imagination.[5]

<u>**General rules defining your deliberations**</u>

137.    That brings us to the third and closing part of these instructions.

I remind you once again that it is your responsibility to judge the facts in this case from the evidence admitted during the trial and to apply the law as I have given it to you.

138.    Your deliberations should include a rational discussion of the evidence in this case by all of you.

139.    In your deliberations you are entitled to your own opinion but you should exchange views with your fellow jurors and listen carefully to each other.

140.    While you should not hesitate to change your opinion if you are convinced that another opinion is correct, your decision must be your own.

141.    If you wish to have some of the testimony repeated, you may make such request, and you will be brought into the courtroom and the reporter will read those portions you desire to hear. This can be accomplished by giving a note to my courtroom deputy.

142.    If it becomes necessary during your deliberations to communicate with me for any reason, send a note through the deputy.

143.    There shall be no communication with the court except by a writing – a note.  The court will not communicate with any member of the jury on any subject touching on the merits of the case other than by a writing or orally here in open court.

---

[5] Plaintiff reserves the right to amend the proposed request to charge at the conclusion of trial depending upon the evidence submitted to Court, with permission of the Court.

**Discussion of verdict sheet**

144.     Don't reveal to any person, not even to the court, how you stand, numerically or otherwise, on the merits of the case until you have all agreed on your verdict.

145.     Any verdict you reach must be unanimous.

146.     Your oath sums up your duty and that is that you will, without fear or favor to any persons, conscientiously and truly try the issues before you according to the evidence given to you in court.

Dated: Hempstead, New York
            October 4, 2024

THE LAW OFFICES OF
FREDERICK K. BREWINGTON

*Frederick K. Brewington*
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, New York 11550

40