UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERT BESEDIN, SR.,

                       Plaintiff,

      -against-

                                                   18 CV 0819 (NRM) (ST)

COUNTY OF NASSAU, *et al.*,

                       Defendants.
-------------------------------------------------------------X

                **PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER**
                **SUPPORT OF HIS MOTION FOR ATTORNEYS' FEES**
                **AND OTHER DISCRETIONARY COSTS PURSUANT TO 42**
                **U.S.C.§ 1988 AND FED. R. CIV. PROC. 54(d)**

                                      Respectfully submitted,

                                      LAW OFFICES OF FREDERICK K. BREWINGTON
                                      556 Peninsula Boulevard
                                      Hempstead, New York 11550
                                      (516) 489-6959

                                      SCOTT A. KORENBAUM, ESQ.
                                      14 Wall Street, Suite 1603
                                      New York, NY  10005
                                      (212) 587-0018

                                      *Attorneys for Plaintiff*

SCOTT A. KORENBAUM, ESQ.,
FREDERICK K. BREWINGTON, ESQ.,
      of Counsel

Dated: December 30, 2024

Table of Contents

Page

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Preliminary Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      The Time Extended by Counsel and Their Requested
      Hourly Rates Are Reasonable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    With minor exceptions, defendants' objections to
              Mr. Besedin's fee application are without merit. . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    Fees on fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      C.    Instances of legitimate objections lodged by the defendants . . . . . . . . . . . . . . . 8

      D.    Defendants offer no legitimate reason why the
              Court should not award Brewington and Korenbaum
              their requested hourly rates of $600 and $550, respectively,
              for the work they performed on Mr. Besedin's behalf . . . . . . . . . . . . . . . . . . . . 9

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Table of Authorities

Page(s)

Cases:

*Adorno v. Port Auth.*
    685 F. Supp. 2d 507 (S.D.N.Y. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*
    CV 10-2262, 2019 U.S. Dist. LEXIS 102840
    (E.D.N.Y. Jun. 18, 2019), *report and recommendation*
    *adopted*, 2019 U.S. Dist. LEXIS 111538 (E.D.N.Y. Jul. 3, 2019) . . . . . . . . . . . . . . . . 2-3

*County of Riverside v. Rivera*
    477 U.S. 561 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Chen v. County of Suffolk*
    927 F. Supp. 2d 58 (E.D.N.Y. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Claud v. Brown Harris Stevens of The Hamptons, LLC*
    18-cv-01390, 2024 U.S. Dist. LEXIS 12007
    (E.D.N.Y. Jan. 23, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

*Fisher v. SD Prot. Inc.*
    948 F.3d 593 (2d Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Green v. Torres*
    361 F.3d 96 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Greenburger v. Roundtree*
    17-cv-03295, 2020 U.S. Dist. LEXIS 8658
    (S.D.N.Y. Jan. 16, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Heck v. Humphrey*
    512 U.S. 477 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hensley v. Eckerhart*
    461 U.S. 424 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12

*Lilly v. City of New York*
    934 F.3d 222 (2d Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lenihan v. City of New York*
    640 F. Supp. 822 (S.D.N.Y. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Luca v. County of Nassau*
    698 F. Supp. 2d 296 (E.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Luessenhop v. Clinton Cnty.*
    558 F. Supp.2d 247 (N.D.N.Y. 2008),
    aff'd, 324 F. App'x 125 (2d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Montanez v. City of Syracuse*
    2020 U.S. Dist. LEXIS 157224
    (N.D.N.Y. Aug. 31, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Natural Resources Defense Council, Inc. v. Fox*
    129 F. Supp. 2d 666 (S.D.N.Y. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*New York State Ass'n for Retarded Children v. Carey*
    711 F.2d 1136 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Norman v. Housing Auth.*
    836 F.2d 1292 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Reed v. A.W. Lawrence & Co.*
    95 F.3d 1170 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*Rodriguez ex rel. Kelly v. McLoughlin*
    84 F. Supp. 2d 417 (S.D.N.Y. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rosario v. City of New York*
    18 Civ. 4023, 2023 U.S. Dist. LEXIS 43952
    (S.D.N.Y. Mar. 15, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Townsend v. Benjamin Enters., Inc.*
    679 F.3d 41 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States Football League v. National Football League*
    704 F. Supp. 474 (S.D.N.Y.), *aff'd*,
    887 F.2d 408 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statutes and Other Authority:

Fed. R. Civ. Proc. 54(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. 1988(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

**PRELIMINARY STATEMENT**

Reading the defendants' opposition papers, one would never know that Robert Besedin, Sr. obtained a remarkable result at trial in which the jury awarded him $760,000 in compensatory damages and $1,600,000 in punitive damages. One would never know that the primary reason he obtained that result was due to the efforts of Frederick K. Brewington, Esq., one of, if not the premier civil rights attorney in New York.[1] And one would never know that Mr. Brewington was assisted by an able staff that permitted him to focus his attention on the issues that mattered most throughout the litigation.

Mr. Besedin submits this memorandum of law in further support of his motion for costs and reasonable attorneys' fees. He directs the Court's attention to the Declaration of Frederick K. Brewington in Further Support of Plaintiff's Motion for Attorneys' Fees and Other Discretionary Costs Pursuant to 42 U.S.C.§ 1988 and Fed. R. Civ. Proc. 54(d) ("Brewington Reply Dec."), dated December 30, 2024, and the Declaration of Scott A. Korenbaum in Further Support of Plaintiff's Motion for Attorneys' Fees and Other Discretionary Costs Pursuant to 42 U.S.C.§ 1988 and Fed. R. Civ. Proc. 54(d) ("Korenbaum Reply Dec."), dated December 30, 2024, for a complete statement of facts relevant to the legal and factual arguments raised by the defendants.

---

[1] Brewington's credentials were provided in Mr. Besedin's moving papers. The Court will recall that Brewington was awarded the Haywood Burns Memorial Award in 2017 by the New York State Bar Association.

## ARGUMENT

### THE TIME EXTENDED BY COUNSEL AND THEIR REQUESTED HOURLY RATES ARE REASONABLE

Defendants raise a host of objections to the time records maintained by Brewington.[2] With few exceptions, the Court should reject their contentions.

**A.   With minor exceptions, defendants' objections to Mr. Besedin's fee application are without merit**

Defendants raise a host of objections to the time records submitted by Brewington in support of Mr. Besedin's request for his costs and reasonable attorneys' fees. They object that a number of attorneys were staffed on tasks they claim should have been performed by one attorney. They note, for example, that Brewington and Julissa Proano, Esq. prepared Mr. Besedin for his 50-h hearing, and that Messrs. Powell and Shamel attended Beckwith's deposition that Brewington conducted. Defs. Memo at 7. They raise similar objections to Brewington using multiple attorneys in connection with the role of expert witness testimony (Defs. Memo at 6), and in responding to defendants' motions *in limine*. Defs. Memo at 7.

Contrary to defendants' contention, there is nothing improper about multiple attorneys attending a deposition or preparing a party for a hearing. *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) ("prevailing parties are not barred as a matter of law from receiving fees for sending a second attorney to depositions or an extra lawyer into court to observe and assist."). As Magistrate Judge Shields has aptly noted, "[w]hile it is certainly true that a single attorney can conduct a deposition, it is neither excessive nor out of the

---

[2] Again, Mr. Besedin's references to Brewington include Frederick K. Brewington and the associates and staff from the Law Offices of Frederick K. Brewington who worked on this matter.

ordinary to have two attorneys (typically one senior and one junior) attend a deposition. It is often the case that the presence of a second attorney facilitates the swift flow of a deposition by helping to prepare and provide exhibits." *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, CV 10-2262, 2019 U.S. Dist. LEXIS 102840, *37-38 (E.D.N.Y. Jun. 18, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 111538 (E.D.N.Y. Jul. 3, 2019). *See Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir. 1988) ("[t]here is nothing inherently unreasonable about a client having multiple attorneys.").

Ms. Proano's presence was of great assistance to Brewington and Mr. Besedin as she examined Mr. Besedin as if she were counsel for the County. This allowed Brewington to assess the strengths and weaknesses of Mr. Besedin's presentation, which was of great concern to Plaintiff's counsel given his mental limitations. Brewington Reply Dec. at ¶¶ 2-3.

Regarding Messrs. Powell's and Manuel's attendance at Beckwith's deposition, their presence assisted Brewington in evaluating this witness' potential presentation for trial. They also assisted Mr. Brewington in proposing additional questions at the deposition, and in evaluating potential false or conflicting testimony as it was occurring. Their input served Brewington well (and thus Mr. Besedin) in shaping the examination of him at trial, and in the denial in large measure of defendants' motion for summary judgment. Both attorneys' presence was also required as Mr. Powell was not available to attend the entire deposition due to other commitments, which is reflected in their respective time entries for the event. Brewington Reply Dec. at ¶ 4.

Defendants also object that the Law Offices seeks to recover time relating to work allegedly performed on motions *in limine* filed by Mr. Besedin. Defs. Memo at 7. Mr. Besedin does not. As Brewington explains, these entries were the result of work done in opposing defendants' motions.

They mistakenly got labeled based on the entry of a code in the firm's billing system that was entered for work on an affirmative *in limine* motion and a response to an *in limine* motion under the same numerical code. Brewington Reply Dec. at ¶ 11.

Defendants also object to a number of time entries on the ground they consist of block billing. Defs. Memo at 8-9. They offer two examples. One is Ms. Sconiers "bill[ing] for 'trial preparation/reviewing exhibits/trial binders' *six* times for a total of 33 hours between October 3, 2024, and October 16, 2024[;]" the other is Mr. Powell's entries for "trial prep." Defs. Memo at 8-9. There is nothing inherently wrong with block billing. What matters is the district court's ability to assess whether the work performed was reasonable under the circumstances. *Adorno v. Port Auth.*, 685 F. Supp. 2d 507, 515 (S.D.N.Y. 2010) ("While block-billing is disfavored and may lack the specificity for an award of attorneys' fees, it is not prohibited as long as the court can determine the reasonableness of the work performed.") (quotations omitted).

Here, the Court can readily discern the work Ms. Sconiers and Mr. Powell performed. Ms. Sconiers' entries related to, among other things, the preparation of six trial books required by the Court. Mr. Powell, as the Court will recall, was Brewington's co-counsel at trial. Brewington Reply Dec. at ¶¶ 13-14. There is nothing improper about spending 28 hours on trial preparation two weeks before the start of trial.

Defendants also complain about an allegedly "high number of hours billed for inter-office communications." Defs. Memo at 9-10. While courts recognize that billings for "internal communications" may pose a problem, defendants provide no examples of the same. And a review of the time sheets reflect no charges for "inter-office communications." Brewington Reply Dec. at ¶ 16.

Defendants contend that a number of categories of work performed on Mr. Besedin's behalf represent non-recoverable work. For example, they contend that Mr. Besedin cannot recover work relating to media relations is not recoverable. Defs. Memo at 11. They are incorrect. *See*, *e.g.*, *Rodriguez ex rel. Kelly v. McLoughlin*, 84 F. Supp. 2d 417, 425 n.7 (S.D.N.Y. 1999) ("informing the public about court proceedings is often necessary to fully vindicate the public interest implicated by the case") (citing *United States Football League v. National Football League*, 704 F. Supp. 474, 482 (S.D.N.Y.), *aff'd*, 887 F.2d 408 (2d Cir. 1989)). As the *United States Football League* Court noted, "The substantial public interest in this case required counsel to deal extensively with the media. The nature of the lawsuit necessitated this activity; the comparatively few hours spent on required media relations are fully compensable." 704 F. Supp. at 482.

If substantial public interest in a matter involving antitrust claims permits recovery for fees relating to dealings with the media, it follows they are recoverable here. One of the key roles of a civil rights attorney in a case such as this was best articulated by Charles Hamilton Houston,[3] who famously said that "a lawyer is either a social engineer or he's a parasite on society." The use of the media to educate the community about what happened to Mr. Besedin is an important tool used to actively create positive social change and bring about accountability.

Defendants also contend that work associated with Mr. Besedin's criminal defense is not recoverable. Defs. Memo at 11-12. Brewington does not seek compensation for the time he spent defending Mr. Besedin in criminal court. As the Court knows, Lloyd Nadel, Esq. represented Mr. Besedin. Rather, he seeks to recover for the time spent meeting with the District Attorney's Office

---

[3] https://naacp.org/find-resources/history-explained/civil-rights-leaders/charles-hamilton-houston; https://legacyofslavery.harvard.edu/alumni/charles-hamilton-houston

in an attempt to persuade him to dismiss the criminal charges. This work was necessary because a successful dismissal of the charges was an important step for initiating this action with respect to all of Mr. Besedin's claims except for those sounding in excessive force. *See Heck v. Humphrey*, 512 U.S. 477 (1994). For these reasons, the cases defendants cite (Defs. Memo at 11-12) are inapposite because they involve the plaintiffs' attempts to recover for the work performed by their criminal defense attorneys – *Lenihan v. City of New York*, 640 F. Supp. 822 (S.D.N.Y. 1986), did not involve an action brought pursuant to Section 1983. Even if the Court disagrees, Brewington can still recover for the legal research on criminal issues as that work was necessarily intertwined with the issues relating to probable cause.

Defendants contend that Mr. Besedin's fee request should be reduced because he did not prevail on a number of claims. Defs. Memo at 12-13. Defendants are completely wet when they contend that the fee application should be reduced because "the jury returned a defense verdict on the claims of false arrest and assault." Defs. Memo at 13. They ignore that where, as was the case here, "a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. . . . Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

The Second Circuit has made clear that where "successful and unsuccessful claims are 'inextricably intertwined' and 'involve a common core of facts or [are] based on related legal

-6-

theories,'" the district court may award the entire fee. *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996) (citations omitted). "[C]laims can be intertwined based on common facts as well as common legal theories." *Green v. Torres*, 361 F.3d 96, 98 n.2 (2d Cir. 2004). As a general matter, "such unrelated claims are unlikely to arise with great frequency." *Chen v. County of Suffolk*, 927 F. Supp. 2d 58, 74 (E.D.N.Y. 2013) (quoting *Hensley*, 461 U.S. at 435).

The Court knows that Mr. Besedin's claims sounding in false arrest, assault, battery, excessive force, malicious prosecution and malicious abuse of process all arose out of the interaction between Mr. Besedin, Beckwith and Mantovani on February 7, 2017. While it is correct that a number of claims were dismissed voluntarily, these claims did not lead to any additional work. The same holds true for the due process and negligence claims that were dismissed on summary judgment. Brewington Reply Dec. at ¶ 18. Regarding *Monell*, the Complaint alleged the County engaged in a practice of not asking, investigating and disciplining its officers. This theory, and the facts underlying it, were relevant to Mr. Besedin's malicious prosecution claim; and Beckwith's and Mantovani's deliberately indifferent attitude about their actions supported punitive damages. See Brewington Declaration ¶¶ 18-19. Simply put, there is no reason to reduce Mr. Besedin's fees for lack of degree of success.

Defendants also seek to reduce the fee award because of work performed by "both support staff and attorneys for clerical task such as mailing, collating, and bates-stamping documents, leaving voicemail messages, and electronically filing documents." Defs. Memo at 14. Neither *Greenburger v. Roundtree*, 17-cv-03295, 2020 U.S. Dist. LEXIS 8658 (S.D.N.Y. Jan. 16, 2020), nor *Lilly v. City of New York*, 934 F.3d 222 (2d Cir. 2019), stand for the cited proposition. Rather, these cases stand for the non-controversial proposition that attorneys should not be able to bill at full hourly rates for

work that could otherwise be billed by paralegals or clerical staff. A review of the challenged time reflects work performed primarily by paralegals or clerical staff. Declaration of Kiera J. Meehan, dated December 2, 2024, at Exh. A, pp. 3-4, 7-8, 11-12, 32-33.

**B. Fees on fees.**

Defendants contend that the amount of fees sought in connection with this fee application (fees on fees) are excessive. Mr. Besedin demonstrated in his moving papers that the 33 hours his attorneys spent on the fee application were not excessive. Plaintiff's Opening Memo at 18-19. Even after including the additional 14.9 hours incurred by Korenbaum and the additional 8.6 hours incurred by Brewington in connection with these reply papers, the hours incurred by Mr. Besedin's counsel are still reasonable. In *Natural Resources Defense Council, Inc. v. Fox*, 129 F. Supp. 2d 666, 675 (S.D.N.Y. 2001), the district court compensated plaintiff's counsel for 124.65 hours they spent on their fee application. In *Montanez v. City of Syracuse*, 2020 U.S. Dist. LEXIS 157224, *31-32 (N.D.N.Y. Aug. 31, 2020), the district court approved "66.8 attorney hours and 44.7 paralegal hours" for work performed on the fee application.[4]

**C. Instances of legitimate objections lodged by the defendants.**

Defendants lodge three legitimate objections. First, they correctly note that travel time is only compensable at 50% of an attorneys' hourly rate. Defs. Memo at 10. Brewington's travel time totals 42.3 hours. At $600/hr., this totals $25,380. Fifty per cent is $12,690, which Brewington will

---

[4] For these reasons, defendants' reliance upon *Luessenhop v. Clinton Cnty.*, 558 F. Supp.2d 247 (N.D.N.Y. 2008), *aff'd*, 324 F. App'x 125 (2d Cir. 2009), is misplaced. In *Luessenhop*, the district court reduced plaintiff's hours for work performed on the fee application from 62, which included 52 hours for the initial application, to 30. In doing so, the district court expressed its dismay over the fact that the same attorney had submitted a recent fee application in which he claimed 15 hours for legal research and drafting the initial fee application. *Id.* at 270-71. Here, no such concerns exist.

deduct from Mr. Besedin's application. Brewington Reply Dec. at ¶ 21.

Next, they are correct that Leah Jackson, Esq., and not Mr. Manuel, defended the deposition of Ms. Judith Besedin. Defs. Memo at 10. The mistake was a keystroke entry error made by our billing staff making the entry. The data entry dropbox, which is sensitive to first letters typed got an "M" typed in instead of a "J" and went to Mr. Manuel profile instead of Ms. Jackson. As Ms. Jackson's hourly rate was $50 less than Mr. Manuel's, and as defendants do not question the amount of time spent defending the deposition (6.5 hrs.), this requires an additional deduction of $325. Brewington Reply Dec. at ¶ 22.

Finally, defendants correctly note that Mr. Besedin is not entitled to recover the costs relating to Dr. Berrill. Defs. Memo at 13-14. The Firm will deduct $9,000 from the amount of costs sought by Mr. Besedin. Brewington Reply Dec. at ¶ 23.

**D.  Defendants offer no legitimate reason why the Court should not award Brewington and Korenbaum their requested hourly rates of $600 and $550, respectively, for the work they performed on Mr. Besedin's behalf.**

Mr. Besedin demonstrated in his moving papers that the Court should award him fees for the work Brewington performed on his behalf at the hourly rate of $600. Opening Memo at 6-11. Defendants counter that an hourly rate of $450 is appropriate. None of their justifications have merit.

Defendants contend that "the verdict rendered by the jury . . . was not a complete victory for Plaintiff, as the jury rejected the claims of false arrest, assault, and further found Defendant Beckwith did not employ excessive force." Relatedly, they argue "while this case surely required hours of work, it cannot be identified as uniquely complex or difficult, a fact bolstered by the relatively short duration of trial." Defs. Memo at 15 (citation omitted). Defendants ignore that Mr. Besedin

prevailed on his primary claims of excessive force, malicious prosecution and malicious abuse of process; and they do not and cannot challenge that the jury's verdict represented outstanding success.

Defendants contention that this was not a complex case is, to put it mildly, hypocritical. Defendants fought this case tooth and nail. Their argument also ignores the challenges posed by Mr. Besedin's pre-existing injuries. Brewington successfully fended off a *Daubert* challenge. Brewington's talents were on full display in convincing the jury to award $760,000 in compensatory damages given the defendants' expert testimony, which if the jury credited would have substantially reduced the value of Mr. Besedin's damages. The Court knows well the effectiveness of Brewington's cross-examination of Dr. Myers, the defendants' expert witness.

Defendants also contend that "smaller civil rights firms are not 'comparable to large Manhattan firms employing hundreds of lawyers.'" Defs. Memo at 15 (citations omitted). Mr. Besedin demonstrated in his opening papers that such an argument flies in the face of Congress' intent in passing Section 1988. Opening Memo at 5-6 (quoting *County of Riverside v. Rivera*, 477 U.S. 561, 575 (1986)). Relying on its own knowledge of market rates, *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012), the Court knows that $600/hr. is well-below the hourly rate of mid-level associates at large law firms. And if this case were brought in the Southern District of New York, Mr. Brewington could command an hourly rate of upwards of $900. *See Rosario v. City of New York*, 18 Civ. 4023, 2023 U.S. Dist. LEXIS 43952 (S.D.N.Y. Mar. 15, 2023) (awarding Nick Brustin, Esq., a fabulous attorney with substantially less experience than Brewington, an hourly rate of $900). Moore Dec. at ¶¶ 8, 15, 25.

In *Claud v. Brown Harris Stevens of The Hamptons, LLC*, 18-cv-01390, 2024 U.S. Dist. LEXIS 12007 (E.D.N.Y. Jan. 23, 2024), this Court awarded Oliver Koppell, Esq. an hourly rate of

-10-

$550 for the work he performed on his client's behalf. In awarding Koppell this rate, the Court noted the trend in this district to compensate justly experienced civil rights attorneys. Defendants have no answer to *Claud*. If Mr. Koppell warranted an hourly rate of $550, Brewington warrants an hourly rate of $600.

Mr. Besedin also demonstrated in his moving papers that the Court should award him fees for the work Korenbaum performed on his behalf at the hourly rate of $550. Opening Memo at 12. Defendants do not challenge Korenbaum's credentials. They claim that "Korenbaum's billing records suggest he was not retained to meaningfully prosecute Plaintiff's action, but to assist Mr. Bewington with" the fee application. Defs. Memo at 14. While acknowledging Korenbaum is a seasoned attorney who undoubtedly brings value to the action, they claim "his role in this case was similar to that of a senior associate or trial consultant, not a partner or the principal of his own firm." Defs. Memo at 14-15 (citing *Claud*, 2024 U.S. Dist. LEXIS 12007, *13).

Defendants' justification for reducing Korenbaum's hourly rate does not hold water. Contrary to their view, Brewington, as he had done myriad times in the past, requested that Korenbaum assist him with the legal issues that arose during the trial, and handle all matters relating to post-trial motion practice. This included handling this fee application and drafting Mr. Besedin's papers filed in opposition to the defendants' post-trial motions. Korenbaum Reply Dec. at ¶¶ 5-7. Here, as in *Luca v. County of Nassau*, 698 F. Supp.2d 296 (E.D.N.Y. 2010), he "*functioned as a partner, not a senior associate.*" *Id.* at 305 (emphasis added).

Finally, defendants raise no challenges to the requested hourly rates of Brewington's associates and staff. The Court should approve them for the reasons articulated in Mr. Besedin's opening motion papers.

-11-

## **CONCLUSION**

The most significant factor in determining reasonable attorneys' fees is the plaintiff's degree of success. *Hensley*, 461 U.S. at 435; *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606-07 (2d Cir. 2020). Here, Brewington achieved an extraordinary result on behalf of Mr. Besedin with the jury awarding $2,360,000 in compensatory and punitive damages. Mr. Besedin's attorneys should be justly compensated in the total amount of $434,657.52, broken down as follows:

a. Attorneys' fees of the Law Offices of Frederick K. Brewington in the amount of $365,445.50 for the work performed through the initial fee application;

b. an additional $9,355.00 for the work performed by the Law Offices of Frederick K. Brewington through these reply papers;

c. Attorney's fees of Scott A. Korenbaum, Esq. in the amount of $50,875, representing $12,650 for the work performed through the initial fee application, $30,030 for the work performed opposing defendants' post-trial motions, plus an additional $8,195 for the work performed through these reply papers;

d. Expenses in the amount of $8,982.02 ($17,960.52 - $9,000 + $21.50); and

     e.  such other and further relief as is just and proper, including a hearing to address the reasonableness of the requests for costs and fees.

Dated:  New York, New York
          December 30, 2024

                                      Respectfully submitted,

                                      */s/ Scott A. Korenbaum*

                                    LAW OFFICES OF FREDERICK K. BREWINGTON
                                    556 Peninsula Boulevard
                                    Hempstead, New York 11550
                                    (516) 489-6959

                                    SCOTT A. KORENBAUM, ESQ.
                                    14 Wall Street, Suite 1603
                                    New York, NY  10005
                                    (212) 587-0018

                                    *Attorneys for Plaintiff*

SCOTT A. KORENBAUM, ESQ.,
FREDERICK K. BREWINGTON, ESQ.,
     of Counsel